UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MONTGOMERY BLAIR SIBLEY,

                        Plaintiff,                  Case # 19-CV-6517 FPG
                                                        DECISION AND ORDER

v.

CHAUNCEY J. WATCHES, solely in his
official capacity as a New York Consolidated
Laws, Penal Law 265.00 (10) Licensing
Officer; ANDREW MARK CUOMO, solely
in his official capacity as the Chief
Administrative Officer of the State of New
York, JAMES L. ALLARD, solely in his
official capacity as Sheriff of Steuben
County, New York; BROOKS BAKER,
solely in his official capacity as District
Attorney of Steuben County; and KEITH M.
CORLETT, solely in his official capacity as
Superintendent of the New York State Police;

                        Defendants.

---

## INTRODUCTION

*Pro se* Plaintiff Montgomery Blair Sibley brings this action challenging the constitutionality of New York State Penal Law Articles 265 and 400, New York's handgun licensing laws. Now before the Court is Plaintiff's motion for a preliminary injunction to enjoin a hearing scheduled before Defendant Chauncy J. Watches, a New York handgun licensing officer, on January 10, 2020. ECF No. 23. For the reasons stated below, Plaintiff's motion is DENIED.

## BACKGROUND

The following facts are taken from the Amended Complaint. ECF No. 18. In November 2017, Plaintiff moved to New York and brought two handguns and a cane sword with him. In

1

April 2018, Plaintiff applied for a "carry concealed" handgun license in Steuben County.[1] The application triggered an investigation including a series of background checks and an in-person interview with a Steuben County Sheriff's Deputy. Following the interview, the Deputy told Plaintiff that possessing his handguns in his home without a license was illegal under New York Penal Law § 265.01 and advised Plaintiff to get rid of them pending the application process.

In May 2019, Defendant Watches denied Plaintiff's application. The denial letter stated that "the decision [was] based upon concerns expressed in the Sheriff's investigation," specifically "concerns about your being sufficiently responsible to possess and care for a pistol" and concerns "that your history demonstrates that you place your own interest above the interests of society." ECF No. 18 at 20. The letter advised Plaintiff that he had the right to request a hearing at which he could testify and present witnesses. *Id.*

In June 2019, Plaintiff requested hearing. He also requested copies of all reports and communications Defendant Watches received in the course of the investigation and copies of any legal or educational authorities he used to guide his decision to deny Plaintiff's application. *Id.* at 21. Defendant Watches set a hearing for July 31, 2019 but denied Plaintiff's document requests as lacking a legal basis. *Id.* at 22.

According to an October 2019 letter from Defendant Watches to Plaintiff, the hearing was re-set for January 10, 2020. *Id.* at 23. The letter also notified Plaintiff of several issues that would

---

[1] "New York regulates handguns primarily through Articles 265 and 400 of the Penal Law. Article 265 creates a general ban on handgun possession." *Bach v. Pataki*, 408 F.3d 75, 78 (2d Cir. 2005) (citing NY Penal Law § 265.01(1), 265.02(4)). There are exemptions to this general ban, including, as relevant here, an exemption for possession by persons who obtain a license under NY Penal Law § 400.00 or § 400.01 *Id.* (citing NY Penal Law § 265.20a.3.). "Article 400 of the Penal Law is the exclusive statutory mechanism for the licensing of firearms in New York State." It limits licenses to "persons over twenty-one, of good moral character, without a history of crime or mental illness, and 'concerning whom no good cause exists for the denial of the license." *Id.* at 78-79 (citing N.Y. Penal Law § 400.00(1)). There are several types of pistol/revolver (handgun) licenses, including those to possess in the home, to possess or carry during employment, and to carry concealed in general. *Id.* at 79. The licensing process is administered locally, and the licensing officers are, as here, often local judges. *Id.*

be addressed at the hearing. *Id.* In November 2019, Plaintiff responded that Defendant Watches's letter provided insufficient notice to allow Plaintiff to prepare for the hearing and again requested documents. *Id.* at 24.

In the meantime, in July 2019, Plaintiff brought this action in this Court challenging the constitutionality of NY Penal Law Articles 265 and 400. His five claims can be summarized as follows.

In his first and second claims, Plaintiff challenges NY Penal Law § 265.01, which criminalizes the possession of handguns, including in the home. Although Plaintiff applied for a "carry concealed" license and not a license for household possession, Plaintiff claims that possessing a handgun in the home is a fundamental right and that any law requiring a license to do so is unconstitutional. In other words, he asserts that he should not have to obtain a license *at all* to possess handguns in his home, and thus, the Steuben County Sheriff's Deputy's directive to get rid of his handguns violated his Second Amendment rights

In his third and fourth claims, Plaintiff challenges NY Penal Law § 400.00, the statutory mechanism for the licensing of firearms in New York.

His third claim alleges that § 400.00(1) is unconstitutional on its face and as applied because it allows arbitrary and discriminatory denial of licenses and was discriminatorily applied against him based on his viewpoints. He thus alleges that § 400.00(1) violates his First and Fourteenth Amendment free speech, due process, and equal protection rights.

