IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Montgomery Blair Sibley, | Case No.: 6:19-cv-06517-FPG |
| Plaintiff, | SIBLEY'S RESPONSE TO THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BY DEFENDANTS GOVERNOR AND SUPERINTENDENT OF THE STATE POLICE |
| vs. | |
| Chauncey J. Watches, *et al.*, | |
| Defendants. | |

Plaintiff, Montgomery Blair Sibley ("Sibley"), responds to the Motion to Dismiss the First Amended Verified Complaint of Defendants His Excellency Andrew Mark Cuomo ("Governor") and of the Superintendent of the State Police Keith M. Corlett ("Superintendent"), and states as follows:

LEGAL ARGUMENT

I.  SIBLEY HAS STANDING

As the Governor and Superintendent raise the <u>identical</u> argument regarding Sibley's "standing" as raised by Defendant Chauncey J. Watches, Sibley incorporates by reference here the arguments previously raised by Sibley in response thereto and in his contemporaneously filed Memorandum of Law in Support of Motion for Partial Summary Judgment.

In addition Sibley maintains that the citations of the Governor and Superintendent to *United States v. Decastro*, 682 F.3d 160,164 (2nd Cir. 2012) and *Libertarian Party v. Cuomo*, 300 F. Supp. 3d 424 (U.S. Dist. Ct., W.D.N.Y., 2018) are inapposite. As to *Decastro*, the Circuit Court initially determined that the plaintiff: "failed to apply for a gun license in New York, he

1

lacks standing to challenge the licensing laws of the state." *Id.* at 164. Here, Sibley clearly <u>has</u> applied for his handgun licence. The argument by the Governor and Superintendent that Sibley has not applied for a "home possession" license <u>misses</u> the mark of Sibley's First Claim and <u>ignores</u> his Third, Fourth and Fifth claims each of which give Sibley's standing as they challenge <u>not</u> just "at home" possession but the entire procedural and substantive framework New York employs when exercising its "police power" to disqualify handgun and cane sword possession.

Moreover, as recognized in *Decastro*: "Failure to apply for a license would not preclude Decastro's challenge if he made a 'substantial showing' that submitting an application "would have been futile." *Id.* at 164. Again, Sibley meets this criteria as his exhaustive recitation of the "futile" effort to obtain a handgun licence demonstrates.

Likewise, *Libertarian Party* is incongruous as there the court found: "Mongielo does not have standing to challenge NYS's firearms licensing laws when he has an unrestricted NYS firearms license." *Id.* at 435. Sibley here has <u>no</u> such license.

As such, Sibley clearly has "standing" to pursue his claims in this Court.

## II.   ABSTENTION WOULD BE ABDICATION

As the Governor and Superintendent raise the <u>identical</u> argument requesting "absention" as raised by Defendant Chauncey J. Watches, Sibley incorporates by reference here the arguments previously raised by Sibley in response thereto and in his contemporaneously filed Memorandum of Law in Support of Motion for Partial Summary Judgment.

III. PLAINTIFF HAS STATED A CAUSE OF ACTION IN THE FIRST CLAIM

In his First Claim, Sibley sought a declaratory decree that: "N.Y. Penal Law §265.01(1) violates Sibley's Fundamental and Second Amendment right to possess handguns held and used for self-defense in his home and Sibley's Fundamental and Second Amendment right to possess a cane sword both in his home and in public." (First Amended Verified Complaint ("FAVC"), p. 9). In response, the Governor and Superintendent argue that §265.01(1): "the section of the law which prohibits the possession of a handgun without a permit, is constitutional" citing three cases. (Governor and Superintendent Memo, p. 8)

First cited is *Toussaint v. City of New York*, 2018 U.S. Dist. LEXlS 152985 (E.D.N.Y. Sept. 7, 2018), for the claim that §265.01(1) is constitutional. Yet, *Toussaint* involved an application to: "carry license that would have allowed him to publicly use a firearm in connection with his employment at Brinks." *Id*. at 13. Here, Sibley's First Claim relates to "at home" possession and as such *Toussaint* is inapposite for as Second Amendment guarantees are at their zenith within the home. *District of Columbia v. Heller*, 554 U.S. 570, 628-629 (2008).

Second, the Governor and Superintendent indirectly cite *Kachalsky v. County of Westchester*, 701 F.3d. 81, 85-86 (2nd Cir. 2012) for the proposition that New York's handgun licensing scheme is constitutional. (Governor and Superintendent Memo, p. 8). Not only is the page citation in *Kachalsky* wrong, but so is the claimed holding in the case. In fact, the *Kachalsky* court – applying an "intermediate scrutiny" standard rather than the "strict scrutiny"

3

required here[1] – held: "Restricting handgun possession **in public** to those who have a reason to possess the weapon for a lawful purpose is substantially related to New York's interests in public safety and crime prevention. . . . Accordingly, we decline Plaintiffs' invitation to strike down New York's one-hundred-year-old law and call into question the state's traditional authority to extensively regulate handgun possession in public." *Id.* at 100-101.  Here, Sibley's First claim relates to "at home" not "in public" possession.  As such, *Kachalsky* is of no use in resolving this argument.

