UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MONTGOMERY BLAIR SIBLEY,

                              Plaintiff,

                -vs-                                                        MEMORANDUM
                                                                                   19-CV-6517

CHAUNCEY J. WATCHES, solely in his
official capacity as a New York
Consolidated Laws, Penal law
§265.00(10) Licensing Officer, et al.,

                              Defendants.
_____

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing an amended complaint on July 9, 2019. On December 26, 2019 and January 21, 2020, Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that Plaintiff failed to state a cause of action for which relief can be granted, Plaintiff lacked standing to bring suit, and that, in the event the lawsuit is not dismissed for lack of standing, the Court should abstain from addressing the complaint until after the State Court pistol permit litigation has been completed. Defendants' 12(b)(6) motion is pending before the Court.

Plaintiff moves for a partial summary judgment seeking relief with regard to all claims, except the claim found in the FAVC ¶ 32, which alleges that the basis for the conclusion Plaintiff lacks "good moral character" was solely plaintiff's litigation activities.

1

# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED AS PREMATURE

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986). When the moving party has met its initial responsibility of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact, the non-moving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2). However, when facts are unavailable to the non-movant, that are essential to justify its opposition, the court may deny the motion, or defer considering the motion to allow time to take discovery. Fed. R. Civ. P. 56(d). "The nonmoving party should not be "railroaded" into his offer of proof in opposition to summary judgment." Trebor Sportswear Co. v. Limited Stores, Inc., 865 F.2d 506, 511, 1989. The nonmoving party must have "had the opportunity to discover information that is essential to his opposition" to the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250.

Although a motion for summary judgment may be filed "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), summary judgment is generally not appropriate until after some discovery has occurred. Houston v. Sheahan, 2016 U.S. Dist. LEXIS 16350, *3-9, 2016 WL 554849, (W.D.N.Y. 2016) citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986) (holding that Rule 56 allows for the entry of judgment against a party who, "after adequate time for discovery," has failed to establish the existence of a genuine dispute as to an essential element of that party's case). Indeed,

"[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Houston at 5, citing Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

The Motion before the court because it is premature. Plaintiff's Motion was filed while a motion to dismiss is pending, before Defendants' answers were filed and prior to any discovery. Although in certain limited circumstances a motion for summary judgment prior to the filing of an answer and prior to discovery may be appropriate, Houston at 7, it is not the case here. Plaintiff states facts in the motion that, to date, have not been established. The Court has previously advised that "this type of procedurally improper[…] motion […] is a considerable drain to scarce judicial resources." Houston at 9. In light of the fact that the motion to dismiss is pending, there are no answers and discovery has yet to have been conducted, Plaintiff's motion for summary judgment is premature.

When an issue is potentially dispositive it is logical and efficient to consider it first on a Rule 12(b)(6) motion prior to the parties' incurring the expense of litigation and discovery, this "serves the practical purpose of preventing a plaintiff with "'a largely groundless claim'" from "'tak[ing] up the time of a number of other people." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 548, (1955). It is one thing to be cautious before dismissing a […] complaint in advance of discovery, but quite another to forget that proceeding to […] discovery can be expensive. Id. *see also* Fed. R. Civ. Proc. 1 (The Rules, "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Defendants' motion to dismiss can dispose of this case expeditiously. As discussed in Defendants' Memorandum of Law in Support of their Motion to Dismiss, Plaintiff failed to state a claim for which relief can be granted. Defendants rely on the pending Rule 12 motion for the basis as to why the plaintiff's motion lacks merit.

**PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
SHOULD BE DEINED**

Even if the Court does not deny the motion on procedural grounds, the Court should deny Plaintiff's motion for the reasons stated in the 12(b)(6) motion. In addition, the Plaintiff has failed to state a claim under the Second Amendment. The Second Amendment is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." Heller, 554 U.S. at 626. As the Second Circuit has explained, a "law that regulates the availability of firearms is not a substantial burden on the right to keep and bear arms if adequate alternatives remain for law-abiding citizens to acquire a firearm for self-defense." United States v. Decastro, 682 F.3d 160, 166 (2d Cir. 2012).

