IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Montgomery Blair Sibley,

Plaintiff,

vs.

Chauncey J. Watches, solely in his official
capacity as a N.Y. Penal Law §265.00(10)
Licensing Officer, His Excellency Andrew
Mark Cuomo, solely in his official capacity
as the Chief Administrative Officer of the
State of New York, James L. Allard, solely
in his official capacity as Sheriff of Steuben
County, New York, Brooks Baker, solely in
his official capacity as District Attorney of
Steuben County, Keith M. Corlett, solely in
his official capacity as Superintendent of the
New York State Police, **and Janet DiFiore,
solely in her official capacity as Chief
Judge of the Court of Appeals and of the
State of New York,**

Defendants.

_____/

Case No.: 19-CV-6517

**SECOND AMENDED VERIFIED COMPLAINT FOR
DECLARATORY JUDGMENT AND PRELIMINARY
AND PERMANENT INJUNCTIVE RELIEF**

**ADVISORY JURY TRIAL REQUESTED**

Plaintiff, Montgomery Blair Sibley ("Sibley"), sues[1] Defendants, Chauncey J. Watches

solely in his official capacity as a N.Y. Penal Law §265.00(10) Licensing Officer ("Defendant

Licensing Officer"), His Excellency Andrew Mark Cuomo, solely in his official capacity as the

Chief Administrative Officer of the State of New York ("Defendant Cuomo"), James L. Allard

("Defendant Sheriff"), solely in his official capacity as Sheriff of Steuben County, New York,

---

[1]    The Amendments contained in the Second Amended Complaint are highlighted in bold
typeface for ease of analysis.

Brooks Baker ("Defendant District Attorney"), solely in his official capacity as District Attorney

of Steuben County, Keith M. Corlett ("Defendant Superintendent"), solely in his official capacity

as Superintendent of the New York State Police, **and Janet DiFiore ("Defendant Chief**

**Judge"), solely in her official capacity as Chief Judge of the Court of Appeals and of the**

**State of New York,** and, additionally pursuant to 28 U.S.C. §1746, states that the factual matters

stated herein are true under penalty of perjury, alleging as follows:

INTRODUCTION

By this suit, Sibley seeks:

- A Declaratory Judgment that New York's criminal ban on Sibley's handgun possession in his home and cane sword possession both in his home and in public on its face and as applied <u>violates</u> Sibley's: (i) Fundamental rights and (ii) Second Amendment to the Federal Constitution rights;

- Preliminary and Permanent Injunctive Relief enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing N.Y. Penal Law § 265.01 against Sibley's handgun possession in his home and cane sword possession both in his home and in public;

- A Declaratory Judgment that New York's administrative handgun licensing procedure on its face and as applied in Steuben County, New York and as codified in N.Y. Penal Law §400.00 *et seq.* and N.Y. Admin. P. Act, §100 *et seq*. <u>violates</u> Sibley's rights protected by: (i) the First Amendment to the Federal Constitution, (ii) the Second Amendment to the Federal Constitution, (iii) The Fifth Amendment to the Federal Constitution, (iv) The Fourteenth Amendment to the Federal Constitution, (v) the New York State Constitution, Article I, §8 and (vi) the tenets of N.Y. Administrative Law;

- A Declaratory Judgment that the judicial review system of New York's administrative handgun licensing procedure codified in N.Y. CPLR, Article 78 on its face and as applied violates Federal and New York Due Process guarantees as failing to provide meaningful judicial review from an administrative process affecting Fundamental and Constitutional rights.

- **A Declaratory Judgment that Article 2-B, §28, §29 and/or §29-a of the Executive Law of New York on their face and as applied by Executive Order, No. 202 and subsequent related Executive Orders "Declaring a Disaster**

Emergency in the State of New York" contravened the Constitution of the United States and/or infringed rights granted or secured by that instrument.

- A Declaratory Judgment that Article VI, §28 (a) of the New York State Constitution on its face and as applied by Administrative Order AO-3-20 and subsequent related Administrative Orders contravened the Constitution of the United States and/or infringed rights granted or secured by that instrument.

### Jurisdiction And Venue

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S. Code §1331, §2201, §2202 and 42 U.S.C. § 1983.

2.      Venue in this court is proper pursuant to 28 U.S. Code §1391 as a substantial part of the events or omissions giving rise to the claims herein occurred in Steuben County, New York.

### Parties

3.      Sibley, is *sui generis* and a "natural born Citizen" of the United States as he was born in Rochester, New York, the child of two United States citizens, Harper Sibley, Jr. and Beatrice Blair Sibley and has continuously resided in the United States since his birth. Sibley at all times relevant herein has resided in the city of Corning, Steuben County, New York.  Sibley:

A. Is twenty-one years of age or older (N.Y. Penal Law §400.00(1)(a));
B. Has not been convicted anywhere of a felony or a serious offense or is not the subject of an outstanding warrant of arrest issued upon the alleged commission of a felony or serious offense (N.Y. Penal Law §400.00(1)(c));
C. Is not a fugitive from justice (N.Y. Penal Law §400.00(1)(d));
D. Is not an unlawful user of or addicted to any controlled substance as defined in section 21 U.S.C. §802 (N.Y. Penal Law §400.00(1)(e));
E. Is a U.S. Citizen who has not renounced his citizenship nor served in the Armed Forces (N.Y. Penal Law §400.00(1)(f),(g) & (h));
F. Has never suffered any mental illness (N.Y. Penal Law §400.00(1)(i));
G. Has not been involuntarily committed to a facility under the jurisdiction of an office of the department of mental hygiene nor has been civilly confined in a secure treatment facility (N.Y. Penal Law §400.00(1)(j));

H. Has not had a license revoked or who is not under a suspension or ineligibility order issued pursuant to the provisions of section 530.14 of the Criminal Procedure Law or section eight hundred forty-two-a of the Family Court Act (N.Y. Penal Law §400.00(1)(k));

I. Has not had a guardian appointed for him pursuant to any provision of state law, based on a determination that as a result of marked subnormal intelligence, mental illness, incapacity, condition or disease, he or she lacks the mental capacity to contract or manage his or her own affairs (N.Y. Penal Law §400.00(1)(m)).

4.    Defendant Chauncey J. Watches: (i) is a N.Y. Penal Law §265.00(10) Pistol/Revolver Licensing Officer for Steuben County, New York, (ii) is sued solely in that official capacity and (iii) whose public office address is: 3 E. Pulteney Square, Bath, Steuben County, N.Y. 14810.

5.    Defendant His Excellency Andrew Mark Cuomo: (i) is the Governor of New York State, (ii) is sued solely in his official capacity as the Chief Administrative Officer of the State of New York, (iii) is responsible for the administration of New York's customs, policies, practices and laws related to handgun licensing procedure as codified in N.Y. Penal Law §400.00 *et seq.* and/or N.Y. Admin. P. Act, §100 *et seq.*. and (iv) whose public office address is: NYS State Capitol Building Albany, NY 12224.

