UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MONTGOMERY BLAIR SIBLEY,

                        Plaintiff,

v.

CHAUNCEY J. WATCHES, solely in his official
capacity as a New York Consolidated Laws, Penal Law
265.00(10) Licensing Officer; ANDREW MARK CUOMO,
solely in his official capacity as the Chief Administrative
Officer of the State of New York; JAMES L. ALLARD,
solely in his official capacity as Sheriff of Steuben County,
New York; BROOKS BAKER, solely in his official capacity
as District Attorney of Steuben County; KEITH M.
CORLETT, solely in his official capacity as Superintendent
of the New York State Police; and JANET DIFIORE, solely
in her official capacity as Chief Judge of the Court of Appeals
of the State of New York,

                        Defendants.
_____

Case # 19-CV-6517-FPG
DECISION AND ORDER

## INTRODUCTION

On May 18, 2020, this Court issued an omnibus Decision and Order which dismissed several of Plaintiff's claims with prejudice and dismissed others without prejudice. ECF No. 51 at 28. The Court permitted Plaintiff to file a second amended complaint. *Id.* at 29.

On June 15, 2020, Plaintiff filed a Second Amended Complaint. ECF No. 54. As discussed below, the Second Amended Complaint does not comply with the Court's May 18, 2020 Order. Accordingly, the Second Amended Complaint is DISMISSED, but Plaintiff may file a Third Amended Complaint.

## DISCUSSION

Plaintiff's Second Amended Complaint is deficient for several reasons.

First, it reasserts all of the claims from the Amended Complaint—even those that were dismissed with prejudice—instead of only the claims that were dismissed without prejudice.

1

Second, it persists in suing Defendant Allard, even though the Court's Order dismissed him from this case completely and with prejudice.  ECF No. 51 at 28.

Third, it adds new claims and new defendants based on facts separate from and arising after the facts alleged in Plaintiff's original Complaint and his Amended Complaint.

Fourth, it violates the Court's directive in footnote 7 of its May 18, 2020 Order that Plaintiff identify each defendant sued within each cause of action.  *Id.*

The Court finds dismissal of Plaintiff's Second Amended Complaint is appropriate.  "District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."  *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order).

Here, the Court dismissed several of Plaintiff's claims with prejudice.  This means that "Plaintiff cannot continue to submit requests to reassert claims that have been dismissed and to rejoin defendants who have been dismissed with prejudice."  *Netti v. New York*, No. 5:17-CV-976 (GTS/ATB), 2018 U.S. Dist. LEXIS 203117, at *4 (N.D.N.Y. Nov. 30, 2018); *see also Netti v. New York*, No. 5:17-CV-976 (GTS/ATB), 2018 U.S. Dist. LEXIS 179775, at *8 n.5 (N.D.N.Y. Oct. 19, 2018) ("The term 'with prejudice,' indicates that plaintiff may not amend her complaint in this case with respect to this or any other defendant or claim that has been dismissed 'with prejudice.'"); *Gupte v. Watertown Bd. of Educ.*, No. 3:17-CV-283 (JCH), 2018 U.S. Dist. LEXIS 144220, at *8 (D. Conn. Aug. 24, 2018) (granting motion to dismiss and holding that plaintiff "may not replead his claims . . . because the court has dismissed those claims with prejudice in a prior Ruling.").

Additionally, although the Court's May 18, 2020 Order did not explicitly prohibit Plaintiff from filing new claims, it also did not explicitly allow it.  "Additional allegations can only be added 'with the opposing party's written consent, or the court's leave.'" *McCray v. Caparco*, 761 F. App'x 27, 30 (2d Cir. 2019) (summary order) (quoting Fed. R. Civ. P. 15(a)(2)).  In *McCray*, the district court permitted the plaintiff to amend his complaint so that he could replead his claims in compliance with Federal Rule of Civil Procedure 8.  *Id.*  When the Plaintiff added new claims that involved events occurring after the events that were the subject of the original complaint and defendants linked to those later-occurring events, the district court *sua sponte* dismissed the new claims.  *Id.*  The Second Circuit affirmed.  *Id.*

Here, the Court's May 18, 2020 Order was issued in connection with Defendants' motions to dismiss Plaintiff's existing claims.  The Court dismissed some claims with prejudice, dismissed others without prejudice, and permitted Plaintiff to file an amended complaint.  At no time did Plaintiff seek leave, or did this Court grant leave, for Plaintiff to add new claims involving new facts and new defendants.  Accordingly, dismissal of Plaintiff's new claims is warranted.  *See Blanchard v. Shield,* No. 17-CV-6893 (PKC) (JO), 2019 U.S. Dist. LEXIS 86587, at *3 n.1 (E.D.N.Y. May 22, 2019) ("[T]he Court has inherent authority to dismiss an amended complaint to the extent that it exceeds the scope of the permission to amend or fails to address deficiencies previously identified in the original complaint."); *Mitchell v. Cuomo*, No. 9:17-CV-0892 (TJM/DJS), 2019 U.S. Dist. LEXIS 52666, at *6 (N.D.N.Y. Mar. 28, 2019) (collecting cases denying leave to amend where the plaintiffs sought to add new claims that were unrelated to the allegations in the operative pleading); *Webster v. Himmelbach*, 271 F. Supp. 3d 458, 472-73 (W.D.N.Y. 2017) (denying amendment where plaintiff did not "seek to bolster, amplify, or clarify the two claims alleged in his amended complaint" but rather sought "to raise an entirely new

constitutional claim"); *Girard v. Hickey,* No. 9:15-CV-0187, 2016 U.S. Dist. LEXIS 27541, 2016 WL 915253, at *5 (N.D.N.Y. Mar. 4, 2016) ("Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case.").

Accordingly, Plaintiff's Second Amended Complaint does not comply with this Court's May 18, 2020 Order and consequently is dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's Second Amended Complaint (ECF No. 54) is DISMISSED.  However, Plaintiff may file a Third Amended Complaint that complies with the Court's May 18, 2020 Order **by June 23, 2020**.  The Court clarifies that Plaintiff may *only* replead the claims from his Amended Complaint that the Court dismissed *without prejudice*: (1) Plaintiff's first and second claims as to cane swords only, and as to Defendants Baker, Cuomo, and Corlett only; and (2) Plaintiff's third claim as to Defendants Watches, Baker, Cuomo, and Corlett only. Plaintiff may not reassert any claims that have been dismissed with prejudice, nor may he assert any new claims or add new defendants.  Further, Plaintiff must specify within each claim which defendants are being sued.  Failure to comply with this order may result in the dismissal of this action or other sanctions.  The Clerk of Court is directed to terminate Janet DiFiore as a defendant. James Allard shall remain terminated as a defendant.

IT IS SO ORDERED.

Dated: June 16, 2020
   Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court