IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Montgomery Blair Sibley,

           Plaintiff,

vs.

Chauncey J. Watches, solely in his official
capacity as a N.Y. Penal Law §265.00(10)
Licensing Officer,

           Defendant.

_____/

Case No.: 19-CV-6517

**FOURTH AMENDED VERIFIED COMPLAINT**

**ADVISORY JURY TRIAL REQUESTED**



Plaintiff, Montgomery Blair Sibley ("Sibley"), sues Defendant Chauncey J. Watches solely in his official capacity as a N.Y. Penal Law §265.00(10) Licensing Officer ("Defendant Watches"), and, additionally pursuant to 28 U.S.C. §1746, states that the factual matters stated herein are true under penalty of perjury, alleging as follows:

**INTRODUCTION**

By this suit, Sibley seeks a Declaration that:

- Section 400.00(1)(b)'s "good moral character" requirement is unconstitutionally vague as applied to Sibley;

- Section 400.00(1)(b)'s "good moral character" requirement is unconstitutionally vague as applied in respect to the context in which it was enforced against Sibley;

- Section 400.00(1)(b)'s "good moral character" requirement is unconstitutionally vague as that statute did <u>not</u> provide to Defendant Watches explicit standards for its application;

- That whatever Sibley's statistically-meaningless, putatively "frivolous" litigation conduct and resultant Bar license suspensions cannot justify disarmament of Sibley's fundamental and core Second Amendment Constitutional right to self-defense with a handgun;

1

- Sibley was treated differently than other similarly situated individuals thus denying to Sibley equal protection of the law;

- Section 400.00 is unconstitutional as interpreted and applied by Defendant Watches to Sibley as it violated due process guarantees.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S. Code §1331, §2201, §2202 and 42 U.S.C. § 1983.

2.      Venue in this court is proper pursuant to 28 U.S. Code §1391 as a substantial part of the events or omissions giving rise to the claims herein occurred in Steuben County, New York.

### PARTIES

3.      Sibley, is *sui generis* and a "natural born Citizen" of the United States as he was born in Rochester, New York, the child of two United States citizens, Harper Sibley, Jr. and Beatrice Blair Sibley and has continuously resided in the United States since his birth. Sibley at all times relevant herein has resided in the city of Corning, Steuben County, New York. Sibley:

A.  Is twenty-one years of age or older (N.Y. Penal Law §400.00(1)(a));
B.  Has not been convicted anywhere of a felony or a serious offense or is not the subject of an outstanding warrant of arrest issued upon the alleged commission of a felony or serious offense (N.Y. Penal Law §400.00(1)(c));
C.  Is not a fugitive from justice (N.Y. Penal Law §400.00(1)(d));
D.  Is not an unlawful user of or addicted to any controlled substance as defined in section 21 U.S.C. §802 (N.Y. Penal Law §400.00(1)(e));
E.  Is a U.S. Citizen who has not renounced his citizenship nor served in the Armed Forces (N.Y. Penal Law §400.00(1)(f),(g) & (h));
F.  Has never suffered any mental illness (N.Y. Penal Law §400.00(1)(i));
G.  Has not been involuntarily committed to a facility under the jurisdiction of an office of the department of mental hygiene nor has been civilly confined in a secure treatment facility (N.Y. Penal Law §400.00(1)(j));
H.  Has not had a license revoked or who is not under a suspension or ineligibility order issued pursuant to the provisions of section 530.14 of the Criminal

Procedure Law or section eight hundred forty-two-a of the Family Court Act
(N.Y. Penal Law §400.00(1)(k));

I.  Has not had a guardian appointed for him pursuant to any provision of state law,
based on a determination that as a result of marked subnormal intelligence, mental
illness, incapacity, condition or disease, he or she lacks the mental capacity to
contract or manage his or her own affairs (N.Y. Penal Law §400.00(1)(m)).

4.      Defendant Chauncey J. Watches: (i) is a N.Y. Penal Law §265.00(10)

Pistol/Revolver Licensing Officer for Steuben County, New York, (ii) is sued solely in that

official capacity and (iii) whose public office address is: 3 E. Pulteney Square, Bath, Steuben

County, N.Y. 14810.

## PREVIOUS LAWSUITS

5.      With the exception of a FOIL lawsuit against Defendant Licencing Officer

dismissed in Steuben County Supreme Court, there are no previous lawsuits between the instant

parties or regarding the same facts involved in this case.

## GENERAL ALLEGATIONS

6.      Since the early **1970s**, Sibley has owned and possessed handguns receiving in the

**1980s** licenses to carry concealed such handguns in both New York and Florida.  In or about

**2009**, Sibley moved to the District of Columbia where he continued to possess his handguns in

his residence.  Likewise, Sibley has possessed, in his home and when in public, since the early

**1970s**, a cane sword having concealed within it a blade that may be used as a sword or stiletto for

self-defense.

7.      In **November 2017**, Sibley relocated to Corning, New York, transporting his

handguns to his new residence. Additionally, in **November 2017**, Sibley was licensed by the

N.Y. State Department of Environmental Conservation, Division of Fish, Wildlife and Marine

3

Resources, Special Licenses Unit as a Nuisance Wildlife Control Operator, and issued License #2799.  Sibley continues to hold that Nuisance Wildlife Control Operator License to this day.

