UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONTGOMERY BLAIR SIBLEY,

                                 Plaintiff,

                                                                  Case # 19-CV-6517-FPG

v.

                                                                  DECISION AND ORDER

CHAUNCEY J. WATCHES, solely in his
official capacity as a New York Consolidated
Laws, Penal Law 265.00 (10) Licensing Officer,

                                 Defendant.

## INTRODUCTION

*Pro se* Plaintiff Montgomery Blair Sibley brings this action under 42 U.S.C. § 1983 challenging the constitutionality of New York State's laws banning the unlicensed possession of handguns and the possession of cane swords. ECF No. 74. Two motions are currently pending before the Court: (1) Defendant Chauncey J. Watches's Motion to Dismiss Sibley's Fourth Amended Complaint, ECF No. 77; and (2) Sibley's Motion to Expedite and Request for Judicial Notice, ECF No. 80.

For the reasons set forth below, Defendant's motion to dismiss is GRANTED and Sibley's motion to expedite and for judicial notice is denied as MOOT.

## FACTUAL BACKGROUND

The following facts are taken from the Fourth Amended Complaint, unless otherwise noted. In November 2017, Sibley moved from Washington, D.C. to Corning, New York, and brought two handguns and a cane sword with him. ECF No. 74 ¶¶ 6-7. On July 18, 2018, Sibley filed a "State of New York Pistol/Revolver License Application" in Steuben County, New York. *Id.* ¶ 9. The application triggered an investigation, including a series of background checks. *Id.*

To the best of Sibley's knowledge, these investigations all came back negative for any criminal or mental health history. *Id.*

On December 28, 2018, as part of the investigation, Sibley was interviewed by a Steuben County Deputy. *Id.* ¶ 10. Following the interview, the Deputy told Sibley that he must either surrender his handguns to the Sheriff or a licensed firearms dealer or remove the handguns from New York pending the decision on his application. *Id.* Sibley removed his handguns and cane sword from New York. *Id.*

On May 29, 2019, Defendant Chauncey J. Watches, a Steuben County judge, and handgun licensing officer, sent Sibley a letter denying his application for a "Pistol/Revolver License." *Id.* ¶ 13. The denial letter stated that the basis for the denial "results from concerns about your being sufficiently responsible to possess and care for a pistol" and concerns "that your history demonstrates that you place your own interest above the interests of society." *Id.* The letter advised Sibley that he had the right to request a hearing regarding the denial. *Id.*

On June 14, 2019, Sibley requested a hearing as well as copies of written reports and/or objections regarding his application, any orally communicated information regarding his application and "Guidance Documents" used to process his application. *Id.* ¶ 14. Judge Watches responded on August 15, 2019 and advised that such requests were without legal basis and were therefore denied.[1] *Id.* ¶ 15.

On October 25, 2019, Judge Watches sent Sibley another letter advising that at the hearing the court intended to address, *inter alia*, Sibley's civil contempt and incarceration, vexatious

---

[1] Before the hearing could take place, on July 9, 2019, Sibley brought the instant action in this Court challenging Judge Watches's initial denial of the handgun license application and the constitutionality of New York's handgun licensing laws. ECF No. 1. The parties engaged in motion practice, and Sibley ultimately filed his Fourth Amended Complaint, the operative pleading. ECF No. 74.

litigation including all proceedings in which he was sanctioned, suspensions and disciplinary action regarding his license to practice law, and how his "repeated and continuous failure to follow court orders in multiple courts and jurisdictions demonstrates good moral character." *Id.* ¶ 16; *id.* at 21.[2]  Sibley responded on November 12, 2019, again requesting specific copies of materials received in regard to Judge Watches's decision.  *Id.* at 22-23.[3]  Specifically, Sibley referenced, *inter alia*, a "complicated, family court matter" which resulted in civil contempt and incarceration and fifteen jurisdictions in which he was involved in suspensions or disciplinary actions.  *Id.*

