

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Montgomery Blair Sibley,

                Plaintiff,

vs.

Chauncey J. Watches, *et al.*,

                Defendants.
_____/

Case No.: 6:19-cv-06517-FPG

**SIBLEY'S MOTION TO ALTER OR AMEND THE JULY 20, 2021 DECISION AND ORDER**

Plaintiff, Montgomery Blair Sibley ("Sibley"), pursuant to FRCP 59(a)(2) & 60(b)(6) and the anomalous authority of this Court, moves to alter or amend the **July 20, 2021**, Decision and Order [D.E. #82] and for grounds in support states as follows:

I. **BACKGROUND**

On **July 20, 2021**, this Court entered its Decision and Order dismissing this matter. In that Order, this Court based its legal authority for dismissing this case as follows:

> As was made clear in Judge Watches's decision, Sibley's history reveals an overall lack of respect for judicial orders, ethical obligations as an attorney, and disregard for the rule of law . . . [Sibley's] conduct demonstrates the same disregard for the rule of law that prevents those with criminal records and the like from obtaining a gun license. Ordinary people would understand, in the context of the entire licensure statute as it has been applied by New York courts for the purpose of maintaining public safety, that the good moral character requirement encompasses such conduct.

(D.E. #82, p. 12).

1

## II.     HENRY V. COUNTY OF NASSAU, ET AL. OBLIGATES THIS COURT TO ALTER OR AMEND ITS JULY 20, 2021, DECISION AND ORDER

In *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, —F.3d—, 2020 WL 4644799 (2nd Cir. 2020), the Second Circuit has made clear that: "[a] court may grant a Rule 59(e) motion only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. See: *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2nd Cir. 2013)(quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2nd Cir. 1992)); see also *Hollander v. Members of the Bd. of Regents of the Univ. of N.Y.*, 524 F. App'x 727, 729 (2nd Cir. 2013) (summary order)."

Here that "change of controlling law" and "manifest injustice" – *Henry v. Nassau County*, No. 20-1027 (2nd Cir., **July 26, 2021**) – is profound and obligates this Court to alter or amend its **July 20, 2021**, Decision and Order by denying the Defendant's Motion to Dismiss [D.E. #77] and re-evaluating its Orders on Sibley's Motions for Preliminary Injunction [D.E.s #7, #14 & #65].

In *Henry v. Nassau County*, the daughter of Plaintiff-Appellant Lambert Henry commenced an *ex parte* proceeding against Henry in Nassau County Family Court. The Family Court issued an *ex parte* temporary order of protection against Henry that, under the policies of the Nassau County Police Department, triggered an immediate suspension of his pistol license. Members of the Nassau County Police Department subsequently arrived at Henry's residence to confiscate his pistol license. They also confiscated all firearms in Henry's possession.

2

Five months later, the temporary order of protection was dissolved and the Family Court matter was dismissed, but the County did <u>not</u> reinstate Henry's pistol license or return his firearms. The Nassau County Police Department then formally revoked Henry's pistol license and informed Henry that he is prohibited from possessing any firearms.

Henry appealed the revocation. A year and a half later, Henry was informed that his appeal was rejected based on a record of domestic incidents at his home, including allegations by his ex-wife that Henry had been violent with her; his having been the subject of other, since-dissolved orders of protection; and his failure to report to the Police Department the domestic incidents, the protective orders, and his son's diagnosis of depression and admission to a medical center, as the appeals officer understood to be required by Nassau County's Pistol License Section Handbook. Henry <u>denied</u> all allegations of domestic violence and included with his appeal affidavits from his daughter and ex-wife in support of the reinstatement of his pistol license and ability to possess firearms.

Henry – <u>identical</u> to Sibley's instant suit – filed a lawsuit against Nassau County among others. Henry asserted a claim against the defendants under 42 U.S.C. §1983, alleging that the defendants <u>violated</u> his rights under the Second Amendment to the Constitution of the United States. The district court granted the defendants' motion to dismiss, holding, *inter alia*, that Henry's claims did not lie at the core of the Second Amendment. Applying intermediate scrutiny, the district court concluded that Henry failed to state a claim for a violation of the Second Amendment because the County's actions were "substantially related to the important government interest of preventing domestic violence."

