UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONTGOMERY BLAIR SIBLEY,

                        Plaintiff,

v.                                                            Case # 19-CV-6517-FPG

CHAUNCEY J. WATCHES, solely in his
official capacity as a New York Consolidated
Laws, Penal Law 265.00 (10) Licensing Officer,

                        Defendant.

**ORDER**

On August 3, 2021, Plaintiff Montgomery Blair Sibley moved this Court, pursuant to Fed R. Civ. P. 59(a)(2) and 60(b)(6), "to alter or amend the July 20, 2021, Decision and Order.". ECF No. 84 at 1. In support, Plaintiff contends that the Second Circuit's recent decision in *Henry v. Nassau County*, No. 20-1027-cv, 2021 WL 3135979 (July 26, 2021), is "profound and obligates this Court" to deny Defendant's motion to dismiss, ECF No. 77, and "re-evaluat[e]" the orders previously issued on Plaintiff's motions for preliminary injunctions. ECF No. 84 at 2 (emphases omitted). Plaintiff's argument is misplaced.

In *Henry v. Nassau County*, plaintiff brought a 42 U.S.C. § 1983 claim arguing that defendants violated his rights under the Second Amendment to the Constitution when his firearms license was revoked. *Henry*, 2021 WL 3135979, at *1-2. After applying intermediate scrutiny to plaintiff's claim, the district court concluded that plaintiff failed to state a claim for violation of the Second Amendment because his actions, including domestic disputes, were "substantially related to the important government interest of preventing domestic violence." *Id.* at *2 (quoting *Henry v. Cnty. of Nassau*, 444 F. Supp. 3d 437, 447 (E.D.N.Y. 2020)). The case was dismissed.

On appeal, the Second Circuit determined that plaintiff stated a claim for relief under the Second Amendment because "the complaint plausibly alleges that the County did not have 'substantial evidence' that Henry is a danger to the safety of others." *Id.* at *2 (citing *N.Y. State Rifle & Pistol Ass'n v. Cuomo (NYSRPA)*, 804 F.3d 242, 264 (2d Cir. 2015)). Therefore, the Court remanded the claim to the district court to determine whether strict or intermediate scrutiny applied to plaintiff's claims and whether there was in fact a reliable basis for concluding that plaintiff was not law-abiding and responsible. *Id.* at *9.

Plaintiff asserts the same error occurred here—specifically, that the "finding of 'frivolousness' based upon a few of [Plaintiff]'s pleadings in the hundreds of cases [Plaintiff] has handled" is insufficient evidence to demonstrate Plaintiff "is a danger to the safety of others" or "posed a danger to others," and therefore, the denial of a handgun license was a violation of his rights. *See* ECF No. 84 at 5. As this Court has reiterated numerous times, Plaintiff did not plead a freestanding Second Amendment claim, nor was Plaintiff provided the opportunity to do so in this Court's Decision and Orders on the motions to dismiss Plaintiff's Third or Fourth Amended Complaints. *See, e.g.*, ECF No. 73; ECF No. 82. Rather, the Decision and Order which Plaintiff seeks alteration or amendment of here, focused solely on whether Plaintiff adequately pled an as-applied vagueness challenge. Therefore, the Second Circuit's analysis in *Henry*, concerning plaintiff's Second Amendment claim, does not impact the Court's Decision and Order dismissing Plaintiff's Fourth Amended Complaint, ECF No. 82. Indeed, the standards for establishing an as-applied vagueness challenge and a Second Amendment claim are wholly distinct.

For those reasons, Plaintiff's motion to alter or amend the July 20, 2021 Decision and Order, ECF No. 84, is DENIED.

IT IS SO ORDERED.

Dated: August 5, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York