

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
ROCHESTER REGIONAL OFFICE

August 3, 2022

**By CM/ECF**

Hon. Frank P. Geraci, Jr.
United States District Court
Western District of New York
100 State Street
Rochester, New York 14614

**RE:    Sibley v. Watches**
         **Case No.: 6:19-CV-06517 (FPG)**

Dear Judge Geraci:

    I am writing on behalf of Judge Watches to respond to Mr. Sibley's "Post-Reversal/Remand Omnibus Motion," which is at Docket No. 89.

    I join Mr. Sibley's request for a conference to discuss the next steps in this action. Docket No. 89 at 1-2.   I also request that all deadlines, including any deadlines to respond to Mr. Sibley's motion (DN 89), be stayed pending the conference with the Court.

    One wrinkle is that this Court does not yet appear to have jurisdiction over this matter. As of August 3, 2022, the Second Circuit has not yet issued the Mandate transferring jurisdiction of this action back to this District Court.  See United States v. Lofton, No. 04-CR-6063, 2021 WL 4130970, at *2 (W.D.N.Y. Sept. 10, 2021) ("A district court will not regain jurisdiction until the issuance of the mandate by the clerk of the court of the appeals.").

    Once the Mandate has issued and this Court again has jurisdiction, a conference would be appropriate to discuss the issues that need to be addressed upon remand.  Such issues include whether Mr. Sibley's claims should still be dismissed for the reasons described in the Court's previous Decision and Order even in light of Bruen.

1

The Second Circuit remanded so that this Court could "consider in the first instance the impact, if any, of <u>Bruen</u> on Sibley's claims." Docket No. 99-1 at 3. The Second Circuit explicitly expressed "no view as to that issue or any other issue that may arise before the District Court as a result of this remand," including whether New York's recent gun-licensing legislation, which goes into effect on September 1, 2022, would render this case moot. Docket No. 99-1 at 4, n.1.

Indeed, the Court may determine that it is still appropriate after <u>Bruen</u> to dismiss Mr. Sibley's claims. The Second Circuit noted that Mr. Sibley's claims "concern a different provision imposing a 'good moral character' requirement on applications for both carry and at-home licenses." Docket No. 99-1 at 3. Moreover, Mr. Sibley's recent change of address filing indicates that he has moved out of Steuben County, meaning he is no longer within the jurisdiction of Judge Watches, the only remaining defendant in the case. Docket No. 88.

Thank you for your continued consideration and attention to this matter.

Very truly yours,

/s/ *Bernard F. Sheehan*

BERNARD F. SHEEHAN
Assistant Attorney General
New York State Department of Law
144 Exchange Boulevard
Rochester NY 14614
(585) 546-7430


cc:   Montgomery B. Sibley (by first class mail)
      P.O. Box 341
      Odessa, N.Y. 14869