IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Montgomery Blair Sibley,

        Plaintiff,

vs.

Chauncey J. Watches, *et al.*,

        Defendants.
_____/

Case No.: 6:19-cv-06517-FPG

NOTICE OF MOTION FOR TEMPORARY RESTRAINING ORDER ON NOTICE, DECLARATION IN SUPPORT, MEMORANDUM OF LAW, LIST OF WITNESSES AND PROPOSED ORDER

PLEASE TAKE NOTICE, that upon the accompanying Memorandum of Law and Declaration in Support of Plaintiff Montgomery Blair Sibley's Motion for Temporary Restraining Order On Notice, as soon as can be heard, Sibley will make a motion, pursuant to Fed. R. Civ. P. 65, before the Hon. District Court Judge Frank P. Geraci, Jr. at the United States District Court, Western District of New York at Rochester, New York, for an Order granting Sibley's Motion for Temporary Restraining Order On Notice. Sibley requests oral argument and will file a Reply Memorandum of Points and Authorities.

Dated: October 28, 2022

MONTGOMERY BLAIR SIBLEY
Plaintiff
P.O. Box 341
Odessa, N.Y. 14869
(607) 301-0967
montybsibley@gmail.com

By: _____
     Montgomery Blair Sibley

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Montgomery Blair Sibley,

          Plaintiff,

vs.

Chauncey J. Watches, *et al.*,

          Defendants.

_____/

Case No.: 6:19-cv-06517-FPG

SIBLEY'S MOTION FOR TEMPORARY RESTRAINING ORDER ON NOTICE, DECLARATION IN SUPPORT, MEMORANDUM OF LAW, LIST OF WITNESSES AND PROPOSED ORDER

I.    MOTION FOR TEMPORARY RESTRAINING ORDER ON NOTICE

Plaintiff, Montgomery Blair Sibley ("Sibley"), pursuant to F.R.C.P., Rule 65 and Local Rule 65, respectfully moves this Court for an Order Temporarily Restraining Defendants Kathleen Hochul, Letitia James, Steven Nigrelli and their agents, employees, and successors in office, and those acting in concert with them, from enforcing SB51001, the so-called "Concealed Carry Improvement Act" ("CCIA") as the CCIA's enactment <u>violated</u> both the New York Constitution, Article III, §14's procedural requirements of a legally-competent "message of necessity" and New York Legislative Rules.

Sibley is facing imminent and irreparable harm from the loss of his Second Amendment rights for life should he violate any provision in the CCIA. Sibley faces irreparable harm to his Second, Fifth and Fourteenth Amendment rights as he is, as set forth below, currently is being forced to apply for a pistol permit under the CCIA which was enacted upon a clearly <u>incompetent</u> and thus <u>void</u> *ab initio* "message of necessity" and in violation of Legislative rules.

2

## II. DECLARATION IN SUPPORT

Sibley, pursuant to 28 U.S.C. §1746 under penalty of perjury, states as follows:

1. On **July 1, 2022**, Defendant Hochul, in order to <u>avoid</u> the New York Constitutionally-mandated three (3) day waiting period before a bill could voted upon, putatively issued a New York Constitution, Article III, §14 <u>required</u> "message of necessity", stating *in toto* for the requisite "facts necessary" for an immediate vote on the CCIA that: "The bill is necessary to address statutory changes regarding firearms and concealed carry permits after the United State (sic) Supreme Court decision in *NYS Rifle and Pistol Association, Inc. v. Bruen*." A copy of the Message of Necessity is attached hereto as Exhibit "A".

2. On the same day, the New York Assembly and Senate took the extraordinary action of passing the CCIA by taking the following action:

    - Referred the CCIA (S51001)To Rules;
    - Ordered To Third Reading Cal.
    - Passed Senate;
    - Delivered To Assembly;
    - Referred To Codes;
    - Substituted For A41001;
    - Passed Assembly

3. Again, on **July 1, 2022**, the CCIA was delivered to and signed by Defendant Governor Hochul thereby becoming the law of New York. Notably, §26 of the CCIA made the CCIA effective sixty (60) days <u>later</u> on **September 1, 2022**, <u>belying</u> the suppositious need for dispensing with the normal three (3) day waiting period before enacting legislation in New York.

