

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
ROCHESTER REGIONAL OFFICE

November 16, 2022

**By CM/ECF**

Hon. Frank P. Geraci, Jr.
United States District Court
Western District of New York
100 State Street
Rochester, New York 14614

**RE:** **Sibley v. Watches, Case No.: 6:19-CV-06517 (FPG)**
**Objection to New Arguments in Reply Memorandum**

Dear Judge Geraci:

    The served Defendants object to Mr. Sibley's reply memorandum because it raises new arguments that were not in his initial moving papers. In his reply, Mr. Sibley changes the substantive basis of his motion, for which he must show a likelihood of success on the merits.

    In his initial moving papers, Mr. Sibley moved for a temporary restraining order based on alleged violations of "both the New York Constitution, Article III, § 14's procedural requirements of a legally-competent 'message of necessity' and New York Legislative Rules." Docket No. 106 at 2. These alleged violations were the only grounds raised in the motion. See Docket No. 106 at 4-7. Mr. Sibley's proposed order likewise only seeks a declaration that "the CCIA's Enactment violated New York Constitution, Article III, § 14's requirement of the so-called 'message of necessity' and New York Legislative Rules." Id. at 11.

    In his reply memorandum, however, Mr. Sibley argues for the first time that the motion is based instead an alleged violation of his Second Amendment rights. Mr. Sibley argues that this alleged Second Amendment violation, by way of 42 U.S.C. § 1983, allows his motion to avoid the Eleventh Amendment bar and the application of Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 120–21 (1984). Docket No. 113 at 1-3. But Mr. Sibley failed to show

1

in any way a likelihood of success on the merits of this alleged violation. And, more to the point for this objection, Mr. Sibley did not base his motion on this alleged Second Amendment violation in his initial papers.

Consequently, the served Defendants request that the Court disregard Mr. Sibley's arguments on pages 1 to 3 of his reply memorandum. See Coeur, Inc. v. Wygal, No. 6:20-CV-06473 EAW, 2021 WL 4225657, at *8 (W.D.N.Y. Sept. 16, 2021) (Court did not consider argument that was not raised in opening brief) (citing Stoeckley v. Cty. of Nassau, No. CV15514 LDW AKT, 2015 WL 8484431, at *1 (E.D.N.Y. Dec. 9, 2015) ("[I]t is the law of the Second Circuit that courts are not to consider arguments raised for the first time in a reply.")).

Mr. Sibley is correct that the citation for the quote on page 9 of the served Defendants' memorandum was incomplete, though the quote was not fabricated. See Docket No. 113 at 6. The sentence should have read:

> "Like other state officials and employees, the Governor may assert the protection of the Speech or Debate Clause on behalf of legislators, to the extent that he provides messages of necessity at the request of the Majority Leader or the Speaker." Urban Justice Ctr. v. Pataki, 10 Misc. 3d 939, 949, 810 N.Y.S.2d 826 (Sup. Ct. 2005), aff'd as modified, 38 A.D.3d 20, 828 N.Y.S.2d 12 (1st Dept. 2006) (citing Campaign for Fiscal Equity v. State of New York, 179 Misc. 2d 907 (Sup. Ct. 1999), aff'd 265 A.D.2d 277 (1st Dept. 1999)).

I apologize for the incomplete citation. Thank you for your continued consideration and attention to this matter.

Very truly yours,

/s/ *Bernard F. Sheehan*
BERNARD F. SHEEHAN
Assistant Attorney General
New York State Department of Law
144 Exchange Boulevard
Rochester NY 14614
(585) 546-7430

cc:   Montgomery B. Sibley (by first class mail)
      P.O. Box 341
      Odessa, N.Y. 14869