UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONTGOMERY BLAIR SIBLEY,

                                                          Plaintiff,

                                                                                                                    Case # 19-CV-6517-FPG

v.

                                                                                                                    DECISION AND ORDER

CHAUNCEY J. WATCHES, *et al.*,

                                                          Defendants.

*Pro se* Plaintiff Montgomery Blair Sibley has filed a motion for a temporary restraining order under Federal Rule of Civil Procedure 65, requesting that the Court temporarily enjoin Defendants Kathleen Hochul, Letitia James, and Steven Nigrelli from enforcing the Concealed Carry Improvement Act ("CCIA"). ECF No. 106; *see also* 2022 N.Y. Sess. Laws Ch. 371 (S. 51001). Defendants oppose the motion, ECF No. 111, and Plaintiff has filed his reply. ECF No. 113. For the reasons that follow, Plaintiff's motion is DENIED.

"In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction." *Antonyuk v. Hochul*, No. 22-CV-986, 2022 WL 5239895, at *3 (N.D.N.Y. Oct. 6, 2022). "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (internal quotation marks omitted). Because Plaintiff's grounds for relief lack merit, the Court need only address the second prong.

Plaintiff argues that the CCIA is unenforceable because (1) the certificate of necessity that Governor Hochul issued with respect to the CCIA was insufficient to comply with Article III, § 14 of the New York Constitution; (2) the New York Senate failed to approve of the certificate of necessity, as required by Senate Rule 9, § 1; (3) the New York Assembly Rules Committee failed to vote on the certificate of necessity, as required by Assembly Rule IV, § 10; and (4) enactment of the CCIA in violation of state law constituted a violation of the "Guarantee Clause" of the United States Constitution.[1] ECF No. 106 at 2, 4-7.

The Eleventh Amendment bars Plaintiff from obtaining injunctive relief on his first, second, and third arguments, because those arguments are premised on alleged violations of state law. Plaintiff is seeking relief against Hochul, James, and Nigrelli solely in their official capacities. *See* ECF No. 100 at 4; ECF No. 101 at 1. A suit against state officials in their official capacities is treated as "a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "The Eleventh Amendment provides that '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *Long Island Pure Water Ltd. v. Cuomo*, 375 F. Supp. 3d 209, 215 (E.D.N.Y. 2019) (quoting U.S. Const. amend. XI). Notwithstanding the plain language of the amendment, the Supreme Court has "long held" that the Eleventh Amendment even bars suits "against a state by one of its own citizens," as is the case here. *Id.*; *see also* ECF No. 113 at 1 (affirming that Plaintiff is a citizen of New York).

---

[1] In his reply brief, Plaintiff states in passing that the CCIA has deprived him of his Second Amendment rights. *See* ECF No. 113 at 1-2. Plaintiff did not raise a Second Amendment claim in connection with his original motion for a temporary restraining order. *See* ECF No. 106. The Court declines to consider this argument, which is both undeveloped in the present briefing, *see United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), and raised for the first time in the reply brief. *See N.Y.S. Vegetable Growers Ass'n, Inc. v. Cuomo*, 474 F. Supp. 3d 572, 583 (W.D.N.Y. 2020). Plaintiff is free to further develop his Second Amendment claims in connection with his pending motion for a preliminary injunction. *See* ECF No. 96.

The Supreme Court has identified several exceptions to a state's immunity to suit under the Eleventh Amendment. *See Long Island*, 375 F. Supp. 3d at 215. Plaintiff relies on the exception set forth in *Ex parte Young*, 209 U.S. 123 (1908), which permits "prospective injunctive relief against individuals being sued in their official capacities in order to correct an ongoing violation of federal law." *Id.* at 216 (internal quotation marks and ellipsis omitted); *see also* ECF No. 113 at 2.

*Ex parte Young* does not provide a vehicle for Plaintiff's first three arguments, since they arise from alleged violations of *state* law, not *federal* law. It is well-established that *Ex parte Young* is "inapplicable in a suit against state officials on the basis of state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Gingras v. Think Finance, Inc.*, 922 F.3d 112, 122 (2d Cir. 2019) ("[I]n *Pennhurst*, the Supreme Court declined to extend the *Ex parte Young* rationale to suits seeking to hold state officials accountable for violations of that state's laws."). Therefore, to the extent Plaintiff seeks prospective injunctive relief against Defendants in their official capacities for violations of the New York Constitution, Senate Rule 9, § 1, or Assembly Rule IV, § 10, "those claims are [] barred by the Eleventh Amendment under the *Pennhurst* doctrine." *Vega v. Semple*, 963 F.3d 259, 284 (2d Cir. 2020).

That leaves only Plaintiff's claim under the Federal Constitution's "Guarantee Clause." Article IV, Section 4 of the United States Constitution provides that "[t]he United States shall guarantee to every State in this Union a Republican Form of Government." Plaintiff asserts that the predicate violations of state law in the enactment of the CCIA amount to a violation of the Guarantee Clause. *See* ECF No. 106 at 6 ("The Guarantee Clause empowers this Court to ensure that New York's internal governance meets the minimum standard of republicanism."). The Court is not in a position to resolve this issue.

"The U.S. Supreme Court and other courts have typically found that 'guarantee clause' challenges to state action involve non-justiciable political questions." *Lewis v. Cuomo*, 575 F. Supp. 3d 386, 397 (W.D.N.Y. 2021); *see also, e.g.*, *Rucho v. Common Cause*, 139 S. Ct. 2484, 2506 (2019) ("This Court has several times concluded . . . that the Guarantee Clause does not provide the basis for a justiciable claim."). Whether the governor and state legislature discharged their respective responsibilities for bypassing the three-day waiting period—as required under state law—are matters for the governor and legislature, not the courts. *Cf. Maybee v. State*, 4 N.Y.3d 415, 420 (2005). Such issues do not present a "real threat[] to a republican form of government" that might implicate the Guarantee Clause. *Largess v. Supreme Judicial Ct. for the State of Massachusetts*, 373 F.3d 219, 227 (1st Cir. 2004); *see also id.* at 229 (suggesting that the Guarantee Clause would only apply "in unusual and extreme cases, such as the establishment of a monarchy by a state in place of a republican form of government"); *accord Lewis*, 575 F. Supp. 3d at 398 (dismissing Guarantee Clause claims related to New York's COVID-19 "lockdown" because they raised "a non-justiciable political question, namely, whether the New York State Legislature had the authority to delegate emergency powers to [the governor]").

Because Plaintiff's present arguments lack merit, the Court declines to order a temporary restraining order, and Plaintiff's motion (ECF No. 106) is DENIED.

IT IS SO ORDERED.

Dated:  November 21, 2022
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York