IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Montgomery Blair Sibley,

                Plaintiff,

vs.

Chauncey J. Watches, *et al.*,

                Defendants.
_____/

Case No.: 6:19-cv-06517-FPG

SIBLEY'S REQUEST FOR JUDICIAL NOTICE AND TO VACATE STAY

Plaintiff, Montgomery Blair Sibley ("Sibley"), files this, his Request for Judicial Notice and to Vacate Stay and states as follows:

1. Sibley requests that this Court take notice of the recent decision in *Srour v. New York City, New York et al* (1:22-cv-00003, October 24, 2023, D.E. #43) from the Southern District of New York, in which Judge Cronan held in pertinent part:

> In 2018, Joseph Srour applied to the New York City Police Department ("NYPD") License Division for a permit to possess rifles and shotguns in his home, and the following year he applied for a license to possess handguns in his home. Both applications were denied in 2019, with the License Division's Appeals Unit citing Sections 3-03 and 5-10 of Title 38 of the Rules of the City of New York ("RCNY"), and specifically pointing to Srour's prior arrests, bad driving history, and supposedly false statements on the applications as the reasons for denial. Since then, both Sections 3-03 and 5-10 have been amended.
>
> Srour brings this action against New York City and Edward A. Caban1 in his official capacity as the Commissioner of the NYPD and therefore the City's firearms licensing official, challenging those denials. Srour contends that the pre-amendment versions of Sections 3-03 and 5-10, as well as other related provisions of the New York City Administrative Code, run afoul of the Second Amendment. While Srour originally alleged that these provisions are unconstitutional both facially and as applied to him, Srour since has abandoned his

1

as-applied challenges and now argues only that the provisions are facially invalid under the Second Amendment. Before the Court is Srour's motion for summary judgment, which seeks, among other relief, a declaration of the unconstitutionality of these provisions and a permanent injunction preventing Defendants from enforcing them.

Under the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), this Court considers, first, whether the conduct at issue is covered by the text of the Second Amendment, and if so, second, whether the challenged New York City regulations are "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. For reasons that follow, the Court finds that the conduct at issue—the possession of firearms for lawful purposes—plainly falls within the text of the Second Amendment. Indeed, the Second Amendment safeguards "the right of the people to keep and bear Arms." *U.S. Const. amend. II*. Thus, a presumption of constitutional protection is triggered. Further, Defendants have failed to show that the broad discretion afforded to licensing officials under subsections (a)(2) and (a)(9) of New York City Administrative Code Section 10-303, which imposes the permit requirement for rifles and shotguns, and the pre-amendment versions of Sections 3-03 and 5-10 of Title 38 of the RCNY, is consistent with the history and tradition of firearm regulation in this country. **Each of these provisions allows for the denial of a firearm permit upon a City official's determination of the applicant's lack of "good moral character" or upon the official's finding of "other good cause"—broad and unrestrained discretionary standards which Defendants have not shown to have any historical underpinning in our country. And because that unconstitutional exercise of discretion occurs every time a licensing official applies or has applied these provisions, <u>they each are facially unconstitutional.</u>**

**For the reasons more fully discussed below, the Court grants Srour's motion for declaratory and injunctive relief with respect to subsections (a)(2) and (a)(9) of New York City Administrative Code Section 10-303. The Court also grants summary judgment in Srour's favor on his challenges to the prior versions of Sections 3-03 and 5-10 of Title 38 of the RCNY. (Emphasis added, footnote omitted).**

2

These are the same issues Sibley has repeatedly raised to this Court for the only reason Sibley's pistol application was denied was upon the **facially unconstitutional** standard of Section 400.00(1)(b)'s "good moral character" requirement which is plainly unconstitutional.

Indeed, given the recent random mass shooting in Maine, Sibley's desire for a carry concealed weapon permit has more justification than ever. For this Court to sit on its hand and <u>deny</u> to Sibley that fundamental right to self-defense in public any longer erases any semblance of respect for the rule of law this Court is designed to embody.

WHEREFORE, Sibley once again prays that this Court vacate its Orders delaying this matter and immediately resolve Sibley's pending Motions for Preliminary Injunctions.

> MONTGOMERY BLAIR SIBLEY
> Plaintiff
> P.O. Box 341
> Odessa, N.Y. 14869
> (607) 301-0967
> montybsibley@gmail.com
>
> By: _____/s/_____
> Montgomery Blair Sibley

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing will be sent via the Court's CM/ECF filing system when docketed by the Clerk to Bernard F. Sheehan, Counsel for all Defendants, NYS Attorney General's Office, Department of Law, 144 Exchange Boulevard, Rochester, NY 14614.

By: _____/s/_____
Montgomery Blair Sibley

Montgomery Sibley
P.O. Box 341
Odessa, NY 14869



ROCHESTER NY 144

30 OCT 2023 PM 1 L

Office of the Clerk
2120 United States Courthouse
100 State Street
Rochester, New York 14614-1387



14614-131745