

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
**ATTORNEY GENERAL**

**DIVISION OF REGIONAL OFFICES**
**ROCHESTER REGIONAL OFFICE**

December 8, 2023

Hon. Frank P. Geraci, Jr.
U.S. District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

      Re:    *Montgomery Blair Sibley v. Watches* (19-CV-6517)

Dear Judge Geraci:

In accordance with the Court's November 17, 2023, Text Order (ECF No. 151), please accept this letter as Defendants' status report notifying this Court that the Second Circuit has decided Plaintiffs' appeal of the Court's decision in *Antonyuk*. A copy of the decision is attached hereto as Exhibit "A."

The Second Circuit affirmed the Norther District's decision denying Plaintiffs preliminary injunctive relief. Defendants wish to bring to this Court's attention some notable holdings from the decision:

1) The Second Circuit held that because Plaintiffs only challenged this Court's conclusion that Governor Hochul and Attorney General James are entitled to sovereign immunity in their reply, those arguments were forfeited. See, Exhibit "A" at 10.

2) While the Second Circuit did find that Plaintiffs had standing to bring a derivative Second Amendment claim, Plaintiffs failed to show that they would suffer the type of burden required for their derivative claim to succeed. Citing Teixeria v. County of Alameda, 873 F.3d 670 (9th Cir. 2017), the Second Circuit held that Plaintiffs have not shown that the subject statutes are so restrictive that it threatens a citizen's right to acquire firearms. Id. at 17. In fact, the Second Circuit held that there is "even less evidence here than in Teixeira that New York citizens will be meaningfully constrained—or for that matter, constrained at all—in acquiring firearms and ammunition." Id. at 18.

Specifically, "there is no evidence that [the challenged regulations] will impose such burdensome requirements on firearms dealers that they restrict protections conferred by the Second Amendment." Id. at 18-19. Accordingly, the Second Circuit held that

this Court did not exceed its discretion in denying Plaintiffs' motion for preliminary injunctive relief on their derivative Second Amendment claim. Id. at 20.

3) This Court did not err in rejecting Plaintiffs' theories of preemption and in fact, the Second Circuit held that Plaintiffs' preemption theories lack merit. The Second Circuit found that Plaintiffs field preemption argument completely ignored that Congress had expressly disclaimed field preemption in 18 U.S.C. §927, and that Plaintiffs failed to satisfy their burden to establish conflict preemption for New York General Business Law §§875-b and 875-f, New York Executive Law §228 and New York Penal Law §400.02. Id. at 22-30.

4) This Court appropriately rejected Plaintiffs' self-incrimination claims because Plaintiffs failed to show their predicate claim that New York law conflicts with federal law. Id. at 30, fn. 8.

5) This Court held that Plaintiffs lacked Article III standing as individuals to challenge New York law under the Second Amendment. Specifically, this Court held that Plaintiffs lack standing to challenge the new provisions requiring them to obtain a license to possess semiautomatic rifles, N.Y. Pen. L. §400.00(2); undergo background checks to purchase ammunition, N.Y. Pen. L. §400.02(2); and undergo firearms training to renew their concealed-carry licenses, N.Y. Pen. L. §400.00(1)(o)(iii). The Second Circuit agreed. Id. at 31-35.

Respectfully,

s/ *Matthew D. Brown*
Matthew D. Brown
Assistant Attorney General
Matthew.brown@ag.ny.gov
(585) 327-3257

Encl.

cc:     Montgomery Blair Sibley