UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONTGOMERY BLAIR SIBLEY,

          Plaintiff,

                     Case # 19-CV-6517-FPG

v.

                     DECISION AND ORDER

CHAUNCEY J. WATCHES, *et al.*,

          Defendants.

   In September 2022, upon remand from the Second Circuit, Plaintiff Montgomery Blair Sibley filed a motion for a preliminary injunction and a fifth amended complaint. ECF Nos. 96, 100. As is relevant here, he sued Defendants Chauncey J. Watches (a Steuben County Court Judge); Erin M. Peradotto, John V. Centra, John M. Curran, Brian F. DeJoseph (Justices on the New York Supreme Court, Appellate Division, Fourth Department); and Janet DiFiore, Jenny Rivera, Michael J. Garcia, Anthony Cannataro, Madeline Singas, and Shirley Troutman (Judges on the New York Court of Appeals).[1] ECF No. 100 at 3-4. Defendants move to dismiss the fifth amended complaint. ECF No. 161. For the reasons that follow, Defendants' motion to dismiss is GRANTED, and Plaintiff's motion for a preliminary injunction is DENIED AS MOOT.

   A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw

---

[1] Plaintiff's fifth amended complaint references other defendants, but he has withdrawn those claims. *See* ECF No. 166 at 1 n.1.

all reasonable inferences in the plaintiff's favor.  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness."  *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

The following facts are taken from the fifth amended complaint, unless otherwise noted.  In November 2017, Plaintiff moved from the District of Columbia to Corning, New York.  ECF No. 100 at 5.  In July 2018, Plaintiff filed an application for a concealed-carry pistol license with the Steuben County Clerk.  *Id.* at 5-6, 29.  In December 2018, "Steuben County Deputy Sheriff McCoy" interviewed Plaintiff.  *Id.* at 6.

In May 2019, Judge Watches sent a letter to Plaintiff in which he notified Plaintiff that his application had been denied.  *Id.* at 7, 32.  Judge Watches wrote:

> Your application for a pistol permit is denied.  This decision is based upon concerns expressed in the Sheriff's investigation.  The basis for the denial results from concerns about your being sufficiently responsible to possess and care for a pistol; the Court is concerned that your history demonstrates that you place your own interest above the interests of society[.]

*Id.* at 32.  The letter notified Plaintiff that he had the right to request a hearing to challenge the denial of his application.  *Id.*

Plaintiff requested a hearing.  On June 14, 2019, Plaintiff sent Judge Watches a letter in which he requested "all written investigation reports," all "orally communicated information [] received regarding [the] application," and any "legal or educational" guidance on which he had relied to deny Plaintiff's application.  ECF No. 100 at 33.  On June 25, 2019, Judge Watches denied Plaintiff's requests.  *Id.* at 34.  On July 9, 2019, Plaintiff filed the present action against Judge Watches, challenging the initial denial on a number of grounds.  ECF No. 1.  This action and the state proceedings would thereafter proceed in tandem.

On October 25, 2019, Judge Watches sent another letter to Plaintiff, notifying him of the date of his hearing and of "several relevant issues" that would be addressed:

1. Discussion of your Florida civil contempt and incarceration;
2. Discussion of your history of vexatious litigation, including a list of all proceedings in which you have been sanctioned;
3. Discussion of your suspensions and other disciplinary action taken regarding your license to practice law in any and all jurisdictions and courts in which you previously practiced;
4. Discussion of your possession in New York State of two handguns and a cane sword without a valid permit;
5. Discussion of your need for a handgun in furtherance of your employment;
6. Discussion of the circumstances involving your prior pistol permits in Florida and New York;
7. Discussion of how your repeated and continuous failure to follow court orders in multiple courts and jurisdictions demonstrates good moral character.

ECF No. 100 at 35. On November 12, 2019, Plaintiff responded with several requests for additional information. *Id.* at 36-37.