His fourth claim challenges the step-by-step process of Article 400. Plaintiff alleges that Defendant Watches obtained *ex parte* evidence from Plaintiff's employer and refused to disclose it to him; that he denied Plaintiff's application before allowing him to be heard; that he failed to articulate the basis for the denial; and that he denied the application after the six-month time limit

3

for processing the application. ECF No. 18 at 12. Plaintiff also alleges that Article 400 improperly contemplates an evidentiary hearing at which no statutory procedure is established; the NY Administrative Procedure Act is ignored; applicants are not permitted to subpoena witnesses or documents; and the licensing officer improperly functions as both a witness and presider. ECF No. 18 at 13. Thus, Plaintiff argues that Article 400 violates his Fifth and Fourteenth Amendment constitutional rights, his state constitutional rights, and New York's administrative law.

Finally, in his fifth claim, Plaintiff seeks a judicial declaration that an Article 78 proceeding would be "meaningless" and would violate his federal and state constitutional rights. *Id.* at 14-5.

On December 17, 2019, Plaintiff filed the instant motion for a preliminary injunction to stop Defendant Watches from proceeding with the January 10, 2020 hearing until he satisfies certain "requirements of procedural due process." ECF No. 23 at 11. Specifically, Plaintiff wants Defendant Watches to disclose all the materials and communications he received during the investigation of Plaintiff, disclose any authority or guidance materials that he used to process Plaintiff's application, provide Plaintiff with subpoenas for the hearing, and recuse himself from presiding over the hearing upon notice that Plaintiff intends to call him as a witness.

## ANALYSIS

In order to obtain a preliminary injunction, Plaintiff must show a likelihood of success on the merits of his claims. *Napolitano v. Ryder*, No. CV 18-3607 (SJF) (AKT), 2019 U.S. Dist. LEXIS 14864, at *16 (E.D.N.Y. Jan. 30, 2019). Here, Plaintiff's request for an injunction attacks the Article 400 licensing proceedings, the subject of his fourth claim. Because he is not likely to succeed on the merits of his claim that Article 400's licensing process violates his due process rights, his motion for a preliminary injunction is DENIED.

A procedural due process claim has two elements: "(1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012). "The Fourteenth Amendment's guarantee of 'due process of law' is applicable only where a state deprives an individual of a constitutionally protected 'liberty' or 'property' interest. If no such interest is implicated, then no process is due the afflicted individual." *CNP Mech., Inc. v. Alund*, No. 04-CV-6593, 2007 U.S. Dist. LEXIS 84637, at *18-19 (W.D.N.Y. Nov. 15, 2007) (citing *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972)).

"Courts within this Circuit have held that because a New York State government official's issuance of a pistol permit is a discretionary act, an individual has no property interest in holding such a permit." *El ex rel. Letite v. DeProspo*, No. 1:19-CV-8426 (CM), 2019 U.S. Dist. LEXIS 204672, at *9 (S.D.N.Y. Nov. 22, 2019); *see also Corbett v. City of New York*, 2019 U.S. Dist. LEXIS 100657, at *18 (S.D.N.Y. June 17, 2019) (holding that no process was due for plaintiff's application for a "business carry" license because he had no protected interest); *Toussaint v. City of New York*, No. 17-CV-5576 (NGG) (VMS), 2018 U.S. Dist. LEXIS 152985, at *16-17 (E.D.N.Y. Sep. 6, 2018) (dismissing plaintiff's claim that defendant's failure to explain in sufficient detail why he denied plaintiff's handgun license application violated his Fourteenth Amendment due process rights). Thus, "because Plaintiff does not have a protectable interest in obtaining a handgun license, his Fourteenth Amendment procedural due process claim is unlikely to be successful." *Napolitano v. Ryder*, No. CV 18-3607 (SJF) (AKT), 2019 U.S. Dist. LEXIS 14864, at *25 (E.D.N.Y. Jan. 30, 2019).

"Even if Plaintiff had a property interest in holding such a firearms license, he cannot assert that his right to procedural due process was violated if state law provides an adequate remedy for

the deprivation of that interest." *El ex rel. Letite v. DeProspo*, No. 1:19-CV-8426 (CM), 2019 U.S. Dist. LEXIS 204672, at *10 (S.D.N.Y. Nov. 22, 2019). Despite Plaintiff's claim that an Article 78 proceeding would be meaningless, "[c]ourts have held that a proceeding under Article 78 of the New York Civil Practice Law and Rules is an adequate remedy to challenge decisions with respect to firearms licenses." *Id.*; *see also Corbett*, 2019 U.S. Dist. LEXIS 100657, at *20 n.3 (S.D.N.Y. June 17, 2019).

## CONCLUSION

For the reasons stated, Plaintiff's motion for preliminary injunction (ECF No. 23) is DENIED.

IT IS SO ORDERED.

Dated: January 3, 2020
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court