Last, the Governor and Superintendent cite *Libertarian Party of Erie Cty. v. Cuomo*, 300 F. Supp. 3d 424, 442-43 (W.D.N.Y. 2018) for the proposition that New York State's requirement of a firearms license is constitutional.  Sibley is well aware of this Court's decision in *Libertarian Party v. Cuomo* in which this Court held: "While NYS's firearms licensing laws implicate the core Second Amendment right, they do not substantially burden it." *Id.* at 442.  Here, respectfully, Sibley maintains that his posture is *significantly* different than that of the plaintiffs in *Libertarian Party v. Cuomo*.

First, Plaintiff Libertarian Party abandoned its claims.  Second, Plaintiffs Kuzma, Cooper, Rober, Rebmann, Garrett, Mayor and Cuthbert were found to lack "standing", hence their Second Amendment claims never received this Court's attention.  Plaintiff Mongielo claims were found to be moot.  This Court did rule that: "Cuthbert, however, does have standing to challenge the 'proper cause' requirement for a concealed carry license because he established an injury: he applied for the license and was denied." *Id.* at 436.  Yet again, the issue there was a "public

---

[1] *See*: *N.Y. State Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, 253 (2nd Cir. 2015) and Sibley's argument in this regard contained in his contemporaneously-filed Memorandum of Law in Support of Motion for Partial Summary Judgment, pages 9-10.

carry" license, not a "at home" license which is the gravamen of Sibley's First Claim. Moreover, this Court did find that: "Cuthbert and Murtari allege a facial vagueness claim against the standards in Section 400.00" and thus only addressed the "facial" issue. *Id.* at 439. Yet here, Sibley has adequately alleged an "as applied" claim, which was not addressed in *Libertarian Party*.

Last, in regards to Sibley's First Claim, the Governor and Superintendent admit that: "there are no known cases addressing the constitutionality of cane swords. . .". (Governor and Superintendent Memo, p. 8). In support, the Governor and Superintendent ask this Court to make the jump from a New York County Court case to find that cane swords are akin to a "metal knuckle knife". That analogy is unwarranted certainly as to possession of a cane sword in the home and, upon analysis, in public. As to "at home", as argued by Sibley, if one can possess a handgun for self-defense in the home, then the far less lethal cane sword must also necessarily be possessed.

In public, the cane sword as a defensive weapon has a long history dating in the United States until at least 1798 and in Europe long before that. *See*: *A History of Cane Self-Defense in America*: 1798-1930[2]. Upon such historical footing, and the fundamental right of self defense, Sibley's claim to the right to possess a cane sword in public for self-defense cannot be so quickly dismissed. Indeed, upon the very same analysis found in *Libertarian Party*, the conclusion is inescapable: New York may not strip by criminalizing without benefit of any licencing procedure Sibley's right of self-defense in public in derogation of the fundamental right. Here, pointedly,

---

[2] A well researched and cited article which details the commonly available instruction and use of the cane sword in public. Retrieved from: https://martialartsnewyork.org/2016/08/16/a-history-of-cane-self-defense-in-america-1798-1930/

an advisory jury – as requested by Sibley – would be of assistance to the Court and thus should be empanelled. Accordingly, Sibley has stated a cause of action in his First Claim.

IV.     AS APPLIED TO SIBLEY, N.Y. PENAL LAW §400.00 IS UNCONSTITUTIONAL

As the Governor and Superintendent raise the identical argument raised by Defendant Chauncey J. Watches that N.Y. Penal Law §400.00 is constitutional, Sibley incorporates by reference the arguments previously raised by Sibley in response thereto and in his contemporaneously filed Memorandum of Law in Support of Motion for Partial Summary Judgment.

CONCLUSION

WHEREFORE, Sibley respectfully requests that this Court deny the Motion to Dismiss of the Governor and Superintendent for the reasons aforesaid.

> MONTGOMERY BLAIR SIBLEY
> Plaintiff
> 189 Chemung Street
> Corning, N.Y. 14830
> (607) 301-0967
> montybsibley@gmail.com
>
> By: _____
>        MONTGOMERY BLAIR SIBLEY

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing will be sent via the Court's CM/ECF filing system when docketed by the Clerk to Gary Levine, Assistant Attorney General, NYS Office of the Attorney General, 144 Exchange Boulevard, Suite 200, Rochester, NY 14614.

By: _____
       MONTGOMERY BLAIR SIBLEY

# Montgomery Blair Sibley

189 Chemung Street
Corning, N.Y. 14830
607-301-0967
montybsibley@gmail.com

January 31, 2020

Office of the Clerk
2120 United States Courthouse
100 State Street
Rochester, New York 14614-1387

      Re:   *Montgomery Blair Sibley vs. Chauncey J. Watches*
              Case No.: 19-CV-6517

Greetings:

Please find enclosed for filing myL (i) Response to the Motion to Dismiss the First Amended Complaint by Defendants Governor and Superintendent of the State Police, (ii) Notice of Motion for Partial Summary Judgment and (iii) Memorandum of Law in Support of Motion for Partial Summary Judgment and Appendix of Material Facts.

Let me know if you have any questions or concerns.

Yours,

*[signature]*