Courts have repeatedly dismissed Second Amendment claims where the plaintiff has the ability to acquire or, has acquired, other firearms. In, Garcha v. City of Beacon, 351 F. Supp. 2d 213 (S.D.N.Y. 2005), aff'd, 232 F. App'x 74 (2d Cir. 2007), the court held that there was no claim under the Second Amendment where a defendant was not prevented from "bearing arms" […],"the 'right to bear arms' is not a right to hold some particular gun", and because the defendants did not prevent him from acquiring another weapon, they did not impede plaintiff's "right to bear arms." McGuire v. Tarrytown, 2011 U.S. Dist. LEXIS 67760, *18-19, 2011 WL 2623466 (S.D.N.Y. 2011)

see Walters v. City of Hazelwood, 2010 U.S. Dist. LEXIS 112727, 2010 WL 4290105, at *2 (E.D. Mo. 2010) (holding that the Supreme Court's rulings in District of Columbia v. Heller and McDonald v. City of Chicago do not overrule Garcha). See, e.g., Perros v. Cty. of Nassau, 238 F. Supp. 3d 395, 401 (E.D.N.Y. 2017) (dismissing Second Amendment claims where "Plaintiffs are still able to obtain a gun license to own a shotgun or a rifle"); Vaher v. Town of Orangetown, 916 F.Supp. 2d 404, 430 (S.D.N.Y. 2013) (dismissing Second Amendment claims where "there is no allegation that Defendants' actions have affected Plaintiff's ability to retain or acquire other firearms."); McGuire v. Tarrytown, No. 8-cv-2049, 2011 U.S. Dist. LEXIS 67760, 2011 WL 2623466, at *7 (S.D.N.Y. June 22, 2011) (holding that because "defendants did not prevent [plaintiff] from acquiring another weapon, they did not impede plaintiff's 'right to bear arms'").

In the matter before the court, Plaintiff has adequate alternatives to acquire a firearm for self-defense. Under New York law, no license is required to possess a shotgun with a barrel eighteen inches or longer, a rifle with a barrel sixteen inches or longer, or antique firearms. See N.Y. Penal Law §§ 265.00(3) (defining the term "firearm"), 400.00 (setting standards for firearms licensing). As Plaintiff conceded in his complaint, he has legally purchased a shotgun, which is currently in his possession at his home. (complaint par. 11). Because Plaintiff currently lawfully possesses a firearm, he cannot plausibly claim that N.Y. Penal Law §§ 265 and 400 pose a substantial or significant burden on his Second Amendment right.

With respect to the cane sword, a cane sword is by definition a cane in which a sword blade is concealed. See www.merriam-webster.com/dictionary/cane sword. In

Heller, the Supreme Court noted that "the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." District of Columbia v. Heller, 554 U.S. 626, (U.S 2008).   Although the Court did not undertake an "exhaustive historical analysis," it held that its opinion in Heller should not "be taken to cast doubt on longstanding prohibitions […] that […] in its view would survive Second Amendment scrutiny." Id.  Prohibitions that survive Heller include, "(1) "prohibitions on carrying concealed weapons"" Id. at 722, see also Robertson v. Baldwin, 165 U.S. 275, 281-282, (1897) (the right of the people to keep and bear arms (art. 2) is not infringed by laws prohibiting the carrying of concealed weapons) (emphasis in original).

Defendants therefore, request the Court deny Plaintiff's motion.

## CONCLUSION

Accordingly, the motion for partial summary judgment should be dismissed.

Dated: March 3, 2020
      Rochester, New York

                              LETITIA JAMES
                              Attorney General for the State of New York
                              Attorney for Defendants

                               s/Gary M. Levine
                              GARY M. LEVINE
                              Assistant Attorney General of Counsel
                              NYS Office of the Attorney General
                              144 Exchange Boulevard, Suite 200
                              Rochester, New York 14614
                              Telephone: (585) 546-7430
                              gary.levine@ag.ny.gov

**CERTIFICATE OF SERVICE**

I certify that on March 3, 2020, I electronically filed the foregoing Memorandum of Law with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. n/a

And, I hereby certify that I have mailed, by the United States Postal Service, the document to the following non-CM/ECF participant(s):

1. Montgomery Blair Sibley
   189 Chemung Street
   Corning, New York 14830

> LETITIA JAMES
> Attorney General of the State of New York
> Attorney for Defendants
>
> s/Gary M. Levine
> GARY M. LEVINE
> Assistant Attorney General of Counsel
> NYS Office of the Attorney General
> 144 Exchange Boulevard, Suite 200
> Rochester, New York 14614
> Telephone: (585) 546-7430
> gary.levine@ag.ny.gov