6.    Defendant James L Allard: (i) is the Sheriff of Steuben County, New York, (ii) is sued solely in his official capacity as Sheriff of Steuben County, New York, (iii) is responsible for enforcing the State of New York's customs, policies, practices and laws related to the enforcement N.Y. Penal Law §265.00 et *seq.* and (iv) whose public office address is: 7007 Rumsey St. Ext., Bath, NY 14810.

7.    Defendant Brooks Baker: (i) is the District Attorney of Steuben County, New York, (ii) is sued solely in his official capacity as District Attorney of Steuben County, New York, (iii) has a duty to conduct all prosecutions for crimes and offenses cognizable by the courts

of Steuben County, including all crimes under N.Y. Penal Law § 265.00 *et seq.* and (iv) whose

public office address is 3 E. Pulteney Square, Bath, Steuben County, N.Y. 14810.

8.      **Defendant** Keith M. Corlett, (i) is the Superintendent of the New York State

Police, (ii) is sued solely in his official capacity as Superintendent of the New York State Police,

(iii) is responsible for enforcing the State of New York's customs, policies, practices and laws

related to the enforcement N.Y. Penal Law §265.00 et *seq.* and (iv) whose public office address

is New York State Police, 1220 Washington Ave., Albany, New York 12226.

8a.      **Defendant Janet DiFiore, (i) is the Chief Judge of the Court of Appeals and**

**of the State of New York, (ii) is sued solely in her official capacity as Chief Judge of the**

**Court of Appeals and of the State of New York, (iii) is responsible for administering the**

**Courts of the State of New York, and (iv) whose public office address is New York State**

**Court of Appeals, 20 Eagle Street, Albany, New York 12207.**

PREVIOUS LAWSUITS

9.      With the exception of a FOIL lawsuit against Defendant Licencing Officer

dismissed in Steuben County Supreme Court, there are no previous lawsuits between the instant

parties or regarding the same facts involved in this case.

GENERAL ALLEGATIONS

10.      Since the early **1970s**, Sibley has owned and possessed handguns receiving in the

**1980s** licenses to carry concealed such handguns in both New York and Florida.  In or about

**2009**, Sibley moved to the District of Columbia where he continued to possess his handguns in

his residence.  Likewise, Sibley has possessed, in his home and when in public, since the early

5

**1970s**, a cane sword having concealed within it a blade that may be used as a sword or stiletto for self-defense.

11.     In **November 2017**, Sibley relocated to Corning, New York, transporting his handguns to his new residence. Additionally, in **November 2017**, Sibley was licensed by the N.Y. State Department of Environmental Conservation, Division of Fish, Wildlife and Marine Resources, Special Licenses Unit as a Nuisance Wildlife Control Operator, and issued License #2799. Sibley continues to hold that Nuisance Wildlife Control Operator License to this day.

12.     In **April 2018**, Sibley obtained his N.Y. Hunter Education Certificate of Qualification.

13.     On **July 18, 2018**, Sibley filed his State of New York Pistol/Revolver License Application ("Application") with the Clerk of Steuben County. An un-executed copy of the redacted-for-privacy Application and Receipt is attached hereto as Exhibit "A". Notably, Sibley, though not required, disclosed the make, model and serial number of the two handguns in his possession on the Application. Sibley's Application was referred to the Defendant Licensing Officer for processing. The Application included Sibley's fingerprints which triggered a series of background checks with the New York State Division of Criminal Justice Services, the Federal Bureau of Investigation, and the New York State Department of Mental Hygiene which, upon information and belief, all came back negative for any criminal or mental health history.

14.     Five months later, on **December 28, 2018**, Sibley was interviewed in person by Steuben County Deputy Sheriff McCoy regarding his Application. A few days later, Deputy McCoy advised Sibley by telephone that he must either: (i) surrender his handguns to the Sheriff or a licensed firearms dealer or (ii) remove the handguns from New York pending determination

of his Application.  Deputy McCoy further advised that Sibley's possession of his handguns in his residence was a crime pursuant to N.Y. Penal Law §265 *et seq*.  Accordingly, Sibley removed his handguns and cane sword from New York.

15.     On or about **March 8, 2019**, Sibley legally purchased a shotgun from a Federal Firearms Licensee in New York after passing the requisite Federal NICS background check. That shotgun remains in Sibley's possession in his home.

16.     On or about **May 16, 2019**, the Defendant Licensing Officer *ex parte* contacted Sibley's employer by telephone seeking information about Sibley's activities as a New York Nuisance Wildlife Control Operator.

17.     On **May 29, 2019** – three hundred fifteen (315) days or 10 ½ months after Sibley filed his application -- the Defendant Licensing Officer sent Sibley a letter <u>denying</u> to Sibley a Pistol/Revolver License.  In that letter, the Defendant Licensing Officer stated in pertinent part:

- That  the Defendant Licensing Officer had reviewed Sibley's application and "the investigation submitted by the Steuben County Sheriff's Department";

- "The basis for the denial results from concerns about your being sufficiently responsible to possess and care for a pistol";

- "[T]he Court is concerned that your history demonstrates that you place your own interest above the interests of society";

- "You do have the right to request a hearing with regard to the denial of your application."

A copy of the Defendant Licensing Officer's **May 29, 2019**, letter is attached hereto as Exhibit "B".

18.     On **June 14, 2019**, Sibley responded to the **May 29, 2019**, letter from the Defendant Licensing Officer stating in sum and substance:

- That he was requesting a hearing on the denial;

- Requesting copies of all written investigation reports and/or objections from any police authority or person reported to the Defendant Licensing Officer;

- Requesting the sum and substance of any orally-communicated information received by the Defendant Licensing Officer regarding Sibley's application;

- Requesting copies of any legal or educational authorities or State Administrative Procedure Act, §102(14) Guidance Documents used to process Sibley's application; and

- Advising that within thirty (30) days of receiving the above-information, Sibley would advise on the time needed to gather evidence to respond at the requested hearing.

A copy of Sibley's **June 14, 2019**, letter is attached hereto as Exhibit "C".

19.   In response, on **August 15, 2019**, the Defendant Licensing Officer wrote Sibley stating:

- "Pursuant to your request I have scheduled a hearing on **July 31, 2019** at 10:30 a.m. in Courtroom C at the Steuben County Courthouse, 3 E. Pulteney Square, Bath, New York";

- "You should be prepared to proceed on that date with any evidence which you intend to present to the Court including testimony from you or any other witness concerning your application"; and

- "I have reviewed your requests for information and documents and find them to be without legal basis and therefore they are denied."

A copy of the Defendant Licensing Officer's **August 15, 2019**, letter is attached hereto as Exhibit "D".