8.      In **April 2018**, Sibley obtained his N.Y. Hunter Education Certificate of Qualification.

9.      On **July 18, 2018**, Sibley filed his State of New York Pistol/Revolver License Application ("Application") with the Clerk of Steuben County. An un-executed copy of the redacted-for-privacy Application and Receipt is attached hereto as Exhibit "A".  Notably, Sibley, though not required, disclosed the make, model and serial number of the two handguns in his possession on the Application.  Sibley's Application was referred to the Defendant Licensing Officer for processing.  The Application included Sibley's fingerprints which triggered a series of background checks with the New York State Division of Criminal Justice Services, the Federal Bureau of Investigation, and the New York State Department of Mental Hygiene which, upon information and belief, all came back negative for any criminal or mental health history.

10.      Five months later, on **December 28, 2018**, Sibley was interviewed in person by Steuben County Deputy Sheriff McCoy regarding his Application.  A few days later, Deputy McCoy advised Sibley by telephone that he must either: (i) surrender his handguns to the Sheriff or a licensed firearms dealer or (ii) remove the handguns from New York pending determination of his Application.  Deputy McCoy further advised that Sibley's possession of his handguns in his residence was a crime pursuant to N.Y. Penal Law §265 *et seq*.  Accordingly, Sibley removed his handguns and cane sword from New York.

11.     On or about **March 8, 2019**, Sibley legally purchased a shotgun from a Federal Firearms Licensee in New York after passing the requisite Federal NICS background check. That shotgun remains in Sibley's possession in his home.

12.     On or about **May 16, 2019**, the Defendant Watches *ex parte* contacted Sibley's employer by telephone seeking information about Sibley's activities as a New York Nuisance Wildlife Control Operator.

13.     On **May 29, 2019** – three hundred fifteen (315) days or 10 ½ months after Sibley filed his application – the Defendant Watches sent Sibley a letter denying Sibley a Pistol/Revolver License.  In that letter, the Defendant Watches stated in pertinent part:

- That  the Defendant Watches had reviewed Sibley's application and "the investigation submitted by the Steuben County Sheriff's Department";

- "The basis for the denial results from concerns about your being sufficiently responsible to possess and care for a pistol";

- "[T]he Court is concerned that your history demonstrates that you place your own interest above the interests of society";

- "You do have the right to request a hearing with regard to the denial of your application."

A copy of the Defendant Watches's **May 29, 2019**, letter is attached hereto as Exhibit "B".

14.     On **June 14, 2019**, Sibley responded to the **May 29, 2019**, letter from the Defendant Watches stating in sum and substance:

- That he was requesting a hearing on the denial;

- Requesting copies of all written investigation reports and/or objections from any police authority or person reported to the Defendant Watches;

- Requesting the sum and substance of any orally-communicated information received by the Defendant Watches regarding Sibley's application;

- Requesting copies of any legal or educational authorities or State Administrative Procedure Act, §102(14) Guidance Documents used to process Sibley's application; and

- Advising that within thirty (30) days of receiving the above-information, Sibley would advise on the time needed to gather evidence to respond at the requested hearing.

A copy of Sibley's **June 14, 2019**, letter is attached hereto as Exhibit "C".

15. In response, on **August 15, 2019**, the Defendant Watches wrote Sibley stating:

- "Pursuant to your request I have scheduled a hearing on **July 31, 2019** at 10:30 a.m. in Courtroom C at the Steuben County Courthouse, 3 E. Pulteney Square, Bath, New York";

- "You should be prepared to proceed on that date with any evidence which you intend to present to the Court including testimony from you or any other witness concerning your application"; and

- "I have reviewed your requests for information and documents and find them to be without legal basis and therefore they are denied."

A copy of the Defendant Watches's **August 15, 2019**, letter is attached hereto as Exhibit "D".

16. On **October 25, 2019**, the Defendant Watches wrote Sibley stating: "As you know your concealed pistol permit application was denied subject to an evidentiary hearing. In preparation for your January 10, 2020 hearing, please be advised that the court will address several relevant issues" and then went on to list seven (7) areas for "discussion. A copy of the Defendant Watches's **October 25, 2019**, letter is attached hereto as Exhibit "E".

17. On **November 12, 2019**, Sibley responded to the **October 25, 2019**, letter of the Defendant Watches  In his letter, Sibley objected to the lack of requisite "Notice" and then requested the documents that had been reviewed by the Court in order to arrive at its seven (7) area for "discussion".  A copy of Sibley's **November 12, 2019**, letter is attached hereto as

Exhibit "F". To date, the Defendant Watches has <u>not</u> responded to Sibley's **November 12, 2019**, letter.

18.     On **January 10, 2020**, an evidentiary hearing was held before Defendant Watches at which: (i) the Defendant Watches refused to recuse himself and then made factual statements on the record but did not allow cross-examination of him, (ii) Sibley testified for an hour and (iii) introduced into the record 250 pages of Exhibits filed herein as D.E. #57 and which is incorporated herein by reference. Additionally, the transcript of the **January 10, 2020**, evidentiary hearing has been filed herein as D.E. #71 and which is incorporated herein by reference.

19.     On **March 9, 2020**, Defendant Watches issued his Decision <u>denying</u> to Sibley a pistol license. A copy of the **March 9, 2020**, Decision is attached hereto as Exhibit "G". In that Decision, Defendant Watches rested his <u>sole</u> reason for denying Sibley's Application that he "has failed to demonstrate his good moral character." Moreover, in the **March 9, 2020**, Decision went on to state: "Upon his readmission to the bar of New York, Mr. Sibley may submit a new application for a pistol permit."

20.     The Supreme Court of New York, Fourth Department, by its Order of **February 6, 2009,** held: "Montgomery Blair Sibley, who was admitted to practice as an attorney and counselor at law by this Court on **February 16, 1982**, be immediately suspended from practice as an attorney and counselor at law until further order of the Court, without leave to apply for reinstatement until such time as he has been reinstated to the practice of law in Florida . . .".