On January 10, 2020, Judge Watches held an evidentiary hearing. *Id.* ¶ 18.  On March 9, 2020 Judge Watches issued a written decision confirming his denial of Sibley's handgun license application.  *Id.* ¶ 19.  In it, Judge Watches found that Sibley had failed to demonstrate "good moral character" as required by N.Y. Penal Law § 400.00(1)(b). *Id.* ¶ 19.  His decision[4] explained, in relevant part:

> Penal Law § 400 governs the issuance of pistol permits.  The relevant requirement in this matter is that the applicant be of "good moral character".  Penal Law § 400 1. (b).  Good cause exists to deny a permit where the applicant lacks "the essential temperament or character which should be present in one entrusted with a dangerous [weapon] . . . , or that he or she does not possess the maturity, prudence, carefulness, good character, temperament, demeanor and judgment necessary to have a pistol permit." *Matter of Gurnett v. Bargnesi*, 147 AD3d 1319 [4th Dept. 2017] [internal quotation marks omitted].

> Western civilization has long recognized that good moral character is the ideal state of a person's beliefs and values that provides the most benefit to a healthy

---

[2] Judge Watches's letter was attached to the Fourth Amended Complaint and thus the Court may consider it on a motion to dismiss.  *Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020) ("[D]ocuments that are attached to the complaint or incorporated by reference are deemed part of the pleading and may be considered when ruling on a motion to dismiss." (citation and internal quotation marks omitted)).

[3] Sibley's letter was attached to the Fourth Amended Complaint and thus the Court may consider it on a motion to dismiss.  *Chamberlain*, 960 F.3d at 105.

[4] Judge Watches's decision was attached to the Fourth Amended Complaint and thus the Court may consider it on a motion to dismiss.  *Chamberlain*, 960 F.3d at 105.  It is also a proper subject of judicial notice. *Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020) (summary order).

and worthy society.  Good moral character is more than having an unblemished criminal record.  A person of good moral character behaves in an ethical manner and provides the Court, and ultimately society, reassurance that he can be trusted to make good decisions.  Aldo Leopold said that "ethical behavior is doing the right thing when no one else is watching—even when doing the wrong thing is legal." Given the nature of the responsibility involved with the handling of a dangerous weapon, the Court must be assured of the applicant's ability to follow the law and abide by the rules and regulations necessary to protect the safety of the individual and society.  The Court must also have a basis to trust that the applicant's character is such that he will behave in an ethical manner where there are no written rules. The evidence presented does not provide the Court with assurance that Mr. Sibley can follow specific laws, rules and regulations let alone behave in an ethical and responsible manner necessary to be granted a pistol permit.  In short, Mr. Sibley has failed to demonstrate his good moral character.

The Court first notes that Mr. Sibley has been suspended from the practice of law in the State of Florida, the District of Columbia and the State of New York as well as various federal courts.  This gives the Court pause in considering Mr. Sibley's application.  The Preamble to the New York Rules of Professional Conduct notes that a lawyer, as a member of the legal profession, is an officer of the legal system with special responsibility for the quality of justice.  A lawyer has a duty to uphold the legal process and demonstrate respect for the legal system as well as further the public's understanding of and confidence in the rule of law and the justice system.  Because Mr. Sibley has failed to maintain these duties as an officer of the legal system, the Court lacks confidence that Mr. Sibley will follow both the explicit and implicit rules inherent in the responsibility of a pistol permit holder.