On appeal, the Second Circuit held:

> We reverse the district court's judgment, identifying error in its holding that Henry failed to state a claim for a violation of the Second Amendment. . . . But even assuming that intermediate scrutiny applies to Henry's claim, his complaint still states a claim for relief under the Second Amendment because the complaint plausibly alleges that **the County did not have "substantial evidence" that Henry is a danger to the safety of others.** *N.Y. State Rifle & Pistol Ass'n v. Cuomo* (NYSRPA), 804 F.3d 242, 264 (2d Cir. 2015) (emphasis omitted). Because these allegations, accepted as true, would mean that the County's actions were not "substantially related" to the County's "interests in public safety and crime prevention," the complaint should not have been dismissed for failure to state a claim even if intermediate scrutiny applies. (Emphasis added).

(*Henry* at p. 2-3). In detailing the basis for its reversal, the Second Circuit held:

> Henry plausibly alleges that the County relied on evidence – including the prior issuance of dissolved orders of protection against Henry, unsubstantiated allegations of abuse, and Henry's purported failure to report potential disqualifications to the police – that **had limited probative value in establishing Henry's dangerousness**. With respect to the dissolved orders of protection, such orders – even if numerous – do not necessarily provide substantial evidence that Henry poses an ongoing danger to his family. In revoking Henry's license, the County **did not explain why it found Henry's evidence and arguments responding to its concerns to be unpersuasive, and, at this stage of the litigation, it is not even clear that the County considered Henry's evidence at all.** (Emphasis added, footnote omitted).

(*Henry* at p. 18.)

Finally, the Second Circuit concluded: "Because Henry plausibly alleges that the County's decision was not based on a reliable determination that he posed a danger to others, Henry has stated a claim for a violation of the Second Amendment even if his claims are subject only to intermediate scrutiny." (*Henry* at p. 18.)

Here, the putative "disregard for the rule of law" that the Defendant Licencing Officer and this Court concluded served as a legal basis to deny to Sibley his fundamental and Second

4

Amendment right to self defense with a handgun in his home and in public <u>fails</u> to meet the Second Circuit's legal standard of **"substantial evidence"** that Sibley **"is a danger to the safety of others"** or **"posed a danger to others"**. If repeated *ex parte* orders of protection were <u>insufficient</u> to justify removing handguns from Henry, then the *ex parte* finding of "frivolousness" based upon a few of Sibley's pleadings in the hundreds of cases Sibley has handled which each involving dozens of pleadings is clearly not even close the sworn allegations which premised the Henry protective orders. Simply stated, the *ex parte* (and yet to be identified pleadings despite repeated requests for such identification by Sibley) finding of "frivolous" has "had limited probative value in establishing" "Sibley's "dangerousness".

Accordingly, this Court must recognize the Second Circuit's <u>recent</u> articulation of the standard for analyzing Sibley's claim to New York's infringement upon his fundamental and Second Amendment right to self-defense with a handgun in his home and in public and grant the relief requested herein.

### III.  CONCLUSION

WHEREFORE, Sibley respectfully requests that this Court alter or amend its **July 20, 2021**, Decision and Order by denying the Defendant's Motion to Dismiss [D.E. #77], re-evaluating its Orders on Sibley's Motions for Preliminary Injunction [D.E.s #7, #14 & #65] and granting such other and further relief as equity and justice requires.

**MONTGOMERY BLAIR SIBLEY**
Plaintiff
189 Chemung Street
Corning, N.Y. 14830
(607) 301-0967
montybsibley@gmail.com

By: _____
**MONTGOMERY BLAIR SIBLEY**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing will be sent via the Court's CM/ECF filing system when docketed by the Clerk to: (i) Gary Levine, Assistant Attorney General, NYS Office of the Attorney General, 144 Exchange Boulevard, Suite 200, Rochester, NY 14614 and (ii) David H. Fitch, Underberg & Kessler LLP, 300 Bausch & Lomb Place, Rochester, NY 14604.

By: _____
**MONTGOMERY BLAIR SIBLEY**

# Montgomery Blair Sibley

189 Chemung Street
Corning, N.Y. 14830
607-301-0967
montybsibley@gmail.com

August 2, 2021

Office of the Clerk
2120 United States Courthouse
100 State Street
Rochester, New York 14614-1387

      Re:    *Montgomery Blair Sibley vs. Chauncey J. Watches, et al.*
              Case No.: 19-CV-6517

Greetings:

      Please find enclosed for filing Sibley's Motion to Alter or Amend the July 20, 2021 Decision and Order. Feel free to contact me at the number above with any questions or concerns.

Yours,

*/s/*



U.S. POSTAGE PAID
FCM LG ENV
CORNING, NY
14830
AUG 02, 21
AMOUNT
**$1.20**
R2305M146033-15



Office of the Clerk
2120 United States Courthouse
100 State Street
Rochester, New York 14614-1387

Blair Sibley
189 Chemung Street
Corning, NY 14830