4. On **October 25, 2022**, Sibley went to the Schuyler County Clerk's Office in Watkins Glen, New York and requested an application for a "Pistol/Revolver License". Sibley was told by Schuyler County Deputy Clerk Amy LNU that in order to receive the application for

3

a "Pistol/Revolver License", he must first fill out the "Preliminary Statement of Intent to Apply for a Gun Permit" and pay Ten ($10) dollars. Sibley filled out the "Preliminary Statement of Intent to Apply for a Gun Permit" notably <u>refusing</u> to answer question #6 regarding "Name and Relationship of all adults in the household where you reside." A redacted-for-privacy copy of the "Preliminary Statement of Intent to Apply for a Gun Permit" is attached hereto as Exhibit "B".

5. Upon filling out the "Preliminary Statement of Intent to Apply for a Gun Permit" and paying the Ten ($10) dollars, Sibley was given a blank application for a "Pistol/Revolver License" and a form entitled "Procedure for Application and issuance of pistol license Permits in Schuyler County." Copies of both are attached hereto as Exhibits "C" and "D", respectively.

### III. MEMORANDUM OF LAW

#### A. SIBLEY MEETS THE PREREQUISITES FOR ENTRY OF A TEMPORARY RESTRAINING ORDER ON NOTICE

Where a party seeks a preliminary injunction to stay government action taken in the public interest pursuant to a statutory or regulatory scheme, "that party must show a likelihood of success on the merits and irreparable harm". *Jolly v. Coughlin*, 76 F.3d 468, 473 (2nd Cir. 1996)(quoting *Able v. United States*, 44 F.3d 128, 131 (2d Cir. 1995)).

#### B. NEW YORK VIOLATED NEW YORK CONSTITUTION, ARTICLE III, §14

First, Sibley has a likelihood of success on the merits on his claim that the CCIA's enactment <u>violated</u> the procedural requirements of New York Constitution, Article III, §14's so-called "message of necessity". Section 14 states in pertinent part:

> No bill shall be passed or become a law unless it shall have been printed

and upon the desks of the members, in its final form, **at least three calendar legislative days prior to its final passage**, unless the governor, or the acting governor, shall have certified, under his or her hand and the seal of the state, *the facts which in his or her opinion necessitate an immediate vote thereon*, . . . (Emphasis added).

Clearly, a review of Exhibit "A" reveals that it is totally lacking "the facts" which necessitated an "immediate vote thereon". All Defendant Governor Hochul cited was the existence of the "*United State* (**sic**) *Supreme Court decision in NYS Rifle and Pistol Association, Inc. v. Bruen.*" *A priori*, simply citing a Supreme Court decision fails to state "facts" which would strip the New York Legislature of its democratic role as a deliberative body. Indeed, forcing a vote on the complicated CCIA, which includes severe criminal sanctions[1], and thus depriving the duly elected Assembly and Senate members from consulting with their constituents, is the very opposite of what democratic norms require.

Contrast the "message of necessity" by Defendant Governor Hochul with the 'message of necessity" issued by Governor Cuomo for the SAFE act:

> Some weapons are so dangerous, and some ammunition devices so lethal, that New York State **must act without delay** to prohibit their continued sale and possession in the State in order to protect its children, first responders and citizens as soon as possible. This bill, if enacted, would do so **by immediately banning the ownership, purchase, and sale of assault weapons and large capacity ammunition feeding devices,** and eliminate them from commerce in New York State. For this reason, in addition to enacting a comprehensive package of measures that further protects the public,

---

[1]   CCIA §265.01-e: "A person is guilty of criminal possession of a firearm, rifle or shotgun in a sensitive location when such person possesses a firearm, rifle or shotgun in or upon a sensitive location… Criminal possession of a firearm, rifle or shotgun in a sensitive location is a class E felony."

immediate action by the Legislature is imperative.[2] (Emphasis added).

Plainly, Defendant Governor Hochul's "message of necessity" failed to rise to the level needed to suspend democratic deliberative processes; particularly when, unlike the SAFE Act, implementation of the CCIA was <u>delayed</u> for over sixty (60) days.