The hearing was held before Judge Watches on January 10, 2020. On March 9, 2020, Judge Watches issued a decision affirming his prior denial of Plaintiff's application. He noted that under New York Penal Law § 400(1)(b), an application could only be approved if the applicant was "of good moral character." *Id.* at 39. He observed that "[a] person of good moral character behaves in an ethical manner and provides [society] . . . reassurance that he can be trusted to make good decisions." *Id.* The applicant must be able to "abide by rules and regulations necessary to protect the safety of the individual and society" and "behave in an ethical manner where there are no written rules." *Id.* Judge Watches concluded that Plaintiff failed to meet this standard, largely based on Plaintiff's history of frivolous and vexatious litigation, which had led to various sanctions by state and federal courts, including his suspension from the practice of law. *See id.* at 39-40. Judge Watches also found that Plaintiff had not demonstrated remorse for, or even entirely desisted from, such improper litigation conduct. Watches inferred from Plaintiff's failure to abide by his

"duties as an officer of the legal system" that Plaintiff would be unable to follow the "explicit and implicit rules inherent in the responsibility of a pistol permit holder." *Id.* at 40.

Plaintiff filed an Article 78 proceeding to challenge the decision. In May 2021, the Appellate Division, Fourth Department, affirmed the denial of Plaintiff's pistol application. *See Sibley v. Watches*, 148 N.Y.S.3d 574 (4th Dep't 2021). As is relevant here, the Appellate Division agreed that Plaintiff's "history of pursuing vexatious and frivolous litigation," lack of remorse, and failure to "comprehend the nature of his conduct in court" supported the finding that Plaintiff "lacked good moral character." *Sibley*, 148 N.Y.S.3d at 579. In his fifth amended complaint, Plaintiff criticizes the Appellate Division's decision because it allegedly failed to address some of the issues he raised. *See* ECF No. 100 at 9.

Plaintiff moved for leave to appeal with the New York Court of Appeals, which it denied on the basis that "no *substantial* constitutional question is directly involved." *Sibley v. Watches*, 37 N.Y.3d 1131 (2021) (emphasis added). Plaintiff believes this rationale was erroneous because the relevant jurisdictional rule does not require that a constitutional question be "substantial" in order to permit the appeal. *See* N.Y. C.P.L.R. § 5601(b)(1) ("An appeal may be taken to the court of appeals as of right . . . from an order of the appellate division which finally determines an action where there is directly involved the construction of the constitution of the state or of the United States."); *see also* ECF No. 100 at 11, 25-26.

With respect to the present action, the Court dismissed Plaintiff's fourth amended complaint in July 2021. ECF No. 82 at 15. Because Plaintiff had been given "ample opportunity" to cure the defects in his pleadings, the Court declined to grant Plaintiff further leave to amend. *Id.* Judgment was entered against Plaintiff and the Clerk of Court closed the case. *Id.* Plaintiff appealed the judgment to the Second Circuit. ECF No. 86.

4

In June 2022, the Supreme Court issued its decision in the important Second Amendment case of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). In July 2022, the New York legislature responded by enacting the Concealed Carry Improvement Act ("CCIA"), which amended New York's firearms regulations in several respects. *See* 2022 N.Y. Sess. Laws Ch. 371 (S. 51001).

In connection with Plaintiff's appeal in this matter, the Second Circuit vacated the judgment and remanded the case so that this Court could consider the impact of the *Bruen* decision. The Court directed Plaintiff to file a fifth amended complaint, which would "ensure that all of the parties have a clear sense of the claims that Plaintiff believes should be revisited in light of *Bruen*." ECF No. 93 at 2. Plaintiff filed a fifth amended complaint, ECF No. 100, as well as a motion for a preliminary injunction. ECF No. 96.

In his fifth amended complaint, Plaintiff raises seven claims, four of which may be resolved without extended discussion. Plaintiff's second claim, alleging due-process violations against Judge Watches, is dismissed with prejudice for the reasons set forth in the Court's prior order. *Sibley v. Watches*, 460 F. Supp. 3d 302, 320 (W.D.N.Y. 2020). Plaintiff's third, fourth, and fifth claims have been abandoned and are therefore dismissed with prejudice. *See* ECF No. 166 at 1 n.1.

That leaves Plaintiff's first, sixth, and seventh claims. In his first claim, Plaintiff alleges that Judge Watches violated his Second Amendment rights by relying on the pre-CCIA "good moral character requirement" to deny him a concealed-carry permit. *See* ECF No. 100 at 15. Pursuant to 42 U.S.C. § 1983, Plaintiff sues Judge Watches in his official capacity, seeking a declaratory judgment that the "good moral character requirement was unconstitutional as applied

to [him]." *Id.* at 1 (internal quotation marks omitted).  Plaintiff also requests an injunction ordering Judge Watches to issue him a pistol license. *Id.* at 16.