20.   On **October 25, 2019**, the Defendant Licensing Officer wrote Sibley stating: "As you know your concealed pistol permit application was denied subject to an evidentiary hearing. In preparation for your January 10, 2020 hearing, please be advised that the court will address

several relevant issues" and then went on to list seven (7) areas for "discussion. A copy of the Defendant Licensing Officer's **October 25, 2019**, letter is attached hereto as Exhibit "E".

21.     On **November 12, 2019**, Sibley responded to the **October 25, 2019**, letter of the Defendant Licensing Officer  In his letter, Sibley objected to the lack of requisite "Notice" and then requested the documents that had been reviewed by the Court in order to arrive at its seven (7) area for "discussion".  A copy of Sibley's **November 12, 2019**, letter is attached hereto as Exhibit "F". To date,  the Defendant Licensing Officer has <u>not</u> responded to Sibley's **November 12, 2019**, letter.

**21a.     On January 10, 2020, an evidentiary hearing was held before Defendant Licensing Officer at which: (i) the Defendant Licensing Officer refused to recuse himself and then made factual statements on the record but did not allow cross-examination of him, (ii) Sibley testified for an hour and (iii) introduced into the record 250 pages of Exhibits[2].  On March 9, 2020, Defendant Watches issued his Decision <u>denying</u> to Sibley a pistol license.  A copy of the March 9, 2020, Decision is attached hereto as Exhibit "G". In that Decision, Defendant Watches rested his <u>sole</u> reason for denying Sibley's Application that he "has failed to demonstrate his good moral character."**

FIRST CLAIM
DECLARATORY RELIEF

22.     Sibley re-alleges paragraphs 1 through **21a** and incorporates them herein by reference.

---

[2]     Given the voluminous nature of that Hearing Exhibit it is not attached hereto. Sibley is seeking from the Clerk instructions on electronic filing of the Hearing Exhibit and will incorporate it by reference once filed.

23.     The Second Amendment to the Federal Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

24.     As a fundamental right to self-defense and under the Second Amendment, Sibley has a right – not a privilege – to possess handguns and cane swords held and used for self-defense in his home.  Additionally, Sibley has a Fundamental right to possess his cane sword in public.

25.     N.Y. Penal Law §265.01(1), states "Criminal possession of a weapon in the fourth degree: A person is guilty of criminal possession of a weapon in the fourth degree when: "He or she possesses any [pistol or] . . . cane sword."  N.Y. Penal Law §265.01(1), criminalizes possession of a handgun by Sibley in Sibley's home and Sibley's cane sword both in his home and in public.

WHEREFORE, Sibley respectfully requests that this Court:

A.     Assume jurisdiction of this action;

B.     Declare that Sibley has a Fundamental right and, under the Second Amendment, a Federal Constitutional right – not a privilege – to possess handguns held and used for self-defense in his home and a fundamental right to possess his cane sword both in his home and in public.

C.     Declare that  Federal law preempts New York law regarding possessing a handgun and/or cane sword in the home.

D.     Declare therefore that N.Y. Penal Law §265.01(1) violates Sibley's Fundamental and Second Amendment right to possess handguns held and used for self-defense in his home

10

and Sibley's Fundamental and Second Amendment right to possess a cane sword both in his home and in public.

     E.     Retain jurisdiction of this matter to enforce this Declaratory Decree if subsequently violated; and

     F.     Enter such other and further relief as the Court deems just and proper.

### SECOND CLAIM
### PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

26.     Sibley re-alleges paragraphs 1 through **21a** and incorporates them herein by reference.

27.     As a result of the relief granted in Sibley's First Claim, Sibley is entitled to Orders preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from enforcing N.Y. Penal Law §265.01 against Sibley for handguns held and used for self-defense in his home and Sibley's Fundamental and Second Amendment right to possess a cane sword both in his home and in public.

28.     Sibley is in danger of suffering irreparable harm if he is unable to exercise his right of resistance and self-preservation in his home if and when it becomes necessary.

29.     The State of New York will suffer no appreciable harm from the granting of this requested preliminary and permanent injunction as the injunctions only seeks that to which Sibley is indisputably entitled: The Fundamental and Second Amendment right of resistance and self-preservation in his home and in public.

WHEREFORE, Sibley respectfully requests that this Court:

     A.     Assume jurisdiction of this action;

B.     Issue it's Orders preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, against Sibley for handguns held and used for self-defense in his home and Sibley's Fundamental and Second Amendment right to possess a cane sword both in his home and in public.

C..    Retain jurisdiction of this matter to enforce its preliminary and/or permanent injunctions if subsequently violated by Defendants; and

D.     Enter such other and further relief as the Court deems just and proper.

**THIRD CLAIM**
**DECLARATORY RELIEF**
**AGAINST DEFENDANT LICENSING OFFICER ONLY**

30.    Sibley re-alleges paragraphs 1 through **21a** and incorporates them herein by reference.

31.    N.Y. Penal Law §400.00(1) – Licenses to carry, possess, repair and dispose of firearms, "Eligibility" states in pertinent part: "No [firearm] license shall be issued or renewed except for an applicant: . . . (b) of good moral character . . . (n) concerning whom no good cause exists for the denial of the license."

32.    Upon information and belief, and after a reasonable opportunity for discovery, Sibley will establish that: (i) the Defendant Licensing Officer denied Sibley's Application upon the conclusion that Sibley lacked "good moral character" and (ii) the basis for that conclusion was solely Sibley's litigation activities upon behalf of himself, his children and his clients.

**32a.    Sibley's litigation activities upon behalf of himself, his children and his clients were, are and will be in the future protected conduct under the First Amendment.**

12

**32b.   As a result of Sibley's litigation activities upon behalf of himself, his children and his clients, an adverse action was taken against Sibley, to wit, the denial of Sibley's Application by Defendant Licencing Officer, which would deter a person of ordinary firmness from continuing to engage in that speech or conduct.**

**32c.   There was a cause-and-effect relationship between Sibley's litigation activities upon behalf of himself, his children and his clients and the denial of Sibley's Application by Defendant Licencing Officer as the latter adverse action was motivated in part by Sibley's prior protected conduct and now will chill such future conduct by him.**

**32d.   Upon information and belief, and after a reasonable opportunity for discovery, Sibley will establish that New York's Secure Ammunition and Firearms Enforcement (SAFE) Act, prevents Sibley from establishing that he was treated differently than similarly situated individuals as New York has sealed such information from public view.**

33.     N.Y. Penal Law §400.00(1)(b) & (n) on their face and **as applied by Defendant Licensing Officer disfavored and punished** Sibley upon Sibley's ideas and viewpoints as expressed in his litigations and petitions and thus discriminated against Sibley in the denial of his Application thereby violating the First and Fourteenth Amendments to the Federal Constitution.