21.     In his 40 year legal career, Sibley has filed approximately five thousand (5,000) legal pleadings.

THIRD CLAIM
DECLARATORY RELIEF
AGAINST DEFENDANT WATCHES ONLY

22.     Sibley realleges paragraphs 1 through 21 and incorporates them herein by reference.

23.     N.Y. Penal Law §400.00(1) – Licenses to carry, possess, repair and dispose of firearms, "Eligibility" states in pertinent part: "No [firearm] license shall be issued or renewed except for an applicant: . . . (b) of good moral character . . . (n) concerning whom no good cause exists for the denial of the license."

24.     First, §400.00(1)(b)'s "good moral character" requirement is unconstitutionally vague as applied to Sibley for it failed to notify Sibley, a reasonable person, that his statistically insignificant, putatively-deemed "frivolous" litigation conduct would result in the denial of a handgun license as §400.00(1)(b) gave Sibley no opportunity to understand what particular conduct it punishes by denying a handgun licence.

25.     Unlike §400.00(1)(a), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l) & (m) – each of which provide concrete, objective guidance as to what conduct which, if present, would serve as a basis for denial of a handgun licence – §400.00(1)(b)'s "good moral character" requirement provides no such guidance as to what concrete, objective "conduct", if engaged in, would result in the denial of a handgun license.

26.     Moreover, Sibley's actual "conduct" is not detailed in Defendant Watches' **March 9, 2020**, Decision – only the summary conclusions of three courts among the hundred of courts Sibley filed pleading in for the factual basis which Sibley expressly challenged in his testimony

8

at the **January 10, 2020**, hearing to the extent he was able upon the limited, pre-hearing "notice" he had received from Defendant Watches. *See*: D.E. #71  pp. 14-34.

27.     As Justice O'Connor observed in *BE&K Constr. Co. v. NLRB*, 536 U.S. 516, 532 (2002): "We have recognized this right to petition as one of the most precious of the liberties safeguarded by the Bill of Rights, . . . Nor does the text of the First Amendment speak in terms of successful petitioning – it speaks simply of 'the right of the people ... to petition the Government for a redress of grievances.' Second, even unsuccessful but reasonably based suits advance some First Amendment interests. Like successful suits, unsuccessful suits allow the public airing of disputed facts." Sibley avers that each and everyone one of his suits in which he was baselessly deem to have filed a "frivolous" pleading cited by Defendant Watches were "reasonably based suits".

28.     Accordingly, §400.00(1)(b)'s "good moral character" requirement did <u>not</u> give Sibley notice that his First Amendment Petitioning would serve as a basis for denying to him a handgun license.

29.     <u>Second</u>, §400.00(1)(b)'s "good moral character" requirement is unconstitutionally vague as applied in respect to the context in which it was enforced against Sibley as it failed to give sufficient notice that Sibley's entirely <u>peaceful</u> First Amendment petitioning could possibly become particularize conduct which could result in the denial of a handgun license.  <u>No</u> New York Court has found that absent criminal/violent behavior or mental health issues could a handgun licence be denied.  Here, Sibley does <u>not</u> fit into any of the §400.00(1) criminal/violent behavior or mental health issue categories detailed above.

30.     There is no connection between New York's handgun licensing scheme and its purpose is to promote public safety and prevent crime and Sibley's peaceful First Amendment petitioning and hence §400.00(1)(b) does <u>not</u> provide sufficient notice to Sibley that his particularized conduct would result in the denial of a handgun license.

31.     <u>Third</u>, §400.00(1)(b) is unconstitutionally vague as that statute did <u>not</u> provide to Defendant Watches explicit standards for its application.

32.     Section 400.00(1)(b)'s "good moral character" requirement provided insufficient enforcement standards for behavior which falls outside of the narrow objective standards found in §400.00(1)(a), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l) & (m) and thus both authorized and/or even encouraged arbitrary and discriminatory enforcement by Defendant Watches.  Moreover, §400.00(1)(b) <u>fails</u> to provide explicit standards for Defendant Watches to apply.  Finally, whatever construction New York courts have placed on §400.00(1)(b): (i) they failed to address the particular enforcement of Sibley's First Amendment petitioning and Second Amendment issues as consistent with the 'core concerns' underlying §400.00(1)(b) and (ii) in all events were unauthorize *ex cathedra* legislation beyond the scope of judicial authority.

33.     Moreover, Defendant Watches finding that Sibley's statistically-meaningless putatively "frivolous" litigation and resultant bar license suspensions demonstrate a lack of good moral character was arbitrary and/or discriminatory as fully detailed by Sibley in the documentary evidence contained in D.E. #57 and Sibley's testimony contained in D.E. #71.

34.     <u>Fourth,</u> Sibley alleges a freestanding Second Amendment claim that whatever statistically-meaningless putative "frivolous" litigation conduct and resultant bar license

suspensions cannot constitutionally justify disarmament of Sibley's fundamental and core Constitutional right to self-defense with a handgun.

35.     The New York Legislature has the power to prohibit dangerous people from possessing guns.  That power extends only to people who are dangerous. Founding-era legislatures did not strip felons of the right to bear arms simply because of their status as felons. Founding-era legislatures never imposed virtue-based restrictions on the right to bear arms as Defendant Watches as done here.  The Second Amendment confers an individual right, intimately connected with the natural right of self-defense, and not limited to civic participation (i.e., militia service).