Even assuming, arguendo, that Mr. Sibley has somehow rehabilitated himself from the circumstances that led to his disbarment, his testimony at the hearing belies any such notion.  During his testimony, Mr. Sibley argued that although his actions as an attorney may have been vexatious and meritless they were not frivolous.  This is a distinction without a difference and factually incorrect. In 2006, the Florida Supreme Court held that Mr. Sibley's "frivolous and abusive filings must immediately come to an end" and found sanctions appropriate.  *Sibley v. Fla. Judicial Qualifications Comm'n*, 973 So.2d 425, 427 [2006].  Even after his disbarment, Mr. Sibley has continued to pursue frivolous litigation in various courts.  As recently as 2018, Mr. Sibley was sanctioned by the United States District Court for the District of Maryland for his "frivolous and vexatious litigation strategy." *CarMax Auto Superstores, Inc. v. Sibley*, 2018 U.S. Dist. LEXIS 169864, *8 [Md. October 2, 2018].

Finally, this Court agrees with the Fourth Department's assessment of Mr. Sibley: "Respondent, by his conduct, has demonstrated his disregard and disrespect for the judiciary as well as his absence of remorse."  61 A.D.3d 85, 87 [4th Dept. 2009].  Given these circumstances, the Court is unable to find Mr. Sibley to be of good moral character.

> Based on Mr. Sibley's application, the testimony presented to the Court, the evidence received and upon due deliberation, the Court confirms the denial of the pistol permit application of Montgomery Sibley.  Upon his readmission to the bar of New York, Mr. Sibley may submit a new application for a pistol permit.

ECF No. 74 at 25-27 (footnote omitted).

On August 26, 2020, after filing the Third Amended Complaint in this action, Sibley filed an Article 78 proceeding in the Supreme Court of New York, Steuben County.  ECF No. 60-1 at 19-23.  On May 7, 2021, the New York Appellate Division Fourth Department issued an order finding, *inter alia*, that (1) Sibley did not lack notice of the issues to be considered at the hearing nor did Judge Watches fail to articulate the reasons for the denial of the gun application; (2) the court lacked jurisdiction to determine the constitutionality of the pistol licensing application statutes; (3) Judge Watches's determination was not arbitrary or capricious; and (4) Judge Watches did not abuse his discretion or act irrationally in denying the application on the ground that Sibley lacked good moral character, as the decision was supported by ample evidence in the record.  *See generally Sibley v. Watches*, 194 A.D.3d 1385 (N.Y. App. Div. 2021).  Leave to appeal the decision was denied.  *Sibley v. Watches*, 2021 N.Y. Slip Op. 04341, at *1 (N.Y. App. Div. 2021).

Judge Watches and previously named defendants filed motions to dismiss Plaintiff's Third Amended Complaint on July 14, 2020, ECF No. 59, and July 15, 2020, ECF No. 60.  On November 16, 2020, the Court issued a Decision and Order granting the motions to dismiss.  ECF No. 73.  Specifically, the Court dismissed without prejudice, but without leave to amend, two of Sibley's claims concerning the possession of a cane sword, and the Court dismissed with a *final chance* to amend the remaining claim concerning New York Penal Law § 400.00(1) *only* "to cure the defects" identified by the Court.  *Id.* at 28.  The Court further indicated in the Order that "[n]o new claims or parties may be added."  *Id.* at 28-29.  This Fourth Amended Complaint followed.

5

**LEGAL STANDARD**

A complaint will survive a motion to dismiss when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Id.* In considering the plausibility of a claim, the Court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation mark omitted).

**DISCUSSION**

**I.   New York's Ban on Unlicensed Handguns**

As set forth in this Court's previous Decision and Order, ECF No. 73, N.Y. Penal Law § 400.00 is "the exclusive statutory mechanism for the licensing of firearms in New York State." *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81, 85 (2d Cir. 2012). It sets forth several requirements for licensure, including that applicants are over 21 years old, have no history of crime or mental illness, and have "good moral character." N.Y. Penal Law § 400.00(1)(a)-(d), (g). The application process is administered locally and triggers a police investigation into the applicant's mental health and criminal history, moral character, and, for concealed carry licenses, representation of proper cause. *Kachalsky*, 701 F.3d at 87. This investigation includes a series of background checks whose results are reported to the local licensing officer. *Id.* "An applicant may obtain judicial review of the denial of a license in whole or in part by filing a proceeding under Article 78 of New York's Civil Practice Law and Rules. A licensing officer's decision will be upheld unless it is arbitrary and capricious." *Id.*