Finally, Sibley will likely succeed on the merits of his claim that on its face and as applied here, the "message of necessity" violated Article IV, §4 of the United States Constitution which states that: "[t]he United States shall guarantee to every State in this Union a Republican form of Government . . . ." The Guarantee Clause empowers <u>this</u> Court with the authority to ensure that New York's internal governance meets a minimum standard of republicanism. Here, Defendant Governor Hochul's tactic of employing the "message of necessity" when in fact <u>no</u> such "necessity exists" <u>nor</u> was detailed, is the type of anti-democratic state-level practices that this Court <u>must</u> step in to restrain.

Accordingly, as Sibley is likely to succeed on the merits of his claim that the enactment of the CCIA violated the New York Constitution Article III, §14 and/or Article IV, §4 of the United States Constitution, this Court <u>must</u> issue the requested temporary restraining order enjoining enforcement of the entire CCIA by Defendants Hocul, James and Nigrelli.

### C. NEW YORK VIOLATED SENATE RULE 9, §1 AND/OR ASSEMBLY RULE IV, §10

Second, Sibley has a likelihood of success on the merits on his claim that the CCIA's enactment violated the procedural requirements of New York Senate Rule 9, §1, which states in

---

[2] *See*: New York State Assembly, Transcript, Jan. 15, 2013, A. 2388, 236th Reg. Sess., at 6-7.

pertinent part: "No bill shall be passed pursuant to a message of necessity unless a majority of the Senators vote to approve the use of such message." Here a review of the publicly available record reveals that <u>no</u> such vote was taken.[3]

Likewise, the Assembly Rules Committee failed to vote on the "message of necessity" as required by Assembly Rule IV, §10 thus similarly rendering the passage of the CCIA void.[4] As such, the CCIA is *void ab initio*.

Accordingly, as Sibley is likely to succeed on the merits of his claim that the enactment of the CCIA violated New York Legislative Rules, this Court <u>must</u> issue the requested temporary restraining order enjoining enforcement of the entire CCIA by Defendants Hocul, James and Nigrelli.

    **D.    SIBLEY WILL SUFFER IRREPARABLE INJURY UNLESS THE INJUNCTIONS ISSUES**

There is little need to belabor the irreparable injury prong. *Accord*; *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009)(quoting *Elrod v. Burns*, 427 U.S. 347, 373, (1976) (plurality opinion))("[T]he loss of constitutional freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); 11A Wright, et al., *Federal Practice and Procedure* §2948.1 (3d ed. 2013)(HN52 "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.").

---

[3]    *See*: https://www.nysenate.gov/legislation/bills/2021/S51001

[4]    Retrieved from: https://nyassembly.gov/leg/?bn=A41001&term=&Summary=Y&Actions=Y&Votes=Y&Memo=Y&Text=Y#jump_to_Summary

Here, the Second Amendment "constitutional right" that Sibley seeks to enforce is to possess his handguns and cane sword both inside and outside his home. New York deprives him of that "right" as described aforesaid.

### E. THE PUBLIC INTEREST

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo,* 456 U. S. 305, 311–312 (1982). Here, at least two federal courts have preliminarily declared large portions of the CCIA as <u>violating</u> the U.S. Constitution.[5] Upon such a backdrop, this Court is now presented with the opportunity to completely undue that which is slowly being done by other courts. Nothing could be more in the public interest.

For the foregoing reasons, this Court <u>must</u> issue the requested temporary restraining order enjoining enforcement of the entire CCIA by Defendants Hocul, James and Nigrelli.

## IV. LOCAL RULE 65(A) STATEMENT

At the preliminary injunction hearing Sibley expects to call only himself and will testify to the allegations of fact recited in this Motion and all other pleadings filed in this matter.