In his sixth and seventh claims, Plaintiff challenges the manner in which the justices and judges adjudicated his Article 78 proceedings.  He sues these judicial officers in their individual and official capacities pursuant to Section 1983, seeking declaratory judgments, injunctive relief, and damages.  *See id.* at 4-5.  In his sixth claim against the Appellate Division justices, Plaintiff seeks a declaration that the justices "violated [his] Constitutional rights by refusing to decide the issues brought before them," *id.* at 2, and an injunction prohibiting them from "refusing to address legal issues brought before them." *Id.* at 24.  In the seventh claim against the judges of the Court of Appeals, Plaintiff requests a declaration that they "violated [his] Constitutional rights by improperly limiting the scope of their subject matter jurisdiction," *id.* at 2, and an injunction of similar effect. *Id.* at 26.

In their motion to dismiss, Defendants argue, *inter alia*, that the first, sixth, and seventh claims must be dismissed because Plaintiff is barred from obtaining any of the requested relief. *See* ECF No. 162 at 19-28.  The Court agrees.

Plaintiff cannot obtain the requested declaratory relief against Defendants, whether in their official or individual capacities.  With respect to any official-capacity relief, "[t]he Eleventh Amendment bars federal courts from issuing retrospective declaratory relief against state officials for past violations of federal law." *Szymonik v. Connecticut*, 807 F. App'x 97, 101 (2d Cir. 2020) (summary order).  The declaratory relief that Plaintiff requests—in effect, that Defendants erred in several respects in the prior state proceedings—is retrospective and, therefore, barred. *See Treistman v. McGinty*, 804 F. App'x 98, 99 (2d Cir. 2020) (summary order) (noting that "a declaration dealing with court proceedings that have already occurred would be retrospective").

6

As for individual-capacity declaratory relief, Plaintiff only challenges actions taken in Defendants' judicial capacity,[2] for which they are entitled to absolute immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Where, as here, a "public official" is shielded by absolute immunity, "purely retrospective declaratory relief is inappropriate." *Franza v. Stanford*, No. 18-CV-10892, 2019 WL 6729258, at *9 (S.D.N.Y. Dec. 11, 2019); *accord Treistman*, 804 F. App'x at 99 ("[J]udicial immunity bars any claim for retrospective declaratory relief.").

Neither can Plaintiff obtain the requested injunctive relief. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Hahn v. New York*, 825 F. App'x 53, 54-55 (2d Cir. 2020) (summary order) (claim for injunctive relief against New York Supreme Court justice barred by Section 1983). Plaintiff does not allege that any declaratory decree was violated. Although he suggests that declaratory relief was unavailable because Defendants "conducted their judicial business" in an unconstitutional or improper manner, ECF No. 166 at 22, that does not constitute "unavailability" for purposes of the statute. The relevant question is whether "there is a remedy for review or a right to appeal," even if "a plaintiff is unsuccessful in [his] pursuit of it." *Point Conversions, LLC v. Lopane*, No. 20-CV-61549, 2021 WL 328533, at *12 (S.D. Fla. Jan. 8, 2021). Plaintiff does not allege that declaratory relief was unavailable in this sense. As a result, Section 1983 bars his requests for injunctive relief.

Finally, because the justices on the Appellate Division and the judges on the Court of Appeals are entitled to absolute immunity, Plaintiff cannot recovery money damages in connection

---

[2] Contrary to Plaintiff's argument, ECF No. 166 at 15, Judge Watches acted in a judicial capacity when he denied Plaintiff's pistol application. *See Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 145 (2d Cir. 2020), *abrogated on other grounds by Bruen*, 597 U.S. at 19 & n.4.

with his sixth and seventh claims.  *See Caroselli v. Curci*, 371 F. App'x 199, 202 (2d Cir. 2010) (summary order).

In sum, Plaintiff cannot obtain any of the relief he requests in connection with his first, sixth, and seventh claims.  Therefore, those claims must be dismissed.

Because the claims in the fifth amended complaint are either meritless or abandoned, Defendants' motion to dismiss (ECF No. 161) is GRANTED.  Given the ample opportunities that Plaintiff has had to amend his complaint, the Court declines to grant leave to amend.  Plaintiff's fifth amended complaint is DISMISSED WITH PREJUDICE.  Plaintiff's motion for a preliminary injunction (ECF No. 96) is DENIED AS MOOT.  The Clerk of Court is directed to enter judgment against Plaintiff and close the case.

IT IS SO ORDERED.

Dated: March 18, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

8