34.     The handgun licencing aspects of N.Y. Penal Law §400.00 on their face and as applied **by Defendant Licensing Officer** are facially invalid and violate the free speech, petition and due process guarantees of the First and Fourteenth Amendments as the handgun licencing aspects of New York Penal Law §400.00 on their face and as interpreted and applied by **Defendant Licensing Officer** are void for vagueness, facially overbroad, violates the equal

protection and privileges or immunities guarantees and encourages and permits, as here, arbitrary and discriminatory enforcement.

WHEREFORE, Sibley respectfully requests that this Court:

A.    Assume jurisdiction of this action;

B.    Declare that N.Y. Penal Law §400.00(1)(b) & (n) on their face and/or as applied violate Sibley's rights to speech and petition guaranteed under the First and Fourteenth Amendments for the ideas and viewpoints as expressed in Sibley's litigations and petitions;

C.    Declare that N.Y. Penal Law §400.00(1)(b) & (n) on their face and/or as applied are void-for-vagueness, facially overbroad, violate the equal protection and privileges or immunities guarantees of the First and Fourteenth Amendments and encourages and permits, as here, arbitrary and discriminatory enforcement.

**D.    Declare that New York's Secure Ammunition and Firearms Enforcement (SAFE) Act violates Equal Protection guarantees by sealing from public view whether or not individuals are being treated differently than similarly situated individuals in determining pistol licencing applications.**

E.    Retain jurisdiction of this matter to enforce this Declaratory Decree if subsequently violated; and

F.    Enter such other and further relief as the Court deems just and proper.

### FOURTH CLAIM
### DECLARATORY RELIEF

35.    Sibley re-alleges paragraphs 1 through **21a** and incorporates them herein by reference.

36.     N.Y. Penal Law §400.00 *et seq.* and/or N.Y. Admin. P. Act, §100 *et seq.* on their face and/or as applied permitted the Defendant Licensing Officer to <u>deny</u> Sibley's Application: (i) upon evidence the Defendant Licensing Officer *ex parte* received from the Steuben County Sheriff's Office which the Defendant Licensing Officer <u>refused</u> to disclose to Sibley, (ii) upon the Defendant Licensing Officer own *ex parte* communications with Sibley's employer, (iii) <u>before</u> receiving Sibley's factual and legal contentions in opposition, (iv) by an Order which failed to articulate the factual and legal basis for the decision, (v) in violation of the six (6) month statutory time constraint for determining Sibley's Application contained in N.Y. Penal Law §400.00(4-a).

37.     Additionally, N.Y. Penal Law §400.00 *et seq.* and/or N.Y. Admin. P. Act, §100 *et seq.* on their face and/or as applied allow an evidentiary hearing at which: (i) no statutory procedure is established, (ii) the N.Y. Admin. P. Act, §100 *et seq.* is ignored, (iii) Sibley is not permitted to subpoena any witnesses or documents and (iv) the Defendant Licencing Officer who will be called as a material witness is also the presiding magistrate at the evidentiary hearing.

38.     As such, N.Y. Penal Law §400.00 *et seq.* and/or N.Y. Admin. P. Act, §100 *et seq.* on their face and/or as applied violate Sibley's due process rights protected by the Fifth and Fourteenth Amendments to the Federal Constitution, the New York State Constitution, Article I, §6 and the tenets of New York Administrative Law.

WHEREFORE, Sibley respectfully requests that this Court:

A.     Assume jurisdiction of this action;

B.     Declare that N.Y. Penal Law §400.00 *et seq.* and/or N.Y. Admin. P. Act, §100 *et seq.* on its face and/or as applied in Sibley's Application violated Sibley's due process rights

protected by the Fourteenth Amendment to the Federal Constitution, the New York State Constitution, Article I, §6 and the tenets of New York Administrative Law.

     C.     Retain jurisdiction of this matter to enforce this Declaratory Decree if subsequently violated; and

     D.     Enter such other and further relief as the Court deems just and proper.

### FIFTH CLAIM
### DECLARATORY RELIEF

39.     Sibley re-alleges paragraphs 1 through **21a** and incorporates them herein by reference.

40.     In New York, the administrative determination of Sibley's Application by the Defendant Licensing Office is not the last word: Sibley has an absolute right to challenge the legality of the Defendant Licensing Officer's determination of Sibley's Application before an independent judicial tribunal.

41.     In New York, CPLR Article 78 is the only avenue available for relief from administrative determinations. In an Article 78 proceeding, only four questions may be raised. They are as follows:

- Whether the body or officer failed to perform a duty enjoined upon it by law;

- Whether the body or officer proceeded, is proceeding or is about to proceed, without or in excess of jurisdiction;

- Whether a determination made, in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or

- Whether a determination made, as a result of a hearing held, at which evidence was taken pursuant to direction by law, is on the entire record supported by substantial evidence.

42.     The New York Secure Ammunition and Firearms Enforcement Act of 2013 allows the holders of handgun permits: "to request that their application information be made exempt from disclosure under state Freedom of Information Law."

43.     An Article 78 judicial review of Sibley's Application would be meaningless, since such a decision regarding whether a determination is arbitrary or capricious *a priori* can only be made by comparing Sibley's Application to: (i) objective standards or (ii) other determinations, neither of which are available in an Article 78 proceeding as there are neither objective standards contained in N.Y. Penal Law §400.00(1)(b) & (n) nor are other determinations of Pistol/Revolver applications available to compare Sibley's Application against to insure equal application of N.Y. Penal Law §400.00(1).

44.     Moreover, an Article 78 judicial review would be meaningless as Sibley has not been given: (i) the factual basis for the Defendant Licensing Officer's decision, (ii) the specific reason for denial of Sibley Application nor (iii) a meaningful opportunity to respond to those reasons.

WHEREFORE, Sibley respectfully requests that this Court:

A.      Assume jurisdiction of this action;

B.      Declare that a N.Y. CPLR Article 78 review of Sibley's Application on its face and/or as applied would violate Sibley's due process rights protected by the Fourteenth Amendment to the Federal Constitution, N.Y. State Constitution, Article I, §6 and the tenets of N.Y. Administrative Law.

C.      Retain jurisdiction of this matter to enforce this Declaratory Decree if subsequently violated; and

D.    Enter such other and further relief as the Court deems just and proper.

SIXTH CLAIM
DECLARATORY RELIEF

45.    Sibley re-alleges paragraphs 1 through 21a and incorporates them herein by reference.

46.    Article 2-B, §28, §29 and/or §29-a of the Executive Law of New York on their face and as applied by Executive Order, No. 202 and subsequent related Executive Orders by Defendant Cuomo "Declaring a Disaster Emergency in the State of New York" imposed restrictions upon Sibley, who exhibited no signs of Covid-19, preventing him from: (i) exercising his First Amendment right to free exercise of his religion by closing his Church to him, (ii) exercising his First Amendment right to peaceably assemble to engaged in consensual private activities, including, without limitation, organized sports, and (iii) exercising his Second Amendment right to keep and bear arms by closing gun shops even though gun shops were on the Federal Essential Business list.