36.     New York has not included in the category of people from whom it can take-away the right to possess a handgun those who have been deemed, baselessly, to have filed a few statistically-meaningless, putatively frivolous pleadings over the course of a forty (40) year legal career.

37.     Additionally, Defendant Watches requirement that Sibley be readmitted to the New York Bar before he can apply for even an at-home handgun license is a *de facto* permanent disqualification from the exercise of his fundamental right and an unauthorized abdication of the authority granted by the New York Legislature to license handgun possession to, perversely, not only the Fourth Department of the New York Supreme Court but the State of Florida.

38.     Fifth, upon information and belief and after a reasonable opportunity for discovery of evidence solely and peculiarly within the possession of Defendant Watches, the State of New York and its political subdivisions, Sibley will establish that he was treated

differently than other similarly situated individuals thus denying to Sibey equal protection of the law.

39.     Sixth, §400.00 is unconstitutional as interpreted and applied by Defendant Watches to Sibley as it violates due process guarantees:

      i.     Defendant Watches *ex parte* received from the Steuben County Sheriff's Office a report which the Defendant Watches relied upon and has refused to disclose to Sibley;

      ii.     Defendant Watches engaged in *ex parte* communications with Sibley's employer which Defendant Watches refused to reveal to Sibley;

      iii.     Defendant Watches, though requested by Sibley, refused to disqualify himself from the Hearing even though he was a witness who testified at the Hearing;

      iv.     Defendant Watches determined Sibley's Application before receiving Sibley's factual and legal contentions in opposition and initially failed to articulate the reasons for the denial of Sibley's Application;

      v.     Defendant Watches refused to Sibley his request for subpoenas of witnesses and documents for the Hearing;

      vi.     Neither before nor at the **January 10, 2020**, evidentiary hearing was Sibley given "notice" of the particular "conduct" upon which Defendant Watches had based his **May 29, 2019**, denial of Sibley's Application.

40.     Singularly and collectively, these practices denied Sibley the process to which he was constitutionally "due".

WHEREFORE, Sibley respectfully requests that this Court:

1. Assume jurisdiction of this action;

2. Declare that:

    a.     Section 400.00(1)(b)'s "good moral character" requirement is unconstitutionally vague as applied to Sibley;

    b.     Section 400.00(1)(b)'s "good moral character" requirement is unconstitutionally vague as applied in respect to the context in which it was enforced against Sibley;

    c.  Section 400.00(1)(b)'s "good moral character" requirement is unconstitutionally vague as that statute did <u>not</u> provide to Defendant Watches explicit standards for its application;

    d.  That whatever Sibley's statistically-meaningless, putatively "frivolous" litigation conduct and resultant Bar license suspensions cannot justify disarmament of Sibley's fundamental and core Second Amendment Constitutional right to self-defense with a handgun;

    e.  Sibley was treated differently than other similarly situated individuals thus denying to Sibley equal protection of the law;

    f.  Section 400.00 is unconstitutional as interpreted and applied by Defendant Watches to Sibley as it violated due process guarantees.

3.  Retain jurisdiction of this matter to enforce this Declaratory Decree if subsequently violated; and

4.  Enter such other and further relief as the Court deems just and proper.

**ADVISORY JURY TRIAL REQUESTED**

    I declare under penalty of perjury that the foregoing is true and correct.

> **MONTGOMERY BLAIR SIBLEY**
> Plaintiff
> 189 Chemung Street
> Corning, N.Y. 14830
> (607) 301-0967
> montybsibley@gmail.com
>
> By: _____
>        MONTGOMERY BLAIR SIBLEY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing will be sent via the Court's CM/ECF filing system when docketed by the Clerk to: (i) Bernard F. Sheehan, Assistant Attorney General, NYS Office of the Attorney General, 144 Exchange Boulevard, Suite 200, Rochester, NY 14614 and (ii) David H. Fitch, Underberg & Kessler LLP, 300 Bausch & Lomb Place, Rochester, NY 14604.

By: _____

**MONTGOMERY BLAIR SIBLEY**

*INSTRUCTIONS*: Print or type in black ink only

| NYSID Number | PPB 3 (Rev. 06/17) | | County of Issue Steuben |
|---|---|---|---|
| License Number | | **STATE OF NEW YORK** | |
| Date of Issue | | **PISTOL /REVOLVER LICENSE APPLICATION** | Expiration Date |

**Last Name** S I B L E Y | | **Suffix**

**First Name** M O N T G O M E R Y | **MI** B | **Date of Birth - MM DD YYYY** | **NY Driver's License (or NY Non-Driver ID) No.**

| Gender M | Social Security | Race W | Height ft 6 in 0 | Weight 190 | Eyes BLUE | Hair GRAY | Citizen of U.S.A ☒ YES ☐ NO |
|---|---|---|---|---|---|---|---|

**Physical Address** (Street number, street name, apartment number, city, state, zip code)
189 CHEMUNG STREET, #3, CORNING, NY 14830

**Mailing Address** (if different from physical address)
SAME

| Primary Phone Number 607-301-0967 | Secondary Phone Number | Email Address MBSIBLEY@GMAIL.COM |
|---|---|---|

**Employed By** MERIDIAN BIRD REMOVAL | **Present Occupation** NUISANCE WILDLIFE CONTROL OPERATOR | **Nature of Business** NUISANCE WILDLIFE CONTROL

**Business Address** (Street number, street name, apartment number, city, state, zip code)
17 N Franklin St, Christiansburg, VA 24073