6

## II.     Sibley's Claims

Here, Sibley's Fourth Amended Complaint asserts two claims.  First, Sibley challenges

N.Y. Penal Law § 400.00(1)'s handgun licensing criteria subsection (b), which requires applicants

to have "good moral character."  He seeks judicial declaration that this provision, as applied to

him, is void for vagueness.[5]  *See* ECF No. 74.

## III.    Sibley's As-Applied Vagueness Challenge

As set forth in detail in this Court's prior Decision and Order, ECF No. 73, "[t]he vagueness

doctrine is a component of the right to due process."  *Farrell v. Burke*, 449 F.3d 470, 485 (2d Cir.

2006).   It addresses "concerns about (1) fair notice and (2) arbitrary and discriminatory

prosecutions."  *Skilling v. United States*, 561 U.S. 358, 412 (2010).  Thus, the vagueness doctrine

requires laws affecting life, liberty, or property interests to "be crafted with sufficient clarity to

'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited' and

to 'provide explicit standards for those who apply them.'"  *Piscottano v. Murphy*, 511 F.3d 247,

280 (2d Cir. 2007) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).

In reviewing a statute's language for vagueness, courts must look "to the words of the

ordinance itself, to the interpretations the court below has given to analogous statutes, and, perhaps

to some degree, to the interpretation of the statute given by those charged with enforcing it."

*Grayned*, 408 U.S. at 110.  For a law to be deemed unconstitutionally vague as applied to the

conduct of certain individuals, it must "fail[] to provide people of ordinary intelligence a

reasonable opportunity to understand what conduct it prohibits."  *VIP of Berlin, LLC v. Town of*

---

[5] Sibley also alleges violations of Equal Protection, Due Process, the First Amendment, and the Second Amendment.  *See generally* ECF No. 74.  The Court has previously addressed and rejected these claims, *see* ECF No. 73, and has only permitted amendments to the as-applied vagueness challenge.  It limits its analysis accordingly.

*Berlin*, 593 F.3d 179, 187 (2d Cir. 2010) (internal quotations and citation omitted).  This evaluation must be made with respect to the context in which the regulation was enforced.  *See Perez v. Hoblock*, 368 F.3d 166, 175-76 (2d Cir. 2004).  Likewise, a law may be deemed unconstitutionally vague if "the statute does not provide explicit standards for those who apply it."  *VIP of Berlin*, 593 F.3d at 191.

In this Court's prior Decision and Order, ECF No. 73, the Court found that Sibley failed to sufficiently articulate such a claim in his Third Amended Complaint.  Specifically, the Court indicated that Sibley failed to sufficiently allege that the "good moral character" requirement failed to notify reasonable people that conduct *like his* would result in a denial of a handgun, but rather, Sibley argued in conclusory terms that the good moral character standard was simply too vague to understand.  *Id.* at 16.  Likewise, the Court found that Sibley failed to sufficiently allege that the "good moral character" requirement, as interpreted and applied by New York courts, provides insufficient notice that conduct like his would result in the denial of a handgun license.  *Id.* at 17-19.

The Court also found that Sibley did not sufficiently allege that the statute failed to provide explicit standards for those who apply it for three reasons.  First, Sibley did not point to anything to suggest that Judge Watches considered Sibley's ideas or viewpoints in denying his handgun license;[6] second, Sibley failed to allege how the "good moral character" requirement provided insufficient standards under the narrow construction New York courts have placed on it; and third, Sibley failed to allege that his conduct was outside the core of the "good moral character" standard.  *Id.* at 19-21.