---

[5] 1. *Hardaway Jr. et.al. v. Nigrelli,* Case No.: 1:2022cv00771 (W.D.N.Y. October 20, 2022)("Fed Judge Blocks Enforcement of NY State Ban On Guns In Houses of Worship") *See*: https://assets.nationbuilder.com/firearmspolicycoalition/pages/6619/attachments/original/166630 1241/Hardaway_v_Nigrelli_Order_Granting_TRO.pdf?1666301241

2. *Antonyuk v. Hochul,* Case No.: 1:22-cv-00986, (N.D.N.Y. October 6, 2022)("The court temporarily restrained New York from enforcing certain provisions of its new Concealed Carry Improvement Act pending a decision on the motion for preliminary injunction") *See*: http://www.lawandfreedom.com/wordpress/wp-content/uploads/2022/10/Antonyuk-v-Hochul-TRO.pdf

Additionally, at the preliminary hearing, Sibley will seek to introduce as documents the various exhibits attached to the pleadings in this matter.

## CONCLUSION

WHEREFORE, Sibley respectfully requests that this Court enter an Order Temporarily Restraining Defendants Kathleen Hochul, Letitia James, Steven Nigrelli and their agents, employees, and successors in office, and those acting in concert with them, from enforcing SB51001, the so-called "Concealed Carry Improvement Act" ("CCIA") for the reasons aforesaid.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on October 28, 2022

**MONTGOMERY BLAIR SIBLEY**
Plaintiff
P.O. Box 341
Odessa, N.Y. 14869
(607) 301-0967
montybsibley@gmail.com

By: _____
Montgomery Blair Sibley

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing will be sent via the Court's CM/ECF filing system when docketed by the Clerk to Bernard F. Sheehan, Counsel for Defendant Watches, NYS Attorney General's Office, Department of Law, 144 Exchange Boulevard, Rochester, NY 14614.

Additionally, I HEREBY CERTIFY that on October 28, 2022, I emailed a copy of the foregoing with exhibits, as follows:

1. The Honorable Kathy Hochul, Governor of New York State, NYS State Capitol Building, Albany, NY 12224 Phone: 518-474-8390, c/o James M. Thompson, Special Counsel for Second Amendment Litigation, james.thompson@ag.ny.gov and Michael McCartin, Assistant Attorney General michael.mccartin@ag.ny.gov.  Note that The Defendant the Honorable Kathy Hochul was served with the Fifth Amended Complaint on October 18, 2022 by process server, the affidavit of service being filed contemporaneously with the Motion.

2. Steven Nigrelli, Acting Superintendent NYS Police, nyspmail@troopers.ny.gov, 1220 Washington Ave., Building 22, Albany, NY 12226, Phone: 518-783-3211. Note that Defendant Steven Nigrelli has yet to be served but the process is out for service.

None of the emails was returned as undeliverable or otherwise bounced back.

_____
Montgomery Blair Sibley

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Montgomery Blair Sibley,

        Plaintiff,

vs.

Chauncey J. Watches, *et al*,

        Defendants.

_____/

Case No.: 6:19-cv-06517-FPG

**PROPOSED ORDER ON SIBLEY'S MOTION FOR TEMPORARY RESTRAINING ORDER ON NOTICE**

THIS MATTER came before the Court upon Sibley's Motion for Temporary Restraining Order On Notice. The Court has considered theMotion for Temporary Restraining Order On Notice and the pleadings and evidence in response. Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law in support of granting the Motion for Temporary Restraining Order On Notice:

1. Plaintiff has demonstrated a substantial likelihood of success on the merits with regard to Defendants Kathleen Hochul, Letitia James, Steven Nigrelli from enforcing the CCIA as the CCIA's enactment violated New York Constitution, Article III, §14's requirement of the so-called "message of necessity" and New York Legislative Rules; and, after consideration of the record evidence, the Court finds that the harm to Sibley outweighs the insubstantial harm to the State of New York. Accordingly, the Court hereby Restrains Defendants Kathleen Hochul, Letitia James, Steven Nigrelli and their agents, employees, and successors in office, and those acting in concert with them, from enforcing SB51001, the so-called "Concealed Carry Improvement Act"; and

11

THEREFORE, it is ORDERED, ADJUDGED AND DECREED that Defendants Kathleen Hochul, Letitia James, Steven Nigrelli and their agents, employees, and successors in office, and those acting in concert with them are restrained from enforcing SB51001, the so-called "Concealed Carry Improvement Act"

DONE AND ORDERED in Chambers, Rochester, New York, this ____ day of _____, 2022

By: _____
United States District Judge

Copies to:

Montgomery Blair Sibley
Counsel of Record



STATE OF NEW YORK
EXECUTIVE CHAMBER
ALBANY 12224

TO THE ASSEMBLY:

Pursuant to the provisions of Section 14 of Article III of the Constitution, and by virtue of the authority conferred upon me, I do hereby certify to the necessity of the immediate vote on Senate Bill Number 51001 / Assembly Bill Number 41001, entitled:

"AN ACT to amend the penal law, the general business law, the executive law, the civil practice law and rules and the state finance law, in relation to licensing and other provisions relating to firearms"

The facts necessitating an immediate vote on Senate Bill Number 51002 / Assembly Bill Number 41002 are as follows:

The bill is necessary to address statutory changes regarding firearms and concealed carry permits after the United State Supreme Court decision in *NYS Rifle and Pistol Association, Inc. v. Bruen*. As the Legislature is convened in Extraordinary Session, and because the bill has not been on your desks in final form for three calendar legislative days, the Speaker of the Assembly has requested this message to permit the immediate consideration of this bill.

G I V E N under my hand and the Privy Seal of the State at the Capitol in the City of Albany this first day of July in the year two thousand twenty-two.



*Kathy Hochul*

BY THE GOVERNOR

*[signature]*
Counsel to the Governor

Exhibit "A"

## PRELIMINARY STATEMENT OF INTENT TO APPLY FOR GUN PERMIT
(Bring to County Clerk's Office)

I desire to apply for application to be granted a gun permit pursuant to Article 400 of the Penal Law.

PLEASE PRINT:

1. Name and address __Montgomery Blair Sibley__
   ~~[redacted]~~

2. County of Residence __Schuyler__

3. Date of Birth __[redacted]__

4. Home/Cell Phone Number __607-301-0967__

5. Work Phone Number __none__

6. Name and Relationship of all adults in household where you reside:
   __refusal__

7. Do you presently own or possess any unregistered handguns? __no__

   If so, give circumstances under which they were acquired. ____

DATED: __10/25/22__

Signature of Applicant

NOTE: This statement must be accompanied by a $10.00 license fee. If License is not issued, request for refund must be made within two years from date above.

Exhibit "B"

# PROCEDURE FOR APPLICATION AND ISSUANCE OF PISTOL LICENSE PERMITS IN SCHUYLER COUNTY

1. Applicant must be at least 21 years of age and be a Schuyler County resident.

2. Applicant will be furnished with the application form in duplicate and shall complete **BOTH** using an ink pen or typewriter. **ALL DATA MUST BE PRINTED OR TYPED**.

3. Four-character references are required. References should be persons associated with applicant for a period sufficient enough to enable him/her to certify as to the applicant's character and fitness.
   - References must be a resident of Schuyler County,
   - Not a public official (one elected or appointed to office).
   - They cannot be an employee of the County Clerk's office.
   - They cannot be a Deputy of the Schuyler County Sheriff's Dept.
   - They must be over 21years of age.
   - They cannot be a relative (**relatives include in-laws**).
   - Only one reference per household allowed and applicant cannot use anyone from the applicant's household.

   **EACH REFERENCE MUST FIRST PRINT NAME AND <u>MAILING</u> ADDRESS AND THEN SIGN THE APPLICATION IN THE DESIGNATED PLACES.**

4. Applicant will need (4) four photos, 2" by 2", taken within 30 days. Cannot use regular Polaroid camera. The Schuyler County Clerk's office has a camera and will take pictures at a fee of $10.00. Pictures are needed at the time the application is turned in.

5. Upon completion of both application forms, the applicant shall bring same to the office of the Schuyler County Clerk. The Schuyler County Clerk's Office will advise the applicant on the process required to get fingerprints done.

   **NOTE: DO NOT HAVE FINGERPRINTS TAKEN BY ANY OTHER AGENCY.**

6. Applicant is required to take a **Pistol Permit Safety Training Course** before permit will be issued. Any safety course must comply with New York Executive Law §§ 837(23)(a) and 235(1) given by a Duly Authorized Instructor as defined in New York Penal Law § 265.00(19), who provide instruction for the concealed carry firearms safety training required by New York Penal Law § 400.00(19).