47.    The aforementioned restrictions by Defendant Cuomo contravened the Constitution of the United States and/or infringed rights granted or secured to Sibley by that instrument.

48.    Article 2-B, §28, §29 and/or §29-a of the Executive Law of New York, even if based on the acknowledged police power of New York, must always yield in case of conflict with any right which the federal Constitution gives or secures.  Nonetheless, while  the police power of New York authorizes without Constitutional trespass the quarantining and restriction of movement of sick people, it does so trespass and becomes Tyranny when it quarantines and restricts the movement of healthy people.

49.     Defendant Cuomo has exercised his authority granted by Article 2-B, §28, §29 and/or §29-a of the Executive Law of New York in such an arbitrary and oppressive manner as to justify the interference of this Court to prevent wrong and oppression as the Constitution of the United States has been contravened, or rights granted or secured thereby have been infringed.

WHEREFORE, Sibley respectfully requests that this Court:

A.      Assume jurisdiction of this action;

B.      Declare that Article 2-B, §28, §29 and/or §29-a of the Executive Law of New York on their face and as applied by Defendant Cuomo through Executive Order, No. 202 and subsequent related Executive Orders contravened the Constitution of the United States and/or infringed rights granted or secured to Sibley by that instrument.

C.      Retain jurisdiction of this matter to enforce this Declaratory Decree if subsequently violated; and

D.      Enter such other and further relief as the Court deems just and proper..

SEVENTH CLAIM
DECLARATORY RELIEF

50.     Sibley re-alleges paragraphs 1 through 21a and incorporates them herein by reference.

51.     Article VI, §28 (a) of the New York State Constitution on its face and as applied by the Defendant Chief Judge through the March 17, 2020, Administrative Order AO-3-20 and subsequent related Administrative Orders permitted the state courts to only accept filings in matters deemed to be "essential" and thus contravened the Constitution of

the United States and/or infringed rights granted or secured by that instrument by imposing undefined and vague restrictions upon Sibley and thereby preventing him from exercising his First Amendment right to petition the Government for a redress of grievances.

52.      On March 23, 2020, Sibley filed his Article 78 proceeding seeking review of the denial of his Application by Defendant Chauncey J. Watches with the Clerk of the Fourth Department of the New York Supreme Court.

53.      On April 13, 2020, after receiving no word of filing by the above-mentioned Clerk, Sibley filed his Emergency Order to Show Cause with the Clerk of the Fourth Department of the New York Supreme Court.  That Motion was putatively denied orally by Judge Winslow though no written Order exists.

54.      To date, some eighty (80) days since the filing of his Article 78 Petition, Sibley has yet to receive confirmation of the filing of the Article 78 proceeding, yet alone an Order to Show Cause to move the case forward.

55.      The aforementioned restrictions by Defendant Chief Judge contravened the Constitution of the United States and/or infringed rights granted or secured to Sibley by that instrument.

WHEREFORE, Sibley respectfully requests that this Court:

A.      Assume jurisdiction of this action;

B.      Declare that Article VI, §28 (a) of the New York State Constitution on its face and as applied by Defendant Chief Judge through Administrative Order AO-3-20 and

subsequent related Administrative Orders contravened **the Constitution of the United**

**States and/or infringed rights** granted or secured to Sibley **by that instrument.**

      **C.**      **Retain jurisdiction** of this matter to enforce **this Declaratory Decree if**

**subsequently violated; and**

      **D.**      **Enter such other and** further relief as the **Court deems just and proper.**

ADVISORY JURY TRIAL REQUESTED

      I declare under penalty of perjury that the foregoing is true and correct.

                  MONTGOMERY BLAIR SIBLEY
                  Plaintiff
                  189 Chemung Street
                  Corning, N.Y. 14830
                  (607) 301-0967
                  montybsibley@gmail.com

                By:        _____
                         MONTGOMERY BLAIR SIBLEY

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and accurate copy of the foregoing will be sent via the Court's CM/ECF filing system when docketed by the Clerk to: (i) Gary Levine, Assistant Attorney General, NYS Office of the Attorney General, 144 Exchange Boulevard, Suite 200, Rochester, NY 14614 and (ii) David H. Fitch, Underberg & Kessler LLP, 300 Bausch & Lomb Place, Rochester, NY 14604.

                By:        _____
                         MONTGOMERY BLAIR SIBLEY

INSTRUCTIONS: Print or type in black ink only

| NYSID Number | | | |
|---|---|---|---|
| License Number | PPB 3 (Rev. 06/17) | **STATE OF NEW YORK**<br>PISTOL /REVOLVER LICENSE APPLICATION | County of Issue<br>Steuben |
| Date of Issue | | | Expiration Date |

**Last Name** S I B L E Y                                                                    Suffix

**First Name** M O N T G O M E R Y      MI B      Date of Birth – MM DD YYYY      NY Driver's License (or NY Non-Driver ID) No.

| Gender<br>M | Social Security | Race<br>W | Height<br>ft 6  in 0 | Weight<br>190 | Eyes<br>BLUE | Hair<br>GRAY | Citizen of U.S.A<br>☒ YES  ☐ NO |

Physical Address (Street number, street name, apartment number, city, state, zip code)
189 CHEMUNG STREET, #3, CORNING, NY 14830

Mailing Address (If different from physical address)
SAME

Primary Phone Number
607-301-0967

Secondary Phone Number

Email Address  MBSIBLEY@GMAIL.COM

Employed By
MERIDIAN BIRD REMOVAL

Present Occupation
NUISANCE WILDLIFE CONTROL OPERATOR

Nature of Business
NUISANCE WILDLIFE CONTROL

Business Address (Street number, street name, apartment number, city, state, zip code)
17 N Franklin St, Christiansburg, VA 24073

I hereby apply for a Pistol / Revolver License to: (Check only one) ☒ Carry Concealed  ☐ * Possess on Premises  ☐ * Possess / Carry During Employment

( * ) Premise Address or Employer Name and Address must be provided below:

Employer Name (If Carry During Employment)
MERIDIAN BIRD REMOVAL

Address or Other Location (Street number, street name, apartment number, city, state, zip code)
17 N Franklin St, Christiansburg, VA 24073

A license is required for the following reasons:
PERSONAL SAFETY AND FOR USE IN EMPLOYMENT WHEN I MUST DISPATCH WILDLIFE

Give four character references who by their signature attest to your good moral character.

| Last, First, MI | Street Address. (Street number, street name, apartment number, city, state, zip code) | Signature |
|---|---|---|
| Nicol, Kathleen | | |
| Schonberg, Rita | | |
| Siegel, John         607A | | |
| Solomon, Paul | | |