**I hereby apply for a Pistol / Revolver License to: (Check only one)** ☒ Carry Concealed ☐ * Possess on Premises ☐ * Possess / Carry During Employment

( * ) Premise Address or Employer Name and Address must be provided below:

| Employer Name (if Carry During Employment) MERIDIAN BIRD REMOVAL | Address or Other Location (Street number, street name, apartment number, city, state, zip code) 17 N Franklin St, Christiansburg, VA 24073 |
|---|---|

**A license is required for the following reasons:**
PERSONAL SAFETY AND FOR USE IN EMPLOYMENT WHEN I MUST DISPATCH WILDLIFE

**Give four character references who by their signature attest to your good moral character.**

| Last, First, MI | Street Address, (Street number, street name, apartment number, city, state, zip code) | Signature |
|---|---|---|
| Nicol, Kathleen | | |
| Schonberg, Rita | | |
| Siegel, John          607A | | |
| Solomon, Paul | | |

**Have you ever been arrested, summoned, charged or indicted anywhere for any offense, including DWI (except traffic infractions)?** ☐ YES ☐ NO
If Yes, furnish the following information:

| Arrest Date | Police Agency | Charge | Disposition Date | Disposition Court | Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

| | YES | NO |
|---|---|---|
| Are you a fugitive from justice? | ☐ | ☒ |
| Are you an unlawful user of or addicted to any controlled substance as defined in section 21 U.S.C. 802? | ☐ | ☒ |
| Are you an alien illegally or unlawfully in the United States? | ☐ | ☒ |
| Are you an alien admitted to the United States who does not qualify for the exceptions under 18 U.S.C. 922 (y)(2)? | ☐ | ☒ |
| Have you been discharged from the Armed Forces under dishonorable conditions? | ☐ | ☒ |
| Have you ever renounced your United States citizenship? | ☐ | ☒ |
| Have you ever suffered any mental illness? | ☐ | ☒ |
| Have you ever been involuntarily committed to a mental health facility? | ☐ | ☒ |
| Have you ever had a pistol / revolver license revoked? | ☐ | ☒ |
| Are you under any firearms suspension or ineligibility order issued pursuant to the provisions of section 530.14 of the criminal procedure law or section eight hundred forty-two-a of the family court act? | ☐ | ☒ |
| Have you had a guardian appointed for you pursuant to any provision of state law, based on a determination that as a result of marked subnormal intelligence, mental illness, incapacity, condition or disease you lack the mental capacity to contract or manage your own affairs? | ☐ | ☒ |
| Are you aware of any good cause for the denial of the license? | ☐ | ☒ |
| Are you prohibited from possessing firearms under federal law, including having been convicted in any court of a misdemeanor crime of domestic violence or being under indictment for a crime punishable by imprisonment for a term exceeding one year? | ☐ | ☒ |

**If the answer to any of the questions above is YES, explain here:**

Exhibit "A"

**For applicants under twenty-one years of age only:**
Have you been honorably discharged from the United States Army, Navy, Marine Corps, Air Force or Coast Guard, or the National Guard of the State of New York?   ☐ YES   ☐ NO

---

Photograph
Of Applicant
Taken Within 30 Days

——

Full Face Only

**Knowingly providing false information will be sufficient cause to deny this application and constitutes a crime punishable by fine, imprisonment, or both.  I am aware that the following conditions affect any license which may be issued to me:**

1. No license issued as a result of this application is valid in the City of New York.
2. Any license issued as a result of this application will be valid only for a pistol or revolver specifically described in the license properly issued by the licensing officer.
3. If I permanently change my address, notice of such change and my new address must be forwarded to the Superintendent of the State Police and in Nassau County and Suffolk County, to the licensing officer of that county, within 10 days of such change.
4. Any license issued as a result of this application is subject to revocation at any time by the licensing officer or any judge or justice of a court of record.

Jurat:

Signed and sworn to before me

This _____ day of _____ , 20 _____

at _____ , New York

_____   _____   _____
Signature of Applicant                Signature of Officer Administering Oath              Title of Officer

*APPLICATION NOT VALID UNLESS SWORN*

---

**Fingerprints submitted electronically by:**

Name _____   Rank _____   Organization _____

Date Submitted _____

---

**Investigation Report – All information provided by this applicant has been verified:**

Name _____   Rank _____   Organization _____

_____
Signature of Investigating Officer

---

**This application is  Approved – Disapproved (Strike out one)**      **The following restriction(s) is (are) applicable to this license:**

_____
Title and Signature of Licensing Officer

---

**If Licensing Officer authorizes the possession of a pistol, revolver or single shot firearm(s) at the time of issue of original license, furnish the following information:**

| Manufacturer | Pistol / Revolver / Single Shot | Model | Frame Only | Caliber(s) | Serial Number | Property Of |
|---|---|---|---|---|---|---|
| Ruger | Pistol | .22 cal auto pistol | ☐ | .22 | 14-62509 | Montgomery Sibley |
| Browning | Pistol | BDA .380 auto pistol | ☐ | .380 | 425PX04051 | Montgomery Sibley |
|  |  |  | ☐ |  |  |  |
|  |  |  | ☐ |  |  |  |

Duplicate of this application must be filed with the Superintendent of State Police within 10 days of issuance as required by Penal Law Section 400.00 SUBD.5.

This form is approved by Superintendent of the State Police as required by Penal Law section 400.00, SUBD. 3.