---

[6] In the prior Decision and Order, the Court did not identify this as a defect which Sibley could attempt to cure in his Fourth Amended Complaint.  Rather, the Court made clear that the decision of Judge Watches refuted any claim that Judge Watches engaged in viewpoint-based discrimination.  *See* ECF No. 73 at 19-20.

Sibley's Fourth Amended Complaint again falls short of establishing a sufficient as-applied vagueness challenge.

The statute which Sibley claims is vague as applied to him is New York Penal Law § 400.00(1).  The statute provides that no license to carry, possess, repair, and dispose of firearms, shall be issued or renewed except for an applicant,

> (a) twenty-one years of age or older, . . .;
> (b) of good moral character;
> (c) who has not been convicted anywhere of a felony or a serious offense or who is not the subject of an outstanding warrant of arrest issued upon the alleged commission of a felony or serious offense;
> (d) who is not a fugitive from justice;
> (e) who is not an unlawful user of or addicted to any controlled substance as defined in section 21 U.S.C. 802;
> (f) who being an alien. . . is not illegally or unlawfully in the United States. . .;
> (g) who has not been discharged from the Armed Forces under dishonorable conditions;
> (h) who, having been a citizen of the United States, has not renounced his or her citizenship;
> (i) who has stated whether he or she has ever suffered any mental illness;
> (j) who has not been involuntarily committed to a facility under the jurisdiction of an office of the department of mental hygiene. . ., or has not been civilly confined in a secure treatment facility pursuant to article ten of the mental hygiene law;
> (k) who has not had a license revoked or who is not under a suspension or ineligibility order issued pursuant to section 530.14 of the criminal procedure law or section eight hundred forty-two-a of the family court act;
> (l) . . .
> (m)who has not had a guardian appointed for him . . .;
> (n) concerning whom no good cause exists for the denial of a license.

N.Y. Penal Law § 400.00(1).  In his Fourth Amended Complaint Sibley specifically claims that subsection (b), which requires an applicant be of "good moral character" in order to be granted a gun license, is "unconstitutionally vague as applied to Sibley for it failed to notify Sibley, a

reasonable person, that his statistically insignificant, putatively-deemed 'frivolous' litigation conduct would result in the denial of a handgun license," and that it provided "no opportunity to understand what particular conduct it punishes."   ECF No. 74 ¶ 24 (emphasis omitted). Additionally, Sibley states the requirement is vague in the "context in which it was enforced" as it failed to give Sibley sufficient notice that "entirely peaceful First Amendment petitioning could possibly become particularize [sic] conduct which could result in the denial of a handgun license." *Id.* ¶ 29.  Sibley also asserts that the other subsections of New York Penal Law § 400.00(1), which provide "concrete, objective guidance as to what conduct . . . would serve as a basis for denial of a handgun licen[s]e," show the lack of "such guidance" that the good moral character standard provides.  *Id.* ¶ 25.

The relevant inquiry is "whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices."   *Rubin v. Garvin*, 544 F.3d 461, 467 (2d Cir. 2008) (internal quotation marks and citations omitted).  Such an inquiry begins with the common, ordinary meaning of statute's words.  *See generally Perrin v. United States*, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning").

The overall purpose of and context of the ordinance provides additional clarity to the relevant terms.  *See United States v. Rowland*, 826 F.3d 100, 108 (2d Cir. 2016) (in construing statutory terms the courts look at "the specific context in which that language is used, and the broader context of the statute as a whole."); *see also VIP of Berlin*, 593 F.3d at 187-89 (the court relied on the plain, dictionary meaning of the relevant terms, in conjunction with the overall

purpose of the statute, to determine whether the terms of the statute were so vague as-applied to plaintiffs that it failed to provide sufficient notice of the prohibited conduct).