Exhibit "C"

PPB-3 (Rev 08/22)

Complete the form in its entirety. Fields that are not fillable must be hand written/signed.

# State of New York
## Pistol/Revolver License Application
## Semi-Automatic Rifle License Application

**THIS SECTION TO BE COMPLETED BY LICENSING OFFICE**

| NYSID # | License # | County of Issue |
|---|---|---|
|  |  |  |

| Date of Issue | Expiration Date | |
|---|---|---|
|  |  |  |

*In accordance with the Federal Privacy Act of 1974, you are hereby notified that your Social Security Number is not mandated by law. It is required by the Pistol Permit Bureau as part of the standard for recording Firearms. Failure to disclose your Social Security Number will prohibit your transaction from being recorded. The State Police will release your Social Security Number only for reasons required by law or with your written consent.*

## Personal Information

| Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|

| Street Name (Physical Address) | Apt # | City | State | Zip |
|---|---|---|---|---|

| Mailing Address (If Different than Physical) | Apt # | City | State | Zip |
|---|---|---|---|---|

| Sex: | DOB: | Height: ft in | Weight: | Hair: | Eyes: |
|---|---|---|---|---|---|

| Social Security Number: | Race: | NY Driver's License # (or Non-Driver ID) |
|---|---|---|

| Citizen of U.S. | Primary Phone # | Secondary Phone # | Email Address |
|---|---|---|---|

| Employed By | Current Occupation | Nature of Business |
|---|---|---|

| Business Address | Apt # | City | State | Zip |
|---|---|---|---|---|

I hereby apply for a Pistol/Revolver License to: (Check only one)  ☐ Carry Concealed   ☐ *Possess on Premises   ☐ *Possess/Carry During Employment

(*) Premise Address or Employer Name and Address must be provided below:

| Employer Name (If Carry During Employment) | Address or Other Location (Street #, Street Name, Apartment Number, City, State, Zip Code) |
|---|---|

I hereby apply for a Semi-Automatic Rifle License: (Check Yes or No)  ☐ Yes   ☐ No

Give four character references who by their signature attest to your good moral character:

| Last, First, MI | Street Address (Street #, Name, Apartment #, City, State, Zip Code) | Signature |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |



Exhibit "P"

PPB-3 (Rev 08/22)                                                    New York State Police

# State of New York
## Pistol/Revolver License Application
## Semi-Automatic Rifle License Application

## Marital Status and Relationships - *THIS SECTION ONLY APPLIES TO CARRY CONCEALED*

### CURRENT MARRIAGE OR RELATIONSHIP

What is the Applicant's current relationship status?

If applicable, provide the requested information regarding the Applicant's <u>current</u> relationship below.

| Last Name | First Name | M.I. | Maiden Name (If Applicable) | DOB |
|---|---|---|---|---|
|  |  |  |  |  |

| Phone Number |  |
|---|---|
|  |  |

Do minors reside within the residence?  ☐ Yes   ☐ No         If, yes:  ☐ Part Time   ☐ Full Time

### ADULTS RESIDING IN HOME, INCLUDING ADULT CHILDREN

| Last Name | First Name | M.I. | Maiden Name (If Applicable) | DOB |
|---|---|---|---|---|
|  |  |  |  |  |

| Phone Number |  |
|---|---|
|  |  |

| Last Name | First Name | M.I. | Maiden Name (If Applicable) | DOB |
|---|---|---|---|---|
|  |  |  |  |  |

| Phone Number |  |
|---|---|
|  |  |

| Last Name | First Name | M.I. | Maiden Name (If Applicable) | DOB |
|---|---|---|---|---|
|  |  |  |  |  |

| Phone Number |  |
|---|---|
|  |  |

## Social Media Accounts - *THIS SECTION ONLY APPLIES TO CARRY CONCEALED*

### LIST FORMER AND CURRENT SOCIAL MEDIA ACCOUNTS FOR THE PAST THREE YEARS

|  |
|---|
|  |
|  |
|  |

PPB-3 (Rev 08/22)                                                                                     New York State Police

# State of New York
## Pistol/Revolver License Application
## Semi-Automatic Rifle License Application

Have you ever been arrested, summoned, charged or indicted anywhere for any offense, including sealed arrests DWI (except traffic infractions)? Sealed arrests must be included. *Refer to Executive Law §296(16)

☐ Yes   ☐ No   If yes, furnish the following information:

| Arrest Date | Police Agency | Charge | Disposition Date | Disposition Court | Disposition |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Are you a fugitive from justice?