Have you ever been arrested, summoned, charged or indicted anywhere for any offense, including DWI (except traffic infractions)? ☐ YES  ☐ NO
If Yes, furnish the following information:

| Arrest Date | Police Agency | Charge | Disposition Date | Disposition Court | Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

| | | |
|---|---|---|
| Are you a fugitive from justice? | ☐ YES | ☒ NO |
| Are you an unlawful user of or addicted to any controlled substance as defined in section 21 U.S.C. 802? | ☐ YES | ☒ NO |
| Are you an alien illegally or unlawfully in the United States? | ☐ YES | ☒ NO |
| Are you an alien admitted to the United States who does not qualify for the exceptions under 18 U.S.C. 922 (y)(2)? | ☐ YES | ☒ NO |
| Have you been discharged from the Armed Forces under dishonorable conditions? | ☐ YES | ☒ NO |
| Have you ever renounced your United States citizenship? | ☐ YES | ☒ NO |
| Have you ever suffered any mental illness? | ☐ YES | ☒ NO |
| Have you ever been involuntarily committed to a mental health facility? | ☐ YES | ☒ NO |
| Have you ever had a pistol / revolver license revoked? | ☐ YES | ☒ NO |
| Are you under any firearms suspension or ineligibility order issued pursuant to the provisions of section 530.14 of the criminal procedure law or section eight hundred forty-two-a of the family court law? | ☐ YES | ☒ NO |
| Have you had a guardian appointed for you pursuant to any provision of state law, based on a determination that as a result of marked subnormal intelligence, mental illness, incapacity, condition or disease you lack the mental capacity to contract or manage your own affairs? | ☐ YES | ☒ NO |
| Are you aware of any good cause for the denial of the license? | ☐ YES | ☒ NO |
| Are you prohibited from possessing firearms under federal law, including having been convicted in any court of a misdemeanor crime of domestic violence or being under indictment for a crime punishable by imprisonment for a term exceeding one year? | ☐ YES | ☒ NO |

If the answer to any of the questions above is YES, explain here:

Exhibit "A"

**For applicants under twenty-one years of age only:**
Have you been honorably discharged from the United States Army, Navy, Marine Corps, Air Force or Coast Guard, or the National Guard of the State of New York?   ☐ YES   ☐ NO

---

| | |
|---|---|
| Photograph Of Applicant Taken Within 30 Days<br><br>———<br><br>**Full Face Only** | Knowingly providing false information will be sufficient cause to deny this application and constitutes a crime punishable by fine, imprisonment, or both.  I am aware that the following conditions affect any license which may be issued to me:<br>1.  No license issued as a result of this application is valid in the City of New York.<br>2.  Any license issued as a result of this application will be valid only for a pistol or revolver specifically described in the license properly issued by the licensing officer.<br>3.  If I permanently change my address, notice of such change and my new address must be forwarded to the Superintendent of the State Police and in Nassau County and Suffolk County, to the licensing officer of that county, within 10 days of such change.<br>4.  Any license issued as a result of this application is subject to revocation at any time by the licensing officer or any judge or justice of a court of record. |

Jurat:

Signed and sworn to before me

This _____ day of _____ , 20 _____

at _____ , New York

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Signature of Applicant | Signature of Officer Administering Oath | Title of Officer |

*APPLICATION NOT VALID UNLESS SWORN*

---

**Fingerprints submitted electronically by:**

Name _____   Rank _____   Organization _____

Date Submitted _____

---

**Investigation Report – All information provided by this applicant has been verified:**

Name _____   Rank _____   Organization _____

_____
Signature of Investigating Officer

---

**This application is  Approved – Disapproved (Strike out one)**     **The following restriction(s) is (are) applicable to this license:**

_____
Title and Signature of Licensing Officer

---

**If Licensing Officer authorizes the possession of a pistol, revolver or single shot firearm(s) at the time of issue of original license, furnish the following information:**

| Manufacturer | Pistol / Revolver / Single Shot | Model | Frame Only | Caliber(s) | Serial Number | Property Of |
|---|---|---|---|---|---|---|
| Ruger | Pistol | .22 cal auto pistol | ☐ | .22 | 14-62509 | Montgomery Sibley |
| Browning | Pistol | BDA .380 auto pistol | ☐ | .380 | 425PX04051 | Montgomery Sibley |
| | | | ☐ | | | |
| | | | ☐ | | | |

Duplicate of this application must be filed with the Superintendent of State Police within 10 days of issuance as required by Penal Law Section 400.00 SUBD.5.

This form is approved by Superintendent of the State Police as required by Penal Law section 400.00, SUBD. 3.

**STEUBEN COUNTY CLERK**
**JUDITH M. HUNTER**

*Receipt*

Receipt Date: 07/18/2018 09:43:11 AM
RECEIPT # 20180069770

Recording Clerk: LM
Cash Drawer: CASH5
Rec'd Frm: MONTGOMERY SIBLEY
Rec'd In Person

Misc Fees
Pistol Permit - New            $10.00
Pistol Permit Photo Fee        $10.00

Receipt Summary
TOTAL RECEIPT:   ---->          $20.00
TOTAL RECEIVED:  ---->          $20.00
                               _____
CASH BACK:       ---->           $0.00

PAYMENTS
Cash ->                         $20.00



**STEUBEN COUNTY
COUNTY & FAMILY COURT
CHAMBERS
3 E. PULTENEY SQUARE
BATH NY 14810**

(607) 622-8192
Fax (607) 622-8241

Hon. Chauncey J. Watches
County and Family Court Judge

Vivian C. Strache, Esq.
Court Attorney

May 29, 2019

Mr. Montgomery Sibley
189 Chemung Street #3
Corning, NY 14830

RE:  NYS Pistol Permit Application

Dear Mr. Sibley:

Your application to obtain a pistol permit has been submitted to me for my consideration. I have reviewed your application and the investigation submitted by the Steuben County Sheriff's Department. The possession of a pistol permit license is a serious responsibility and a privilege. Therefore, the Court takes each application very seriously.

Your application for a pistol permit is denied. This decision is based upon concerns expressed in the Sheriff's investigation. The basis for the denial results from concerns about your being sufficiently responsible to possess and care for a pistol; the Court is concerned that your history demonstrates that you place your own interest above the interests of society

You do have the right to request a hearing with regard to the denial of your application. If you want a hearing you must submit a written request to the Pistol Permit Clerk within thirty (30) days of the date of this denial. The purpose of the hearing would be to allow you to testify and for you to present any other witness(es) that you believe could address the concerns mentioned in the foregoing and show that you should now be entitled to a pistol permit license. The County will also be able to present witnesses concerning the results of their investigation.

If after thirty (30) days, you fail to request a hearing, the denial will be deemed final.