## STEUBEN COUNTY CLERK
### JUDITH M. HUNTER

*Receipt*

```
Receipt Date: 07/18/2018 09:43:11 AM
RECEIPT # 20180069770

Recording Clerk: LM
Cash Drawer: CASH5
Rec'd Frm: MONTGOMERY SIBLEY
Rec'd In Person

Misc Fees
Pistol Permit - New              $10.00
Pistol Permit Photo Fee          $10.00

Receipt Summary
TOTAL RECEIPT:  ---->            $20.00
TOTAL RECEIVED: ---->            $20.00
                                 _____
CASH BACK:      ---->             $0.00

PAYMENTS
Cash ->                          $20.00
```

3 EAST PULTENEY SQUARE, BATH, NY 14810                          Phone # (607) 664-2563



**STEUBEN COUNTY**
**COUNTY & FAMILY COURT**
**CHAMBERS**
**3 E. PULTENEY SQUARE**
**BATH NY 14810**

(607) 622-8192
Fax (607) 622-8241

Hon. Chauncey J. Watches
County and Family Court Judge

Vivian C. Strache, Esq.
Court Attorney

May 29, 2019

Mr. Montgomery Sibley
189 Chemung Street #3
Corning, NY 14830

RE:  NYS Pistol Permit Application

Dear Mr. Sibley:

Your application to obtain a pistol permit has been submitted to me for my consideration. I have reviewed your application and the investigation submitted by the Steuben County Sheriff's Department. The possession of a pistol permit license is a serious responsibility and a privilege. Therefore, the Court takes each application very seriously.

Your application for a pistol permit is denied. This decision is based upon concerns expressed in the Sheriff's investigation. The basis for the denial results from concerns about your being sufficiently responsible to possess and care for a pistol; the Court is concerned that your history demonstrates that you place your own interest above the interests of society

You do have the right to request a hearing with regard to the denial of your application. If you want a hearing you must submit a written request to the Pistol Permit Clerk within thirty (30) days of the date of this denial. The purpose of the hearing would be to allow you to testify and for you to present any other witness(es) that you believe could address the concerns mentioned in the foregoing and show that you should now be entitled to a pistol permit license. The County will also be able to present witnesses concerning the results of their investigation.

If after thirty (30) days, you fail to request a hearing, the denial will be deemed final.

Very truly yours,

Chauncey J. Watches
County Court Judge

CJW/rac

Exhibit "B"

# Montgomery Blair Sibley

189 Chemung Street
Corning, N.Y. 14830
607-301-0967
mbsibley@gmail.com

June 14, 2019


USPS Tracking #: 9590940241208092937555
Licensing Officer Chauncey J. Watches
3 E. Pulteney Square
Bath, N.Y. 14810

   Re:  *NYS Pistol Permit Application*

Greetings:

   I am in receipt of that certain letter dated May 29, 2019, from you in your capacity as a New York Consolidated Laws, Penal Law §265.00(10) Licensing Officer to me.  I have this day requested a hearing from the Steuben County Pistol Permit Clerk in regards to the denial of my Pistol Permit Application; a copy of that request is attached hereto.  Please note my new telephone number above for any telephonic communciations.

   Prior to advising you regarding my desired scheduling and duration of the above-referenced hearing, I am requesting from you copies of all written investigation reports and/or objections from any police authority or person reported to you as the §265.00(10) Licensing Officer purusant to NY CLS Penal §400.00(4).  Additionally, please identify to me any orally communicated information you received regarding my application including, without limitation: (i) the name(s) and professional capacity of the reporting individual(s), (ii) the date and time of the report(s), (iii) the sum and substance of such report(s) and (iv) copies of any notes you made regarding the oral information you recieved in this regard.  Finally, to the extent you consulted or were guided by any legal or educational authorities or State Administrative Procedure Act, §102(14) Guidance Documents or its like to process my application, please identify and provide copies of such documents.

   Within thirty (30) days of receiving this information from you, I will advise you on: (i) the time I will need to gather my evidence in response to the information you have received pursuant to NY CLS Penal § 400.00(4), (ii) the subpoenas and/or depositions I will be requesting from you pursuant to NY CLS St Admin P Act, §304(2), (iii) the number of witnesses I expect to call at the hearing, and (iv) consequently, the time I will be requesting for the hearing.

Yours,



**STEUBEN COUNTY**
**COUNTY & FAMILY COURT**
**CHAMBERS**
**3 E. PULTENEY SQUARE**
**BATH NY 14810**

(607) 622-8192
Fax (607) 622-8241

Hon. Chauncey J. Watches
County and Family Court Judge

Vivian C. Strache, Esq.
Court Attorney

June 25, 2019

Montgomery Sibley
189 Chemung Street #3
Corning, NY 14830

RE: NYS Pistol Permit Application

Dear Mr. Sibley:

I am in receipt of your letter dated June 14, 2019 concerning the denial of your application to obtain a pistol permit. Pursuant to your request I have scheduled a hearing on July 31, 2019 at 10.30 a.m. in Courtroom C at the Steuben County Courthouse, 3 E. Pulteney Square, Bath, New York. You should be prepared to proceed on that date with any evidence which you intend to present to the Court including testimony from you or any other witness concerning your application.

I have reviewed your requests for information and documents and find them to be without legal basis and therefore they are denied.