Here, it is well understood that the overall purpose of New York Penal Law § 400.00(1) is to promote safety and prevent crime. *Aron v. Becker*, 48 F. Supp. 3d 347, 374 (N.D.N.Y. 2014); *see also Matter of Corbett v. City of New York*, 73 N.Y.S.3d 568, 570 (N.Y. App. Div. 2018) (explaining that the purpose of § 400.00 is to "insur[e] the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument."). The provisions surrounding the "good moral character" requirement support this overall purpose by limiting permits to those who do not, for example, have felony convictions or suffer from an addiction to a controlled substance. While it is true that the "good moral character" requirement does not contain a list of explicit conduct which courts will deem "good moral character" and conduct that is contrary to such standard, that is wholly unnecessary for a statute to remain constitutionally sufficient. New York courts have regularly interpreted this standard to generally mean the "fitness to possess a firearm." *Matter of Zedek v. Kelly*, 37 Misc. 1208(A), 2012 N.Y. Slip Op. 51936(U), at *2 (N.Y. Sup. Ct. 2012). This interpretation has been "repeatedly applied in the firearm licensing context without questioning the requirement's constitutionality." *Id.* (collecting cases).

In Sibley's case, a person of ordinary intelligence would "easily understand" that Sibley's professional misconduct and vexatious litigation bore on his overall judgment and fitness to possess a firearm. *See, e.g., Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 126 (2d Cir. 2020) (behavior such as threats to harm others or reckless conduct with a weapon while intoxicated were clear examples of lacking "good moral character" for purposes of gun licensure). As was

11

made clear in Judge Watches's decision, Sibley's history reveals an overall lack of respect for judicial orders, ethical obligations as an attorney, and disregard for the rule of law. *See* ECF No. 74 at 24-27.  Sibley acknowledged in his November 12, 2019 letter to Judge Watches that there were fifteen jurisdictions in which he was involved in suspensions and disciplinary actions by courts or state bars. *Id.* at 22-23.  This clearly demonstrates Sibley's disregard for the rule of law and his own ethical obligations as an officer of the court.  While such suspensions and disciplinary actions are not felony convictions as set forth in N.Y. Penal Law § 400.00(1)(c) and do not render Sibley a fugitive from justice as set forth in N.Y. Penal Law § 400.00(1)(d), the conduct demonstrates the same disregard for the rule of law that prevents those with criminal records and the like from obtaining a gun license.  Ordinary people would understand, in the context of the entire licensure statute as it has been applied by New York courts for the purpose of maintaining public safety, that the good moral character requirement encompasses conduct such conduct.

Furthermore, Sibley makes no attempt to provide evidence that there have been conflicting interpretations of, or inconsistent applications of, the "good moral character" standard in this context.  Courts in the Second Circuit "regularly dismiss vagueness claims that lack [additional] evidence," like allegations that the statute has been interpreted and applied in varied and conflicting ways.  *Jones v. Schneiderman*, 974 F. Supp. 2d 322, 340-41 (S.D.N.Y. 2013) (concluding, based on testimony of an enforcing official, that the rule was unconstitutionally vague because various employees interpreted the rule differently).  For example, the court in *Jones* dismissed some of the plaintiffs' claims challenging a statute as applied to them as vague, but allowed others to proceed by focusing, *inter alia*, on whether there was evidence alleged of conflicting interpretations and applications of the sections at issue.  For example, one claim asserted by the plaintiffs in *Jones* was that the term "professional" in the New York Ban on

combative sports prohibiting "any professional match or exhibition" was unconstitutionally vague. *Jones*, 974 F. Supp. 2d at 342.  In support, plaintiffs pointed the court to inconsistent interpretations and application of the term demonstrating that, at times, amateur mixed martial arts were banned and at other times it was permitted.  *Id.*  The court determined that this erratic enforcement history was sufficient to support plaintiffs' claim for an as-applied vagueness challenge.  *Id.* at 342-43.  On the other hand, the court dismissed plaintiffs' claim that the New York Ban on combative sports was unconstitutionally vague as the term "exhibition" did not put ordinary people on notice of what conduct was and was not allowed.  *Id.* at 343-44.  Specifically, the court determined that because the term "exhibition" had clear, ordinary meaning, and plaintiffs did not allege that the term was interpreted in an erratic manner or applied inconsistently, the constitutionality claim was a purely speculative as-applied challenge and was insufficiently pled.  *Id.*