Are you an unlawful user of or addicted to any controlled substance as defined in section 21 U.S.C. 802?

Are you an alien illegally or unlawfully in the United States?

Are you an alien admitted to the United States who does not qualify for the exceptions under 18 U.S.C. 922 (y)(2)?

Have you been discharged from the Armed Forces under dishonorable conditions?

Have you ever renounced your United States citizenship?

Have you ever suffered any mental illness?

Have you ever been involuntarily committed to a mental health facility?

Have you ever had a pistol / revolver / semi-automatic rifle license revoked?

Are you under any firearms suspension or ineligibility order issued pursuant to the provisions of section 530.14 of the criminal procedure law or section eight hundred forty-two-a of the family court act?

Have you had a guardian appointed for you pursuant to any provision of state law, based on a determination that as a result of marked subnormal intelligence, mental illness, incapacity, condition or disease you lack the mental capacity to contract or manage your own affairs?

Have you been convicted of Assault 3rd, Misdemeanor DWI, or Menacing 3rd within the previous five years?
*THIS QUESTION ONLY APPLIES TO CARRY CONCEALED

Are you prohibited from possessing firearms under federal law, including having been convicted in any court of a misdemeanor crime of domestic violence or being under indictment for a crime punishable by imprisonment for a term exceeding one year?

If the answer to any of the questions above is YES, explain here:

*For applicants under twenty-one years of age only:*

Have you been honorably discharged from the United States Army, Navy, Marine Corps, Air Force or Coast Guard, or the National Guard of the State of New York?

PPB-3 (Rev 08/22)            New York State Police

# State of New York
## Pistol/Revolver License Application
## Semi-Automatic Rifle License Application

**Photograph Of Applicant Taken Within 30 Days**

**Full Face Only**

Knowingly providing false information will be sufficient cause to deny this application and constitutes a crime punishable by fine, imprisonment, or both. I am aware that the following conditions affect any license which may be issued to me:

1. No license issued as a result of this application is valid in the City of New York.
2. Any pistol/revolver license issued as a result of this application will be valid only for a pistol or revolver specifically described in the license properly issued by the licensing officer.
3. If I permanently change my address, notice of such change and my new address must be forwarded to the Superintendent of the State Police and in Nassau County and Suffolk County, to the licensing officer of that county, within 10 days of such change.
4. Any license issued as a result of this application is subject to revocation at any time by the licensing officer or any judge or justice of a court of record.

Jurat:
Signed and sworn to me before

This _____ day of _____, 20 _____

at _____, New York

_____  _____  _____
Signature of Applicant        Signature of Officer Administering Oath        Title of Officer

***APPLICATION NOT VALID UNLESS SWORN***

**Fingerprints submitted electronically by:**

Name _____  Rank _____  Organization _____

Date Submitted _____

**Investigation Report – All information provided by this applicant has been verified:**

Name _____  Rank _____  Organization _____

_____
Signature of Investigating Officer

This application is [ ] Approved [ ] Disapproved     The following restriction(s) is (are) applicable to this license:

_____
Title and Signature of Licensing Officer

**If Licensing Officer authorizes the possession of a pistol, revolver or single shot firearm(s) at the time of issue of original license, furnish the following information:**
***List handguns only, do not list semi-automatic rifles.***

| Manufacturer | Pistol/Revolver/ Single Shot | Model | Frame Only | Caliber(s) | Serial Number | Property of |
|---|---|---|---|---|---|---|
| | | | [ ] | | | |
| | | | [ ] | | | |
| | | | [ ] | | | |
| | | | [ ] | | | |

**Duplicate of this application must be filed with the Superintendent of State Police within 10 days of issuance as required by Penal Law Section 400.00 SUBD.5.**

This form is approved by Superintendent of the State Police as required by Penal Law section 400.00, SUBD. 3.