Very truly yours,

Chauncey J. Watches
County Court Judge

CJW/rac

Exhibit "B"

# Montgomery Blair Sibley

189 Chemung Street
Corning, N.Y. 14830
607-301-0967
mbsibley@gmail.com

June 14, 2019

USPS Tracking #: 959094024120809293755
Licensing Officer Chauncey J. Watches
3 E. Pulteney Square
Bath, N.Y. 14810

       Re:    *NYS Pistol Permit Application*

Greetings:

       I am in receipt of that certain letter dated May 29, 2019, from you in your capacity as a New York Consolidated Laws, Penal Law §265.00(10) Licensing Officer to me.  I have this day requested a hearing from the Steuben County Pistol Permit Clerk in regards to the denial of my Pistol Permit Application; a copy of that request is attached hereto.  Please note my new telephone number above for any telephonic communciations.

       Prior to advising you regarding my desired scheduling and duration of the above-referenced hearing, I am requesting from you copies of all written investigation reports and/or objections from any police authority or person reported to you as the §265.00(10) Licensing Officer purusant to NY CLS Penal §400.00(4).  Additionally, please identify to me any orally communicated information you received regarding my application including, without limitation: (i) the name(s) and professional capacity of the reporting individual(s), (ii) the date and time of the report(s), (iii) the sum and substance of such report(s) and (iv) copies of any notes you made regarding the oral information you recieved in this regard.  Finally, to the extent you consulted or were guided by any legal or educational authorities or State Administrative Procedure Act, §102(14) Guidance Documents or its like to process my application, please identify and provide copies of such documents.

       Within thirty (30) days of receiving this information from you, I will advise you on: (i) the time I will need to gather my evidence in response to the information you have received pursuant to NY CLS Penal §400.00(4), (ii) the subpoenas and/or depositions I will be requesting from you pursuant to NY CLS St Admin P Act, §304(2), (iii) the number of witnesses I expect to call at the hearing, and (iv) consequently, the time I will be requesting for the hearing.

Yours,

Exhibit "C"



**STEUBEN COUNTY
COUNTY & FAMILY COURT
CHAMBERS
3 E. PULTENEY SQUARE
BATH NY 14810**

(607) 622-8192
Fax (607) 622-8241

Hon. Chauncey J. Watches
County and Family Court Judge

Vivian C. Strache, Esq.
Court Attorney

June 25, 2019

Montgomery Sibley
189 Chemung Street #3
Corning, NY 14830

RE:  NYS Pistol Permit Application

Dear Mr. Sibley:

I am in receipt of your letter dated June 14, 2019 concerning the denial of your application to obtain a pistol permit. Pursuant to your request I have scheduled a hearing on July 31, 2019 at 10:30 a.m. in Courtroom C at the Steuben County Courthouse, 3 E. Pulteney Square, Bath, New York. You should be prepared to proceed on that date with any evidence which you intend to present to the Court including testimony from you or any other witness concerning your application.

I have reviewed your requests for information and documents and find them to be without legal basis and therefore they are denied.

Very truly yours,

Chauncey J. Watches
Steuben County Court Judge

CJW/rac

cc:  Steuben County Pistol Permit Clerk

Exhibit "D"



**STEUBEN COUNTY
COUNTY & FAMILY COURT
CHAMBERS
3 E. PULTENEY SQUARE
BATH NY 14810**

(607) 622-8192
Fax (607) 622-8241

Hon. Chauncey J. Watches
County and Family Court Judge

Vivian C. Strache, Esq.
Court Attorney

October 25, 2019

Montgomery Sibley
189 Chemung Street
Corning, New York 14830

Re: New York State Pistol Permit Application

Dear Mr. Sibley:

As you know your concealed pistol permit application was denied subject to an evidentiary hearing. In preparation for your January 10, 2020 hearing, please be advised that the court will address several relevant issues, including, but not limited to the following topics:

1. Discussion of your Florida civil contempt and incarceration;
2. Discussion of your history of vexatious litigation, including a list of all proceedings in which you have been sanctioned;
3. Discussion of your suspensions and other disciplinary action taken regarding your license to practice law in any and all jurisdictions and courts in which you previously practiced;
4. Discussion of your possession in New York State of two handguns and a cane sword without a valid permit;
5. Discussion of your need for a handgun in furtherance of your employment;
6. Discussion of the circumstances involving your prior pistol permits in Florida and New York;
7. Discussion of how your repeated and continuous failure to follow court orders in multiple courts and jurisdictions demonstrates good moral character.

Sincerely,

Chauncey J. Watches
Steuben County Court Judge

CJW/rac

cc:   Steuben County Attorney Office
      Steuben County Sheriff's Department
      Steuben County Pistol Permit Clerk

Exhibit "E"

# Montgomery Blair Sibley

189 Chemung Street
Corning, N.Y. 14830
607-301-0967
montybsibley@gmail.com

November 12, 2019

Licencing Officer Chauncey J. Watches
3 E. Pulteney Square
Bath, N.Y. 14810

   Re: *Montgomery Blair Sibley NYS Pistol Permit Application*

Greetings:

   I am in receipt of that certain letter dated **October 25, 2019**, from you in your capacity as a NY Penal Law §265.00(10) Licencing Officer to me. In response:

   <u>First</u>: It is Black Letter Law that I am entitled to "Notice" which this Court has yet to provide to me in the manner which is due given the seriousness of this proceeding. In *In re Gault*, 387 U.S. 1, 33-34 (1967) the Court made this clear: "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must **set forth the alleged misconduct with particularity**. *In re Gault*, 387 U.S. 1, 33-34 (1967)(Emphasis added). *Accord*: *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974)("Part of the function of notice is to give the charged party a chance to marshal the facts in his defense and to **clarify what the charges are, in fact**.")(Emphasis added)

   In that regard, adopting the numbering in your aforementioned letter:

   #1: Please provide access to or copies of whatever materials you received regarding #1 so that I might be adequately prepared to address that complicated, family court matter which stretched over the better part of a decade and spawned well over two dozen trial and appellate matters. Otherwise, this hearing will take at least one (1) additional day to allow me to present the issues of my first divorce.

   #2: Please provide access to or copies of whatever materials you received regarding #2 so that I might be adequately prepared to address the hundreds of lawsuits I have appeared as either party or counsel. Otherwise, this hearing will take at least one (1) additional day.

   #3: Please provide access to or copies of whatever materials you received regarding #3 so that I might be adequately prepared to address the fifteen (15) jurisdictions in which I have

Exhibit "F"

Licencing Officer Chauncey J. Watches
November 12, 2019
Page 2

been involved in "suspensions or disciplinary actions". Otherwise, this hearing will take at least one (1) additional day.

     #4:    I will be pleased to address the issues in #4 with the understanding this is <u>not</u> a "discussion" but an adjudicatory proceeding under the N.Y. Administrative Procedures Act. If you are conducting this hearing under some other legal or anomalous authority, please promptly advise me of the same as such a fundamental misunderstanding by me due to lack of "notice" of the nature of this proceeding raises both procedural and substantive due process considerations. In particular, N.Y. St. Admin. P. Act, §306 has a lower standard for admissible evidence then a judicial proceeding. As such, I cannot adequately prepare for the hearing until I am given "notice" of which rules of evidence and procedure the hearing will be utilizing and the claimed authority for such rules.