Very truly yours,

Chauncey J. Watches
Steuben County Court Judge

CJW/rac

cc: Steuben County Pistol Permit Clerk

Exhibit "D"



**STEUBEN COUNTY**
**COUNTY & FAMILY COURT**
**CHAMBERS**
**3 E. PULTENEY SQUARE**
**BATH NY 14810**

(607) 622-8192
Fax (607) 622-8241

Hon. Chauncey J. Watches
County and Family Court Judge

Vivian C. Strache, Esq.
Court Attorney

October 25, 2019

Montgomery Sibley
189 Chemung Street
Corning, New York 14830

Re:  New York State Pistol Permit Application

Dear Mr. Sibley:

As you know your concealed pistol permit application was denied subject to an evidentiary hearing.  In preparation for your January 10, 2020 hearing, please be advised that the court will address several relevant issues, including, but not limited to the following topics:

1. Discussion of your Florida civil contempt and incarceration;
2. Discussion of your history of vexatious litigation, including a list of all proceedings in which you have been sanctioned;
3. Discussion of your suspensions and other disciplinary action taken regarding your license to practice law in any and all jurisdictions and courts in which you previously practiced;
4. Discussion of your possession in New York State of two handguns and a cane sword without a valid permit;
5. Discussion of your need for a handgun in furtherance of your employment;
6. Discussion of the circumstances involving your prior pistol permits in Florida and New York;
7. Discussion of how your repeated and continuous failure to follow court orders in multiple courts and jurisdictions demonstrates good moral character.

Sincerely,

Chauncey J. Watches
Steuben County Court Judge

CJW/rac

cc:   Steuben County Attorney Office
      Steuben County Sheriff's Department
      Steuben County Pistol Permit Clerk

Exhibit "E"

# Montgomery Blair Sibley

189 Chemung Street
Corning, N.Y. 14830
607-301-0967
montybsibley@gmail.com

November 12, 2019

Licencing Officer Chauncey J. Watches
3 E. Pulteney Square
Bath, N.Y. 14810

      Re:    *Montgomery Blair Sibley NYS Pistol Permit Application*

Greetings:

I am in receipt of that certain letter dated **October 25, 2019**, from you in your capacity as a NY Penal Law §265.00(10) Licencing Officer to me. In response:

First: It is Black Letter Law that I am entitled to "Notice" which this Court has yet to provide to me in the manner which is due given the seriousness of this proceeding. In *In re Gault*, 387 U.S. 1, 33-34 (1967) the Court made this clear: "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must **set forth the alleged misconduct with particularity**. *In re Gault*, 387 U.S. 1, 33-34 (1967)(Emphasis added). *Accord*: *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974)("Part of the function of notice is to give the charged party a chance to marshal the facts in his defense and to **clarify what the charges are, in fact**.")(Emphasis added)

In that regard, adopting the numbering in your aforementioned letter:

#1:    Please provide access to or copies of whatever materials you received regarding #1 so that I might be adequately prepared to address that complicated, family court matter which stretched over the better part of a decade and spawned well over two dozen trial and appellate matters. Otherwise, this hearing will take at least one (1) additional day to allow me to present the issues of my first divorce.

#2:    Please provide access to or copies of whatever materials you received regarding #2 so that I might be adequately prepared to address the hundreds of lawsuits I have appeared as either party or counsel. Otherwise, this hearing will take at least one (1) additional day.

#3:    Please provide access to or copies of whatever materials you received regarding #3 so that I might be adequately prepared to address the fifteen (15) jurisdictions in which I have

Licencing Officer Chauncey J. Watches
November 12, 2019
Page 2

been involved in "suspensions or disciplinary actions". Otherwise, this hearing will take at least one (1) additional day.

#4:     I will be pleased to address the issues in #4 with the understanding this is <u>not</u> a "discussion" but an adjudicatory proceeding under  the N.Y. Administrative Procedures Act.  If you are conducting this hearing under some other legal or anomalous authority, please promptly advise me of the same as such a fundamental misunderstanding by me due to lack of "notice" of the nature of this proceeding raises both procedural and substantive due process considerations. In particular, N.Y. St. Admin. P. Act, §306 has a lower standard for admissible evidence then a judicial proceeding.  As such, I cannot adequately prepare for the hearing until I am given "notice" of which rules of evidence and procedure the hearing will be utilizing and the claimed authority for such rules.

#5:     I will be pleased to address the issues in #5 per #4 *supra*.

#6:     I will be pleased to address the issues in #6 per #4 *supra*.

#7:     Without conceding that "good moral character" is a proper inquiry in this proceeding for, *inter alia*, the constraints placed by law upon this proceeding by CPL § 530.14, please provide access to or copies of whatever materials you received regarding #7 so that I might be adequately prepared to address this issue. Otherwise, this hearing will take at least one (1) additional day.

<u>Second</u>: Pursuant to the Black Letter Law that a judge is incompetent to testify in a proceeding over which he or she is presiding and by the attached Second Motion to Disqualify, I am once again moving to disqualify you as I intend to call you as a witness at the **January 10, 2020**, hearing.

I look forward to your prompt reply to the foregoing.


Yours,



cc:     w/enclosures

        Steuben County Attorney Office
        Steuben County Sheriff's Department
        Steuben County Pistol Permit Clerk

STATE OF NEW YORK COUNTY COURT

COUNTY OF STEUBEN

---

In the Matter of the Pistol Permit of

                                                          **DECISION**

                                                           Index No. 2019-7PP

Montgomery Sibley,                          Pistol Permit #C35494

                Applicant.