For these same reasons, Sibley fails to sufficiently plead that the statute fails to "provide explicit standards for those who apply it."  *VIP of Berlin*, 593 F.3d at 191.  In determining whether a statute provides sufficient standards, courts consider:

> if either: (1) the statute as a general matter provides sufficiently clear standards to eliminate the risk of arbitrary enforcement; or (2) even in the absence of such standards, the conduct at issue falls within the core of the state's prohibition, so that the enforcement before the court was not the result of the unfettered latitude that law enforcement officers and factfinders might have in other, hypothetical applications of the statute.

*Id.* (citations, internal quotation marks, and brackets omitted).

In his Fourth Amended Complaint, Sibley does not attempt to allege any facts that licensing officers apply this standard differently in reviewing applications for gun permits.  Rather, he merely states that, contrary to the other subsections of New York Penal Law §400.00(1), which lists explicit conduct, the "good moral character" standard does not.  ECF No. 74 ¶ 32.  However,

as set forth above, the ordinary meaning of the terms, the context of the ordinance, the purpose of the ordinance, and the application of such terms by New York courts provide reasonable notice to individuals of ordinary intelligence of the term's ambit.  Sibley does not allege any facts to suggest a risk that licensing officers will nonetheless arbitrarily apply this standard.

Moreover, even in the absence of clear enforcement standards, a challenge will fail if the conduct falls within the core of the statute's prohibition.  *VIP of Berlin*, 593 F.3d at 191 (quoting *Farrell*, 449 F.3d at 494).  Sibley has not demonstrated that his conduct was outside the core of whom the "good moral character" standard seeks to exclude.  As mentioned, Sibley attempts to frame the conduct focused on by Judge Watches as his First Amendment based, "peaceful" petitions to various courts.  However, the documents in which Sibley attaches to his Fourth Amended Complaint demonstrate otherwise.  Sibley was not denied a permit on the grounds that he filed numerous "First Amendment" cases.  Sibley was denied a permit on the grounds that his conduct demonstrated he repeatedly disregarded court orders in the course of working as a litigant, he was sanctioned and disciplined by numerous jurisdictions at various periods of his career, and he did not respect the rule of law.  *See generally* ECF No. 74 at 24-27.  Sibley does not make any argument that the failure to adhere to professional responsibilities, abide by courts orders, or otherwise follow lawful rules and regulations fall beyond the core concerns underlying New York Penal Law § 400.00(1).  Indeed, such conduct seems to fall squarely within the purpose of this ordinance in ensuring the safety of the public from individuals who have shown that they lack the judgment to abide by the rules and regulations of gun ownership.  *See Corbett*, 73 N.Y.S.3d at 570.

In short, Sibley's Fourth Amended Complaint again contains no more than conclusory allegations in support of his claim that Section 400 and its "good moral character" standard are unconstitutionally vague. Without more, Sibley has not stated a claim.  The Court has provided

14

Case 6:19-cv-06517-FPG   Document 82   Filed 07/20/21   Page 15 of 15

Sibley ample opportunities to replead these claims—providing him with clear legal standards for what types of allegations were necessary in order to adequately plead each. Sibley has repeatedly demonstrated that he cannot do so. As such, Defendant's motion to dismiss is GRANTED and the Fourth Amended Complaint is DISMISSED with prejudice.

## CONCLUSION

For the reasons stated, Defendant's motion to dismiss is GRANTED and Sibley's motion to expedite and for judicial notice are denied as MOOT. Sibley will not be granted an additional chance to amend his claims to cure the defects identified herein as he has had ample opportunity to do so and has demonstrated that the facts necessary do not exist. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 20, 2021
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York