     #5:    I will be pleased to address the issues in #5 per #4 *supra*.

     #6:    I will be pleased to address the issues in #6 per #4 *supra*.

     #7:    Without conceding that "good moral character" is a proper inquiry in this proceeding for, *inter alia*, the constraints placed by law upon this proceeding by CPL § 530.14, please provide access to or copies of whatever materials you received regarding #7 so that I might be adequately prepared to address this issue. Otherwise, this hearing will take at least one (1) additional day.

     <u>Second</u>: Pursuant to the Black Letter Law that a judge is incompetent to testify in a proceeding over which he or she is presiding and by the attached Second Motion to Disqualify, I am once again moving to disqualify you as I intend to call you as a witness at the **January 10, 2020**, hearing.

     I look forward to your prompt reply to the foregoing.

Yours,

cc:    w/enclosures

     Steuben County Attorney Office
     Steuben County Sheriff's Department
     Steuben County Pistol Permit Clerk

STATE OF NEW YORK COUNTY COURT

COUNTY OF STEUBEN

In the Matter of the Pistol Permit of

                                               DECISION

                                               Index No. 2019-7PP

Montgomery Sibley,                        Pistol Permit #C35494

          Applicant.

Appearances:   Montgomery Sibley, Corning, New York

      Montgomery Sibley submitted a pistol permit application dated July 18, 2018 to the

Steuben County Clerk's Office. The application was forwarded to the Steuben County Sheriff's

Office for review and received by the Court May 8, 2019. *The Court denied the application*

*May 29, 2019.* The denial was based on: 1) concern about Mr. Sibley's ability to responsibly

possess and care for a pistol; and, 2) concern that Mr. Sibley's history demonstrates that he

puts his own interests above the interests of society. The Court informed Mr. Sibley that he

could request a hearing to allow him to testify and present any witnesses to address the

Court's concerns. Upon receipt of Mr. Sibley's request, the Court scheduled the hearing for

July 31, 2019. The Court received further correspondence from Mr. Sibley objecting to the July

date and requesting that the hearing be scheduled for January 10, 2020 in the morning for 90

minutes. The Court accommodated Mr. Sibley's request and the hearing was held on January

10, 2020.

      At the hearing, the Court provided Mr. Sibley the opportunity to present witnesses,

testify and introduce written evidence. Mr. Sibley chose to testify and submit a binder

                                               Exhibit "G"

consisting of 45 documents totaling 250 pages, marked and admitted as Petitioner's Exhibit 1. At the end of his testimony, Mr. Sibley indicated he had nothing further to add and the Court noted that a written decision would be issued.

Penal Law § 400 governs the issuance of pistol permits. The relevant requirement in this matter is that the applicant be "of good moral character". Penal Law § 400 1. (b). Good cause exists to deny a permit where the applicant lacks "the essential temperament or character which should be present in one entrusted with a dangerous [weapon]..., or that he or she does not possess the maturity, prudence, carefulness, good character, temperament, demeanor and judgment necessary to have a pistol permit." *Matter of Gurnett v. Borgnesi*, 147 AD3d 1319 [4th Dept. 2017] [internal quotation marks omitted].

Western civilization has long recognized that good moral character is the ideal state of a person's beliefs and values that provides the most benefit to a healthy and worthy society. Good moral character is more than having an unblemished criminal record. A person of good moral character behaves in an ethical manner and provides the Court, and ultimately society, reassurance that he can be trusted to make good decisions. Aldo Leopold said that "ethical behavior is doing the right thing when no one else is watching – even when doing the wrong thing is legal." Given the nature of the responsibility involved with the handling of a dangerous weapon, the Court must be assured of the applicant's ability to follow the law and abide by rules and regulations necessary to protect the safety of the individual and society. The Court must also have a basis to trust that the applicant's character is such that he will behave in an ethical manner where there are no written rules. The evidence presented does not provide the Court with assurance that Mr. Sibley can follow specific laws, rules and regulations let alone behave in an ethical and responsible manner necessary to be granted a pistol permit. In short, Mr. Sibley has failed to demonstrate his good moral character.

The Court first notes that Mr. Sibley has been suspended from the practice of law in the State of Florida, the District of Columbia and the State of New York as well as various federal courts. This gives the Court pause in considering Mr. Sibley's application. The Preamble to the New York Rules of Professional Conduct notes that a lawyer, as a member of the legal profession, is an officer of the legal system with special responsibility for the quality of justice. A lawyer has a duty to uphold the legal process and demonstrate respect for the legal system as well as further the public's understanding of and confidence in the rule of law and the justice system. Because Mr. Sibley has failed to maintain these duties as an officer of the legal system, the Court lacks confidence that Mr. Sibley will follow both the explicit and implicit rules inherent in the responsibility of a pistol permit holder.

Even assuming, arguendo, that Mr. Sibley has somehow rehabilitated himself from the circumstances that led to his disbarment, his testimony at the hearing belies any such notion. During his testimony, Mr. Sibley argued that although his actions as an attorney may have been vexatious and meritless they were not frivolous. This is a distinction without a difference[1] and factually incorrect. In 2006, the Florida Supreme Court held that Mr. Sibley's "frivolous and abusive filings must immediately come to an end" and found sanctions appropriate. *Sibley v. Fla. Judicial Qualifications Comm'n,* 973 So.2d 425, 427 [2006]. Even after his disbarment, Mr. Sibley has continued to pursue frivolous litigation in various courts. As recently as 2018, Mr. Sibley was sanctioned by the United States District Court for the District of Maryland for his "frivolous and vexatious litigation strategy." *CarMax Auto Superstores, Inc. v. Sibley,* 2018 U.S. Dist. LEXIS 169864, *9 [Md. October 2, 2018].

---

[1] *See also In Re Sibley,* 2010 D.C. App. LEXIS 89, **26 [2010] ["We reject the distinction that respondent seeks to draw between "meritless" claims and "frivolous" claims."]

Finally, this Court agrees with the Fourth Department's assessment of Mr. Sibley: "Respondent, by his conduct, has demonstrated his disregard and disrespect for the judiciary as well as his absence of remorse." 61 A.D.3d 85, 87 [4th Dept. 2009]. Given these circumstances, the Court is unable to find Mr. Sibley to be of good moral character.

Based on Mr. Sibley's application, the testimony presented to the Court, the evidence received and upon due deliberation, the Court confirms the denial of the pistol permit application of Montgomery Sibley. Upon his readmission to the bar of New York, Mr. Sibley may submit a new application for a pistol permit.

This constitutes the decision of the Court.

Dated: March 9, 2020

Bath, New York                    ENTER:

                                  HON. CHAUNCEY J. WATCHES
                                  County Court Judge