---

Appearances:    Montgomery Sibley, Corning, New York

        Montgomery Sibley submitted a pistol permit application dated July 18, 2018 to the

Steuben County Clerk's Office. The application was forwarded to the Steuben County Sheriff's

Office for review and received by the Court May 8, 2019. The Court denied the application

May 29, 2019. The denial was based on: 1) concern about Mr. Sibley's ability to responsibly

possess and care for a pistol; and, 2) concern that Mr. Sibley's history demonstrates that he

puts his own interests above the interests of society. The Court informed Mr. Sibley that he

could request a hearing to allow him to testify and present any witnesses to address the

Court's concerns. Upon receipt of Mr. Sibley's request, the Court scheduled the hearing for

July 31, 2019. The Court received further correspondence from Mr. Sibley objecting to the July

date and requesting that the hearing be scheduled for January 10, 2020 in the morning for 90

minutes. The Court accommodated Mr. Sibley's request and the hearing was held on January

10, 2020.

        At the hearing, the Court provided Mr. Sibley the opportunity to present witnesses,

testify and introduce written evidence. Mr. Sibley chose to testify and submit a binder

consisting of 45 documents totaling 250 pages, marked and admitted as Petitioner's Exhibit 1. At the end of his testimony, Mr. Sibley indicated he had nothing further to add and the Court noted that a written decision would be issued.

Penal Law § 400 governs the issuance of pistol permits. The relevant requirement in this matter is that the applicant be "of good moral character". Penal Law § 400 1. (b). Good cause exists to deny a permit where the applicant lacks "the essential temperament or character which should be present in one entrusted with a dangerous [weapon]..., or that he or she does not possess the maturity, prudence, carefulness, good character, temperament, demeanor and judgment necessary to have a pistol permit." *Matter of Gurnett v. Bargnesi*, 147 AD3d 1319 [4th Dept. 2017] [internal quotation marks omitted].

Western civilization has long recognized that good moral character is the ideal state of a person's beliefs and values that provides the most benefit to a healthy and worthy society. Good moral character is more than having an unblemished criminal record. A person of good moral character behaves in an ethical manner and provides the Court, and ultimately society, reassurance that he can be trusted to make good decisions. Aldo Leopold said that "ethical behavior is doing the right thing when no one else is watching – even when doing the wrong thing is legal." Given the nature of the responsibility involved with the handling of a dangerous weapon, the Court must be assured of the applicant's ability to follow the law and abide by rules and regulations necessary to protect the safety of the individual and society. The Court must also have a basis to trust that the applicant's character is such that he will behave in an ethical manner where there are no written rules. The evidence presented does not provide the Court with assurance that Mr. Sibley can follow specific laws, rules and regulations let alone behave in an ethical and responsible manner necessary to be granted a pistol permit. In short, Mr. Sibley has failed to demonstrate his good moral character.

The Court first notes that Mr. Sibley has been suspended from the practice of law in the State of Florida, the District of Columbia and the State of New York as well as various federal courts. This gives the Court pause in considering Mr. Sibley's application. The Preamble to the New York Rules of Professional Conduct notes that a lawyer, as a member of the legal profession, is an officer of the legal system with special responsibility for the quality of justice. A lawyer has a duty to uphold the legal process and demonstrate respect for the legal system as well as further the public's understanding of and confidence in the rule of law and the justice system. Because Mr. Sibley has failed to maintain these duties as an officer of the legal system, the Court lacks confidence that Mr. Sibley will follow both the explicit and implicit rules inherent in the responsibility of a pistol permit holder.

Even assuming, arguendo, that Mr. Sibley has somehow rehabilitated himself from the circumstances that led to his disbarment, his testimony at the hearing belies any such notion. During his testimony, Mr. Sibley argued that although his actions as an attorney may have been vexatious and meritless they were not frivolous. This is a distinction without a difference[1] and factually incorrect. In 2006, the Florida Supreme Court held that Mr. Sibley's "frivolous and abusive filings must immediately come to an end" and found sanctions appropriate. *Sibley v. Fla. Judicial Qualifications Comm'n,* 973 So.2d 425, 427 [2006]. Even after his disbarment, Mr. Sibley has continued to pursue frivolous litigation in various courts. As recently as 2018, Mr. Sibley was sanctioned by the United States District Court for the District of Maryland for his "frivolous and vexatious litigation strategy." *CarMax Auto Superstores, Inc. v. Sibley,* 2018 U.S. Dist. LEXIS 169864, *9 [Md. October 2, 2018].

---

[1] *See also In Re Sibley,* 2010 D.C. App. LEXIS 89, **26 [2010] ["We reject the distinction that respondent seeks to draw between "meritless" claims and "frivolous" claims."]

Finally, this Court agrees with the Fourth Department's assessment of Mr. Sibley: "Respondent, by his conduct, has demonstrated his disregard and disrespect for the judiciary as well as his absence of remorse." 61 A.D.3d 85, 87 [4th Dept. 2009]. Given these circumstances, the Court is unable to find Mr. Sibley to be of good moral character.

Based on Mr. Sibley's application, the testimony presented to the Court, the evidence received and upon due deliberation, the Court confirms the denial of the pistol permit application of Montgomery Sibley. Upon his readmission to the bar of New York, Mr. Sibley may submit a new application for a pistol permit.

This constitutes the decision of the Court.

Dated: March 9, 2020

Bath, New York

ENTER:

HON. CHAUNCEY J. WATCHES
County Court Judge

# Montgomery Blair Sibley

189 Chemung Street
Corning, N.Y. 14830
607-301-0967
montybsibley@gmail.com

November 18, 2020

Office of the Clerk
2120 United States Courthouse
100 State Street
Rochester, New York 14614-1387

      Re:   *Montgomery Blair Sibley vs. Chauncey J. Watches, et al.*
            Case No.: 19-CV-6517

Greetings:

    Please find enclosed for filing Sibley's Fourth Amended Verified Complaint. Feel free to contact me at the number above with any questions or concerns.

Yours,